IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ELISEO RIVERA CORTES, ET ALS
    Plaintiffs

v.

AIRPORT CATERING SERVICES
    Defendant

CIVIL NO. 98-2092 (GG)

**MINUTES OF PROCEEDINGS**

The parties met with the Court on June 13, 2002, for a Status Conference. Plaintiffs were represented by Juan Zaldudndo Viera, Esq. Co-defendant Airport Catering Services Corp. ("ACS") was represented by Fernando Baerga Ibañez, Esq. The conference started at 2:30 p.m. and concluded at 3:30 p.m.

    The parties presented to the court their version of the facts. They argued the effect of the Union's dismissal from the case. The defendants claim that the plaintiffs, by seeking the voluntary dismissal of the Union, accepted that there was no real deception and that their consent to sign the settlement agreement was valid. The plaintiffs oppose stating that both claims against the employer still stand, even though they desisted of the claims against the Union. As to the issue of the employer's failure to obtain the Secretary of Labor's signature in the settlement contracts, the plaintiffs argued that it was a condition required by the employer and agreed by the parties. That it's purpose was to obtain the release of all possible claims by the employees. Thus, that it was a sine qua non requirement for the validity of the entire contract. In addition,




**CIVIL NO. 98-2092 (GG)**                                                                 2

they state that the Secretary's approval of the contract was for the protection of the employees to assure they would obtain the best settlement possible. The defendant opposed stating that said condition was not necessary for the validity of the contract. Furthermore, it was only a condition for payment and payment was long ago complied with.

The plaintiffs admitted that by August 26, 1997, time when they filed the charges before the National Labor Relations Board (NLRB) and the Puerto Rico Labor Relations Board (PRLRB), they had already become aware of the fact that the settlement contract was not signed by the Secretary of Labor. The defendant informed about the recent agreement reached between the Union and the employer regarding the date from which back pay must be computed.

The parties agreed to submit to the court the record before the NLRB and the PRLRB and to answer any pending interrogatories.

San Juan, Puerto Rico, this 19th day of June, 2002.

FRANCES RIOS DE MORAN, CLERK

By: SULMA LOPEZ DEFILLO
    Courtroom Deputy Clerk