Commonwealth of Puerto Rico
LABOR RELATIONS BOARD OF PUERTO RICO
P.O. Box 14427
Bo. Obrero Sta., Santurce, P.R. 00919-4427

IN THE CASE OF:

UNION INDEPENDIENTE DE TRABAJADORES
DE AEROPUERTOS (U.I.T.A.)

AND

ELISEO RIVERA CORTES, GLORIA M.
PILLOT ET AL

CASE NO. CA 97-91

## NOTICE OF DISMISSAL OF CHARGE

Pursuant to Article II, section 1, Clause (e) of Regulation No. 2 of the Labor Relations Board of Puerto Rico, the president of the same issues this Notice of Dismissal of Charge.

On August 26, 1997, complainants Eliseo Rivera, Gloria H. Pillot Et Al filed a charge against the above captioned Union. In the same it was attributed with violating Article 8, Section 2, Clause (a) of the Labor Relations Act, consisting in that:

"On and since May 7, 1997[1] and thereafter the above captioned employer has refused to honor award A-

---

[1] The charge was amended for the first time on September 23, 1997.

CERTIFIED To be a true and correct translation from its original
AIDA TORRES, CERTIFIED INTERPRETER
ADMINISTRATIVE OFFICE OF THE UNITED STATES COURT.
11-30-04

EXHIBIT
b

2657 regarding mass dismissal which determined reinstatement and back pay to the complainants herein."

In agreement with Article II, Section 1, Clause (c) of the Regulations of the Labor Relations Board of Puerto Rico, an investigation was ordered and conduction of the allegations contained in the charge, which has been duly considered.

Pursuant to the facts, the complainant employees were employees of Airport Catering Services. They formed part of the claim which culminated on June 16, 1994, when an award was issued ordering the reemployment of the employees dismissed and the unearned pay.

The Company requested the judicial review of the award[2] before the U.S. District Court for the District of Puerto Rico, which was confirmed through the corresponding judgment. This being the case, and not being in agreement, the employer requested the review before the Court of Appeals for the First Circuit. On May 7, 1997 said Court of Appeals confirmed the judgment appealed.

Being the case subjudice before the courts, the parties started to discuss the method to comply with the award. Most

---

[2]Civil Case No. 94-1979 (S.C.)

CERTIFIED To be a true and correct translation from its original.
AIDA TORRES, CERTIFIED INTERPRETER
ADMINISTRATIVE OFFICE OF THE UNITED STATES COURT.
11-30-04

of the complainants herein reached an agreement with the employer ending the controversy.

In its disposing portion, the agreement signed, entitled "Transaction and Release Agreement" provided the following interalia:

"In consideration of the payment of the amount of $ _____ Mr./Mrs. _____ voluntarily resign their employment effective _____, 199__, and expressly waives the remedy which was issued in arbitration Award No. A-2657 and A-1840-94, consisting in their reinstatement to employment with retroactive pay.

Mr./Mrs. _____ also expressly waive any claim, present or future, related directly or indirectly to the cessation of employment of Mr./Mrs. _____ or which may arise from the employment relationship that ceased on _____, it being provided that Mr./Mrs. _____ waives, without being limited to, any claim which he/she may have or may have had in the past, known or not, alleged or not alleged, or which may be filed in the future in any other judicial or administrative with regard to: violation of any provision of the collective bargaining agreement; loss of income; any claim for salaries and/or benefits of any kind under the collective bargaining agreement, federal and state laws such as W.A.R.N., C.O.B.R.A., including damages of any kind, and/or mental anguish, A.D.E.A.; Title VII of the Civil Rights Act; Law 100; Law 69; Law 45; A.D.A., E.R.I.S.A.; Insurance Code, N.L.R.B., Civil Code, Constitution of CWPR or U.S.A., etc.

The Company will pay Mr./Mrs. _____ the total amount of _____ at the time this Agreement becomes final and binding, that is on the EIGHTH

CERTIFIED To be a true and correct translation from its original. [signature]
AIDA TORRES, CERTIFIED INTERPRETER
ADMINISTRATIVE OFFICE OF THE UNITED STATES COURT.
11-30-04

3

(8th) day of its signature, subject to Union dues and/or any other applicable deduction, if any, as indemnization for damages, which Mr./Mrs. _____ have suffered or may suffer in the future as a result of the controversy subject to the arbitration award that is referenced in the second WHEREAS of this Agreement. As an additional consideration for the payment of the sum indicated above, within seven (7) days following the date of the signing of this Agreement, the Union on its part must have removed Mr./Mr. _____ with prejudice as a complainant in case A-2657 and A-1840-94, to which Mr./Mrs. _____ freely consent.

