COMMONWEALTH OF PUERTO RICO
LABOR RELATIONS BOARD OF PUERTO RICO
P.O. Box 14427
Bo. Obrero Sta., Santurce, P.R. 00919-4427

IN THE CASE OF:

UNION INDEPENDIENTE DE TRABAJADORES
DE AEROPUERTOS (U.I.T.A.)

    Respondent

AND

ELISEO RIVERA CORTES, GLORIA M.
PILLOT ET AL

    Complainant

CASE NO. CA 97-91

COMPLAINT

On August 26, 1997, Messrs. Eliseo Rivera Cortés, Gloria M. Pillot and others on their own behalf and that of three hundred forty (340) employees beneficiaries of arbitration award A-2657, hereinafter the Complainants, filed a charge against Airport Catering Services, hereinafter the Employer or the Respondent. Said charge was amended on September 23, 1997. In said charge it was attributed with committing an illegal work practice in violation of Law No. 130 of May 8, 1945, as amended, and known as the Labor Relations Act of Puerto Rico, 29 LPRA 61 et sea, hereinafter the Law. Based on said charge, the Labor Relations Board of Puerto Rico,

CERTIFIED To be a true and correct translation from its original. [signature]
AIDA TORRES, CERTIFIED INTERPRETER
ADMINISTRATIVE OFFICE OF THE UNITED STATES COURT. 11-30-04

EXHIBIT n

2

hereinafter the Board, through the attorney of the undersigned Legal Division, issues this COMPLAINT. In the same it alleges as follows:

1. The Complainants work or worked in different jobs for Airport Catering Services, wherefore they are "employees" as the term is defined in Article II, Section 3 of the Law, 29 LPRA 63 (3).

2. Airport Catering Services is a Company engaged in serving food to airlines for passengers for which operation they employ workers, thereby constituting itself into an "Employer" pursuant to the meaning of Article 2, Section (2) of the Law, 29 LPRA 63 (2).

3. The Unión Independiente de Trabajadores de Aeropuerto is an entity that groups in its enrollment workers for the purpose of dealing with an employer with regard to Complaints and Grievances, disputes, salaries, wages, rates of pay, working hours and/or working conditions, wherefore it is a "labor organization" as the term is defined in the Law, 29 LPRA 63 (10).

4. During the period in which the facts stated in this complaint occurred, the labor relations between the parties

CERTIFIED To be a true and correct translation from its original. AIDA TORRES, CERTIFIED INTERPRETER ADMINISTRATIVE OFFICE OF THE UNITED STATES COURT. 11-30-04

3

were governed by a collective bargaining agreement negotiated between Airport Catering Services and the Unión Independiente de Trabajadores de Aeropuertos. Section 2 of the Collective Bargaining Agreement establishes the following:

"The Collective Bargaining Agreement will remain in full force and effect until midnight of May 15, 1996 and will remain in effect subsequently from year to year, unless, at least sixty (60) Days not no longer (sic) than ninety (90) days, before any annual expiration date, one of the parties notifies the other in writing, via certified mail, of its desire to modify or terminate the same."

5. On the date in which the facts occurred, the complainants were bona fide members of the Unión Independiente de Trabajadores de Aeropuertos.

6. On January 22, 1992, the Unión Independiente de Trabajadores de Aeropuerto filed a Complaint before the Conciliation and Arbitration Bureau. In the same the arbitrator determined the following:

SUBMISSION

To determine if the complaint can be substantively and procedurally arbitrated or not and/or because it was judicially settled.

To determine if Airport Catering Services has transferred operations to Sky Caterers which have caused and maintained the lay-offs of the complainants. If it is so determined, that the proper remedy be provided."

CERTIFIED To be a true and correct translation from its original. [signature]
AIDA TORRES, CERTIFIED INTERPRETER
ADMINISTRATIVE OFFICE OF THE UNITED STATES COURT.   10-30-04

4

7. On June 16, 1994, Honorable Radamés Jordán Ortiz, Arbitrator of the Conciliation and Arbitration Bureau of the Department of Labor and Human Resources of the Commonwealth of Puerto Rico, issued an award in the aforementioned Complaint concluding that:

"The Company violated the Collective Bargaining Agreement by transferring the operations of ACS to Sky Caterers and maintaining the employees of the contracting unit laid off" and ordered "the reemployment of the same and the pay not received by them, as of the moment in which the operations of the services of American Air Lines were normalized."