It will also be a condition of payment of the amount described in paragraph 2 of this Agreement, that the Secretary of Labor of Puerto Rico, or his authorized representative, have approved this agreement, including his signature at the end of this Agreement and Release.

The parties recognize that this Agreement of Transaction and Release has been freely and voluntarily executed with full knowledge of its legal consequences, and that Mr./Mrs. _____ has had the benefit of consulting with their Union and their legal representative, before reaching the agreement herein detailed and signing this agreement. Mr./Mrs. _____ and the Union recognize that the amount of money paid is in agreement with the one required in the Award issued in arbitration cases A-2657 and A-1840-94.

Mr./Mrs. _____ recognize that they have had more than twenty one (21) days to seek legal advice and that they have had reasonable and sufficient time to study the same. Mr./Mrs. _____ state that this document full incorporates the agreements between the parties and that he/she has examined it carefully and after considering the same, it is his/her desire to sign the same today. He/she also knows that he/she has seven (7) days to

CERTIFIED To be a true and correct trans-lation from its original [signature]
AIDA TORRES, CERTIFIED INTERPRETER
ADMINISTRATIVE OFFICE OF THE UNITED STATES COURT.
11-30-04

4

revoke their consent to the agreement herein agreed, as of the date of their signature, which revocation must be notified in writing, within said seven (7) days.

If any provision of this document is declared null by a court with jurisdiction the other provisions of the document will continue in effect as if the portion declared null had not formed part of the same."

The transaction is defined as a Contract wherefore a litigation is avoided or ended. Furthermore it establishes a subjectively uncertain juridical relationship consisting of a conflict of assumptions. García v. The Commonwealth Ins. Co., 118 D.P.R. 380 (1987(, Civil Code Art. 1709 (31 L.P.R.A. Sec. 4821).

When interpreting a transaction agreement it supposes by definition that the parties have doubts regarding the validity or judicial correction of the respective presumptions which give rise to the controversy and which they have agreed to resolve by making mutual concessions after a negotiation process. Sucn. Román v. Shelga Corp. 111 D.P.R. 782 (1981).

The transaction agreement has the effect of res judicata. Article 1715 (31 L.P.R.A. Sec. 4827).

5

CERTIFIED To be a true and correct translation from its original.
AIDA TORRES, CERTIFIED INTERPRETER
ADMINISTRATIVE OFFICE OF THE UNITED STATES COURT.
11-30-04

6

Article 1217 of the Civil Code, 31 L.P.R.A. Sec. 3404, states that a consent provided by error, violence, intimidation or deceit will, in turn, be null.

It is our opinion that none of the causes mentioned above exists that will annul the stipulation since the complainants appeared before a Notary Public and were granted a term in which they could set the same aside.

In turn there exists an average between one (1) year and a year and a half (1-1/2) year, in other cases almost two (2) years from the date in which the aforementioned stipulations were signed and the case is presented before this forum.

As to the duty of fair representation, let us examine the case of <u>Carnes v. United Parcel Service</u>, 148 L.R.R.H. 2795 (8th Cir. 1995), the Federal Court of Appeals for the Eighth Circuit states:

"The Supreme Court in <u>Vaca v. Sipes</u>, 386 U.S. 171 (64 L.R.R.H. 2369) (1967), defined the duty of fair representation as follows:

(A) Union (has) a statutary (sic) duty fairly to represent all... employees, both in its collective bargaining... and in its enforcement of the resulting collective bargaining agreement.. Under this doctrine, the exclusive agent's statutary (sic) authority to represent all members of a designated unit includes

CERTIFIED To be a true and correct translation from its original
AIDA TORRES, CERTIFIED INTERPRETER
ADMINISTRATIVE OFFICE OF THE UNITED STATES COURT.
11-30-04

a statutary (sic) obligation to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct."

The Court further articulated the duty in <u>Air Line Pilots Ass'n v. O'Neill</u>, 499 U.S. 65 (136 L.R.R.H. 2721) (1991), in which it held that the duty of fair representation process "can be fairly characterized as so far outside a wide range of reasonableness, that it is wholly 'irrational' or 'arbitrary'.