8. Said award was appealed by the Company in the United States District Court for the District of Puerto Rico. Through Honorable Salvador E. Casellas it sustained the award in deference to the findings of the Arbitrator. Subsequently the Company raised the case to the First Circuit Court of Appeals of the United States, under No. 96-1295.

9. In the interim and being the case subjudice before the Honorable Court, the Union and the Employer started to discuss the method to comply with the award. In the year 1995, the Complainant made economic offers to the Complainants. Some of them accepted the same and individually

CERTIFIED To be a true and correct translation from its original. [signature]
AIDA TORRES, CERTIFIED INTERPRETER
ADMINISTRATIVE OFFICE OF THE UNITED STATES COURT.   11-30-04

5

signed an agreement and release between the Employer, the Union and the Employee.

10. On May 7, 1997, through Justices Coffin, Campbell and DiClerico, the Court of Appeals confirmed finding of the U.S. District Court.

11. On May 19, 1997, the Union prepared an Informative Bulletin notifying the result of Case No. 96-1925.

12. On June 13, 1997, the Union summoned all the employees who did not sign the release with the Company to its facilities to explain to them the procedure to be followed.

13. On August 26, 1997, Messrs. Eliseo Rivera Cortés. Gloria M. Pillot et al, filed several charges of illegal practices before the Labor Relations Board against Airport Catering Services and the Unión Independiente de Trabajadores de Aeropuerto.

14. On September 23, 1997, the first amendment to both charges was filed.

15. On February 6, 1998 the President of the Board sent a Notice of Dismissal of Charge.

16. In Reconsideration submitted by the private legal representatives of the Complainants, they argued that the

CERTIFIED To be a true and complete translation from its original. AIDA TORRES, CERTIFIED INTERPRETER ADMINISTRATIVE OFFICE OF THE UNITED STATES COURT. 11-30-04

6

Agreement of Transaction and Release signed by the Complainants was dye to schemes, deceit and conspiracy and that it was not approved by the Secretary of the Treasury. Furthermore there are other Complainants who did not sign the release and whose award has not been honored.

17. On June 10, 1998, the Board revoked the Notice of Dismissal of Charge and ordered the Legal Division to issue the Complaint.

18. As of today the Complainants have not been reinstated to their jobs nor have they been paid the back pay. Furthermore, those who signed the agreement of transaction and release stated that they did so under deceit since they were made to believe that the case between <u>Airport Services Inc. v. Unión Independiente de Trabajadores de Aeropuertos</u>, Case No. 986-1925 filed in the Federal Court was lost and that the Company had no money to pay the award.

19. The Complainants stated that they were subject to intimidation and coercion by the Employer and the Union. All of which has caused them damages and mental anguish.

CERTIFIED To be a true and correct translation from its original.
AIDA TORRES, CERTIFIED INTERPRETER
ADMINISTRATIVE OFFICE OF THE UNITED STATES COURT.
11-30-04

7

20. The conduct observed by the Respondent contravenes the aforementioned Collective Bargaining Agreement signed with the Unión Independiente de Trabajadores de Aeropuerto since it incurred and is presently incurring illegal work practices within the meaning of Article 8, Section 1, clause (f) of the Labor Relations Act of Puerto Rico, consisting in that: "as of on or around May 7, 1997 and thereafter the above captioned employer has refused to honor award A-2757 (sic) regarding mass dismissal, in which the reinstatement and back pay of the respondents (sic) herein was determined".

WHEREFORE, the Labor Relations Board of Puerto Rico issues this Complaint against Airport Catering Services.