Thus, the standard for determining whether a Union has breached its duty of fair representation is clear: "In evaluating whether Union conduct is so arbitrary as to breach the duty of faire representation, so long as a union exercises its discretion in good faith and with honesty or purpose, a 'wide range of reasonableness must be allowed.'"

(Unions possess substantial discretion in deciding which grievances to pursue). (Citations omitted) ("A Union may screen grievances and press only those that it concludes will justify the expense and time involved in terms of benefitting the membership at large.") Here negligence, poor judgment or incompetence are insufficient to establish a breach of the duty of fair representation." (Citations omitted)

WHEREFORE, I refuse to issue a complaint and proceed to dismiss the charge in the above captioned case.

In agreement with the Regulation of the Labor Relations Board of Puerto Rico, the complainant can obtain review from

7

CERTIFIED To be a true and correct trans-lation from its original /s/ Aida Torres
AIDA TORRES, CERTIFIED INTERPRETER
ADMINISTRATIVE OFFICE OF THE UNITED STATES COURT.
11-30-04

8

the Board of this action if it files a request to that effect with the Clerk of the Board within ten (10) days following the date in which it is notified with this Notice of Dismissal of Charge. Said request for review must contain the facts and reasons on which the same is based.

In San Juan, Puerto Rico, February 6, 1998.

(Illegible signature)
Atty. Luis (illegible) Zavala
President

NOTICE

I CERTIFY. That on this date I have sent by certified mail a copy of this Notice of Dismissal of Charge to:

1. Gloria M. Pillot Correa and/or
   Eliseo Rivera Cortés
   123 Palma Real Street
   Carolina, PR 00985

and by regular mail to:

2. Mr. Rafael Rosado
   Case Coordinator
   Marginal Street 25, Second Floor
   Urb. San Agustín
   65th Infantry Road
   Río Piedras, P.R. 00926

In San Juan, Puerto Rico, February 10, 1998.

S/Leonor Rodríguez Rodríguez
Leonor Rodríguez Rodríguez
Clerk of the Board

Seal of Labor Relations Board

CERTIFIED To be a true and correct translation from its original (signature) AIDA TORRES, CERTIFIED INTERPRETER ADMINISTRATIVE OFFICE OF THE UNITED STATES COURT. 11-30-04

ESTADO LIBRE ASOCIADO DE PUERTO RICO
**JUNTA DE RELACIONES DEL TRABAJO DE PUERTO RICO**
P.O. BOX 14427
BO. OBRERO STA., SANTURCE, P.R. 00916-4427

TEL. 765-3535

EN EL CASO DE:

UNION INDEPENDIENTE DE TRABAJADORES
DE AEROPUERTOS (U.I.T.A.)

y

ELISEO RIVERA CORTES, GLORIA H.
FILLOT Y OTROS

CASO NUM. CA 97-91

**AVISO DE DESESTIMACION DE CARGO**

De conformidad con el Artículo II, Sección 1, Inciso (c) del Reglamento Núm. 2 de la Junta de Relaciones del Trabajo de Puerto Rico, el Presidente de ésta expide el presente Aviso de Desestimación de Cargo.

El 26 de agosto de 1997, los querellantes Eliseo Rivera, Gloria H. Fillot y Otros, radicaron un cargo contra la Unión del epígrafe. En el mismo se le imputa la violación del Artículo 8, Sección 2, Inciso (a) de la Ley de Relaciones del Trabajo de Puerto Rico, consistente en que:

"En o desde el 7 de mayo de 1997' y en adelante el patrono de epígrafe se ha rehusado a honrar el laudo A-2657 sobre despido masivo en el que se determinó la reposición y la paga atrasada de los aquí querellantes."

De conformidad con el Artículo II, Sección 1, Inciso (c) del Reglamento de la Junta de Relaciones del Trabajo de Puerto Rico, se ordenó y se practicó una investigación de las alegaciones contenidas en el cargo, la que ha sido debidamente considerada.

Conforme los hechos, los empleados querellantes eran empleados de la Compañía Airport Catering Services. Estos formaban parte de la reclamación que culminó el 16 de junio de 1994, al emitirse un laudo que ordenó el reempleo de los empleados consentados y la paga dejada de percibir.