It is advised that pursuant to the provisions of Article 2, Section 2 (c) of Regulation No. 2 of the Board and the Resolution of the Board of June 22, 1981, the respondent is entitled to file an answer to this complaint. Said answer must be in writing and will contain an admission or denial of the facts stated in the complaint or amendments to the same together with any affirmative matter that said party alleges as a defense or on which it bases its justification or denial of the facts contained in the complaint. Said answer must be

CERTIFIED To be a true and correct translation from its original
AIDA TORRES, CERTIFIED INTERPRETER
ADMINISTRATIVE OFFICE OF THE UNITED STATES COURT.
11-30-04

8

filled in quadruplicate before the Secretary of the Board within twenty (20) days following the date in which the complaint was notified. Said term to answer will be unpostponable, except for exceptional situations, advising said party that if it fails to answer within this term, the allegations formulated against it will be deemed admitted and it will be understood to have waived the public hearing and the Report of the Examining Officer. The original of the answer must be signed and sworn by the respondent or by a duly authorized agent of the same. The respondent must notify its answer with copies and amendments to the same to all the persons, employees, employers and organizations which form part of the procedure and will verify said notice to the Secretary of the Board. Any allegation in the complaint or amendment to the same not denied by the answer, will be considered admitted by the respondent and the Board may subsequently make conclusions of fact and of law based on said admission. Prior to the hearing said party may amend its answer. After the hearing has commenced, the answer may be amended with the consent and under those terms established by the Examining Officer designated to preside the hearing.

CERTIFIED To be a true and correct translation from its original
AIDA TORRES, CERTIFIED INTERPRETER
ADMINISTRATIVE OFFICE OF THE UNITED STATES COURT.
11-30-04

9

After the removal of the case to the Board as provided in Article 2, Section 9, the answer may be amended with the consent of the Board.

In San Juan, Puerto Rico, August 14, 1998.

S/María Judith Haddock López
MARIA JUDITH HADDOCK LOPEZ
Attorney, Legal Division
Labor Relations Board of Puerto Rico
PO Box 14427
San Juan, PR 00916

CERTIFIED To be a true and correct translation from its original.
AIDA TORRES, CERTIFIED INTERPRETER
ADMINISTRATIVE OFFICE OF THE UNITED STATES COURT.
11-30-04

ESTADO LIBRE ASOCIADO DE PUERTO RICO
**JUNTA DE RELACIONES DEL TRABAJO DE PUERTO RICO**
P.O. BOX 14427
80, OBRERO STA., SANTURCE, P. R. 00916-4427

TEL. 765-3535

EN EL CASO DE:

AIRPORT CATERING SERVICES

    Querellada

-Y-

ELISEO RIVERA CORTÉS,
GLORIA M. PILLOT Y OTROS

    Querellante

CASO NÚM. CA-97-90

## QUERELLA

El 26 de agosto de 1997, los señores Eliseo Rivera Cortés, Gloria M. Pillot y otros en representación propia y de trescientos cuarenta (340) empleados beneficiarios del laudo arbitral A-2657, en adelante los Querellantes, radicaron un cargo contra la Airport Catering Services, en adelante el Patrono o la Querellada. Dicho cargo se enmendó el 23 de septiembre de 1997. En dicho cargo se le imputó la comisión de práctica ilícita de trabajo en violación a la ley Núm. 130 del 8 de mayo de 1945, según enmendada y conocida como la Ley de Relaciones del Trabajo de Puerto Rico, 29 LPRA 61 y ss., en adelante la ley. A base de dicho cargo, la Junta de Relaciones del Trabajo de Puerto Rico, en adelante la Junta, por conducto de la abogada de la División Legal que suscribe, expide la presente QUERELLA. En ésta se alega del modo siguiente:

1. Los Querellantes se desempeñan o desempeñaban diferentes labores para Airport Catering Services, por lo que son "empleados" según se define el término en el Artículo II, Sección 3, de la Ley, 29 LPRA 63 (3).

2. La Airport Catering Services es una Compañía que se dedica al servicio de comidas a las líneas aéreas para pasajeros para cuya operación emplean trabajadores, constituyéndose así en "Patrono" de conformidad con el significado del Artículo 2, Sección (2) de la Ley, 29 LPRA 63 (2).

3. La Unión Independiente de Trabajadores de Aeropuerto es una entidad que agrupa en su matrícula trabajadores, con el fin

-2-

de tratar con un patrono con respecto a Quejas y Agravios, disputas, salarios, tipos de paga, horas de trabajo y/o condiciones de trabajo, por lo que es una "organización obrera" según el término se define en la Ley, 29 LPRA 63 (10).