La compañía solicitó la revisión judicial del laudo' ante la Corte de Distrito Federal para el Distrito de Puerto Rico, el cual fue confirmado mediante la correspondiente sentencia. Así

---

¹/ El cargo fue enmendado por primera vez el 23 de septiembre de 1997.

¹/ Caso Civil Núm. 94-1979 (S.C.)

2

las cosas, no estando conforme el patrono solicitó revisión ante la Corte Federal de Apelaciones para el Primer Circuito. El 7 de mayo de 1997 dicha Corte de Apelaciones confirmó la sentencia apelada.

Estando subjudice el caso ante las cortes, las partes comenzaron a discutir el método para cumplir con el laudo. La mayoría de los aquí querellantes llegaron a un acuerdo con el patrono poniendo fin a la controversia.

En su parte dispositiva el acuerdo firmado titulado "Acuerdo de Transacción y Relevo", dispuso literalia lo siguiente:

"En consideración al pago de la suma de $ _____ el/la Sr. (a). _____ de _____ de 199__, y expresamente renuncia al voluntariamente renuncia a su empleo efectivo al remedio que fue emitido en el Laudo de Arbitraje Núm. A-2657 y A-1840-94, consistente en su reposición al empleo con paga retroactiva.

Se renuncia a cualquier reclamación, presente o futura, relacionada directa o indirectamente al caso de empleo del Sr./Sra. _____, o que sugiera de la relación del empleo que tenga el Sr./Sra. _____ renuncia, limitarse a cualquier reclamación que pueda tener o haber tenido en el pasado, conocidos o no, alegados o no alegados, o pueda ser traída en el futuro en cualquier otro judicial o administrativo, con relación a violación de alguna disposición del convenio colectivo; pérdida de ingresos; cualquier reclamación de salarios y/o beneficios de cualquier clase bajo el convenio colectivo, las leyes federales y estatales, tales como W.A.R.N., C.O.B.R.A., incluyendo daños de cualquier clase, y/o angustias mentales... A.D.E.A., Título VII de la Ley Derechos Civiles, Ley 100, Ley 69, Ley 45, A.D.A., E.R.I.S.A., Código de Seguros, N.L.R.B., Código Civil, Constitución E.L.A. y E.U. etc.

La compañía le pagará al/ a la Sr./Sra. _____ la suma total de $ _____ al momento en que este Acuerdo sea válido y final, o sea al OCTAVO (8vo.) día de su firma, sujeto a las cuotas de la Unión y/o cualquier otra deducción aplicable, si alguna, como indemnización por los daños y perjuicios, que el/la Sr./Sra. _____ haya sufrido o pueda sufrir en el futuro como consecuencia de la controversia objeto del laudo de arbitraje a que se hace referencia en el segundo POR CUANTO de este Acuerdo. Como consideración adicional al pago de la suma antes indicada, dentro de los siete (7) días siguientes a la fecha de la firma de este Acuerdo, la Unión por su parte deberá haber retirado con perjuicio al/a la Sr./Sra. _____ como querellante en el caso A-2657 y A-1840-94, a lo cual el/la Sr./Sra. _____ consiente libremente.

También será condición de pago de la suma que se describe en el párrafo 2 de este Acuerdo, que el Secretario del Trabajo de Puerto Rico o su representante autorizado haya aprobado este acuerdo, incluyendo su firma al final de este Acuerdo y Relevo.

3

Las partes reconocen que se ha otorgado este Acuerdo de Transacción y Relevo libre y voluntariamente y con pleno conocimiento de sus consecuencias legales, y que el/la Sr./Sra. _____ ha tenido el beneficio de consultar con su Unión y su representante legal, antes de llegar al acuerdo que aquí se detalla y suscribir este documento. El/la Sr./Sra. _____ y la Unión reconocen que la cantidad de dinero pagado es conforme a la requerida en el laudo emitido en los casos de arbitraje A-2657 y A-1840-94.

El/la Sr./Sra. _____ reconoce que ha tenido más de veintiún (21) días para asesorarse legalmente y que ha tenido tiempo razonable y suficiente para estudiar el mismo. El/la Sr./Sra. _____ expresa que este documento incorpora fielmente los acuerdos habidos entre las partes y que lo ha examinado detenidamente y luego de considerarlo, es su deseo firmar el mismo en el día de hoy. También, tiene conocimiento de que tiene siete (7) días para revocar su consentimiento a los acuerdos aquí convenidos, a partir de la fecha en que lo firme, cuya revocación deberá notificar por escrito, dentro de esos siete (7) días.