4. Durante el período en que ocurren los hechos que se exponen en la presente querella las relaciones obrero-patronales entre las partes se rigen por un convenio colectivo negociado entre la Airport Catering Service -y- la Unión Independiente de Trabajadores de Aeropuertos. La Sección 2, del Convenio Colectivo establece, lo siguiente:

"El Convenio Colectivo permanecerá en pleno vigor y efecto hasta la medianoche del 15 de mayo de 1996 y quedará en vigor subsiguiente de año en año, a menos que, por lo menos sesenta (60) días, pero no mas (sic) de noventa (90) días, antes de cualquier fecha de expiración anual, una de las partes notifique a la otra por escrito, a través de correo certificado, su deseo de modificarlo o darlo por terminado."

5. A la fecha en que ocurrieron los hechos, los Querellantes eran miembros bonafide de la Unión Independiente de Trabajadores de Aeropuertos.

6. El 22 de enero de 1992, la Unión Independiente de Trabajadores de Aeropuertos radicó una Querella ante el Negociado de Conciliación y Arbitraje. En ésta el árbitro determinó lo siguiente:

"SUMISION

Determinar si la querella es o no arbitrable sustantiva y procesalmente y/o porque la misma hubiese sido transigida judicialmente.

Determinar si la Airport Catering Services ha trasladado operaciones a la Sky Caterers y que hayan causado y manteniendo las cesantías de los querellantes. De así determinarse, se provea el remedio adecuado." (Escolios omitidos)

7. El 16 de junio de 1994, el Honorable Radamés Jordán Ortíz, Arbitro del Negociado de Conciliación y Arbitraje del Departamento del Trabajo y Recursos Humanos del Estado Libre Asociado de Puerto Rico, emitió un laudo en la Querella antes mencionada concluyendo que:

"La Compañía violó el Convenio Colectivo al trasladar las operaciones de ACS a Sky Carriers y mantener cesanteados a los empleados de la unidad contratante" y ordenó "el reempleo de los mismos y la paga dejada de percibir por éstos, a partir del momento en que se normalizaron las operaciones de servicio a la American Airlines."

8. Dicho laudo fue apelado por la Compañía en la Corte Federal para el Distrito de Puerto Rico. Esta por voz del Honorable Salvador E. Casellas, sostuvo el laudo en deferencia a las determinaciones del árbitro. Posteriormente la Compañía elevó el caso al Tribunal de Apelaciones de los Estados Unidos de América para el Primer Circuito, bajo el Núm. 96-1295.

9. En el ínterin y estando subjudice el caso ante el Honorable Tribunal, la Unión y el Patrono comenzaron a discutir el método para cumplir con el Laudo. Para el año 1995, la Querellada le hizo ofertas económicas a los Querellantes. Algunos de éstos aceptaron la misma y suscribieron individualmente un acuerdo y relevo, entre el Patrono, la Unión y el empleado.

"10. El 7 de mayo de 1997, por voz de los jueces Coffin, Campbell y DiClerico, el Tribunal de Apelaciones, confirmó la determinación de la Corte de Distrito Federal.

11. El 19 de mayo de 1997 la Unión preparó un Boletín Informativo notificando el resultado del Caso Núm. 96-1295.

12. El 13 de junio de 1997, la Unión citó a sus facilidades a todos aquellos empleados que no firmaron el relevo con la Compañía para explicarles el procedimiento a seguir.

13. El 26 de agosto de 1997, los señores Eliseo Rivera Cortés, Gloria M. Pillot y otros, radicaron sendos cargos de prácticas ilícitas ante la Junta de Relaciones del Trabajo contra la Airport Catering Services y la Unión Independiente de Trabajadores de Aeropuerto.