La transacción se define como un contrato por el cual se evita o pone término a un litigio. Además, se fija una relación jurídica subjetivamente incierta consistente en un conflicto de pretensiones. García v. The Commonwealth Ins. Co., 118 D.P.R. 380 (1997), Código Civil Art. 1709 (31 L.P.R.A. Sec. 4821).

El Interpretar un contrato de transacción que supone por definición que las partes tienen dudas sobre la validez o corrección jurídica de las respectivas pretensiones que dan lugar a la controversia y que han optado por resolver haciéndose mutuas concesiones luego de un proceso de negociación, Bunc. Román v. Gholga Corp., 111 D.P.R. 782 (1981).

El contrato de transacción tiene el efecto de cosa juzgada. Artículo 1715 (31 L.P.R.A. Sec. 4827).

El Artículo 1217 del Código Civil, 31 L.P.R.A. Sec. 3404, señala a su vez que será nulo el consentimiento prestado por error, violencia, intimidación o dolo.

En nuestra opinión no existe ninguna de los causales antes mencionados, que hagan nula la estipulación a la sazón los querellantes comparecieron ante un Notario Público y se les concedió un término en el que podían dejar sin efecto la misma.

4

A su vez existe un promedio entre un año (1) y año y medio (1 1/2), en otros casos casi dos (2) años desde la fecha en que se firmaron las referidas estipulaciones y se presenta el caso ante este foro.

En cuanto al deber de justa representación, examinemos el caso <u>Carnes v. United Parcel Service</u>, 140 L.R.R.M. 2795 (8th Cir. 1995), el Tribunal de Apelaciones Federal para el Octavo Circuito señala:

"The Supreme Court in Vaca v. Sipes, 386 U.S. 171 [64 L.R.R.M. 2369] (1967), defined the duty of fair representation as follows:

[A] Union [has] a statutory duty fairly to represent all... employees, both in its collective bargaining... and in its enforcement of the resulting collective bargaining agreement... under this doctrine, the exclusive agent's statutory authority to represent all members of a designated unit includes a statutory obligation to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct."

The court further articulated the duty in <u>Air Line Pilots Ass'n v. O'Neill</u>, 499 U.S. 65 [136 L.R.R.M. 2721] (1991), in which it held that the duty of fair representation process "can be fairly characterized as so far outside a wide range of reasonableness, that it is wholly 'irrational' or 'arbitrary'.

Thus, the standard for determining whether a Union has breached its duty of fair representation is clear: "In evaluating whether Union conduct is so arbitrary as to breach the duty of fair representation, so long as a union exercises its discretion in good faith and with honesty or purpose, a 'wide range of reasonableness' must be allowed.'" (citas omitidas).

(Unions possess substantial discretion in deciding which grievances to pursue). (citas omitidas) ("A Union may screen grievances and press only those that it concludes will justify the expense and time involved in terms of benefiting the membership at large."). Here negligence, poor judgment, or incompetence are insufficient to establish a breach of the duty of fair representation." (citas omitidas).

POR LO CUAL, rehuso expedir querella y procedo a desestimar el cargo en el caso de epígrafe.

De acuerdo al Reglamento de la Junta de Relaciones del Trabajo de Puerto Rico, el querellante puede obtener de la Junta la revisión de la presente acción, si radica una solicitud a tal

5

afecta en lo pertinente de la Junta dentro de los diez (10) días siguientes a la fecha en que se le notifique con este Aviso de paralización de cargo. Dicha solicitud de revisión deberá contener los hechos y las razones sobre las cuales se basa la misma.

En San Juan, Puerto Rico, a 6 de febrero de 1998.

[signature]
Presidente

**NOTIFICACION**

CERTIFICO: Que en esta fecha he enviado por correo certificado copia del presente Aviso de paralización de cargo a:

1. Rafael Padial Colón
   Edificio Rivera Cestero
   Calle Palma Real 105
   Esq. San Agustín
   Pda. 19, Infantería
   Piedras, P.R. 00907

En San Juan, Puerto Rico, hoy 10 de febrero de 1998.

[signature]
Juan Rafael Robles
Secretario de la Junta

[seal: JUNTA DE ELECCIONES DE TRANSITO DE PUERTO RICO]