14. El 23 de septiembre de 1997, se radicó la primera enmienda a ambos cargos.

-3-

-4-

15. El 6 de febrero de 1998, el Presidente de la Junta emitió Aviso de Desestimación de Cargo.

16. En Reconsideración sometida por la representación legal privada de los Querellantes, éstos argumentaron que el Acuerdo de Transacción y Relevo firmado por estos Querellantes fue bajo maquinación, treta y engaño y que el mismo no fue refrendado por el Secretario del Trabajo. Además, existen otros Querellantes que no firmaron el relevo y a quienes no se les ha honrado el laudo.

17. El 10 de junio de 1998, la Junta revocó el Aviso de Desestimación de Cargo y ordenó a la División legal expedir Querella.

18. A la fecha de hoy los Querellantes no han sido repuestos en sus empleos ni se les ha abonado la paga atrasada. Además, aquellos que firmaron el acuerdo de transacción y relevo manifestaron que lo hicieron engañados ya que se les hizo creer que el caso entre <u>Airport Services Inc. v. Unión Independiente de Trabajadores de Aeropuertos</u>, Caso Núm 96-1295 radicado en el Tribunal Federal estaba perdido y que la Compañía no tenía dinero para satisfacer el laudo.

19. Los Querellantes manifestaron que fueron objeto de intimidación y coerción por parte del Patrono y de la Unión. Todo lo que les ha ocasionado daños y angustias mentales.

20. La conducta observada por la Querellada contraviene el mencionado Convenio Colectivo suscrito con la Unión Independiente de Trabajadores de Aeropuertos al incurrir y estar al presente incurriendo en prácticas ilícitas de trabajo dentro del significado del Artículo 8, Sección 1, Inciso (f) de la Ley de Relaciones del Trabajo de Puerto Rico, consistente en que: "en o desde mayo 7 de 1997 y en adelante el patrono de epígrafe se ha rehusado a honrar el laudo A-2657, (sic) sobre despido masivo, en el que se determinó la reposición y la paga atrasada de los aquí querellados ("sic)".

-5-

POR TODO LO CUAL, la Junta de Relaciones del Trabajo de Puerto Rico expide la presente Querella contra Airport Catering Services.

Se advierte conforme a lo dispuesto en el Artículo 2, Sección 2 (c) del Reglamento Núm. 2 de la Junta y la Resolución de la Junta del 22 de junio de 1981, que la querellada tiene derecho a radicar una contestación a esta querella. Tal contestación será por escrito y contendrá una admisión o negación de los hechos expuestos en la querella o enmiendas a la misma conjuntamente con cualquier materia afirmativa que alegue dicha parte como defensa o en la cual se base para justificar o negar los hechos contenidos en la querella. Tal contestación será radicada por cuadruplicado ante la Secretaria de la Junta dentro de los veinte (20) días siguientes a la fecha en que se notificó la querella. Dicho término para contestar será con carácter improrrogable, salvo situaciones excepcionales, apercibiéndole a dicha parte que de no contestar en ese plazo, se darán por admitidas las alegaciones formuladas en su contra y se entenderá que renuncia a la audiencia pública y al Informe del Oficial Examinador. El original de la contestación deberá estar firmado y jurado por la parte querellada o por un agente de la misma debidamente autorizado. La parte querellada deberá notificar su contestación con copias y enmiendas a la misma a todas las personas, empleados, patronos y organizaciones que son parte en el procedimiento y radicará constancia de tal notificación ante la Secretaria de la Junta. Cualquier alegación en la querella o enmienda a la misma no negada por la contestación, se considerará admitida por la parte querellada y la Junta subsiguientemente podrá hacer conclusiones de hecho y de ley basadas en tal admisión. Con anterioridad a la audiencia dicha parte podrá enmendar su contestación. Después de comenzada la audiencia, la contestación podrá ser enmendada con el consentimiento y bajo aquellos términos que fije el

-6-

Oficial Examinador designado para dirigir la audiencia. Después de haberse transferido el caso a la Junta, según se dispone en el Artículo 2, Sección 9, la contestación podrá ser enmendada con el consentimiento de la Junta.

En San Juan, Puerto Rico, a 14 de agosto de 1998.

*[signature]*
MARIA JUDITH HADDOCK LOPEZ
Abogada, División Legal
Junta de Relaciones del
Trabajo de Puerto Rico
PO Box 14427
San Juan, PR 00916

ebm