Commonwealth of Puerto Rico
LABOR RELATIONS BOARD OF PUERTO RICO
P.O. Box 14427
Bo. Obrero Sta., Santurce, P.R. 00919-4427

IN THE CASE OF:

UNION INDEPENDIENTE DE TRABAJADORES
DE AEROPUERTOS (U.I.T.A.)

AND                                              CASE NO. CA 97-91

ELISEO RIVERA CORTES, GLORIA M.
PILLOT ET AL

..........................................

RESOLUTION

On May 8, 1998, the legal representative of the complainants in the above captioned case fled a document entitled "Special Appearance and Request for Reconsideration of Notice to Dismiss Charge." Despite its title, it involves a request for review before the Full Board of the Notice of Dismissal of Charge issued by the President.

It was also requested on May 29, 1998 that the above captioned charge be consolidated with case CA-97-80 which was filed against the employer, Airport Catering Services, by the same complainants.

It is alleged that the "Agreement of Transaction and Release" existing in this case is null and that the union

CERTIFIED To be a true and correct translation from its original [signature]
AIDA TORRES, CERTIFIED INTERPRETER
ADMINISTRATIVE OFFICE OF THE UNITED STATES COURT.  11-30-04

EXHIBIT O

2

failed in its duty of fair representation by not ensuring that the employer comply with the award issued on June 16, 1994[1] in favor of the 340 employees favored by the same.[2]

In order to decide the controversy raised, since it is understood that there is reasonable doubt that warrants a public hearing

IT IS RESOLVED

1. To revoke the Notice of Dismissal of Charge, ordering the Legal Division to issue the corresponding Complaint.

2. To issue the Order of Consolidation requested in a timely manner.

Thus was agreed by the Board and signed by the President.

In San Juan, Puerto Rico, on June 10, 1998.

/illegible signature/
Atty. Luis P. Nevares Zavala
President

NOTICE

I certify that I have today sent by regular mail a copy of this RESOLUTION to:

_____

Jordán.

[1] Award Number A-2657, A-1840-94 of Arbitrator Radamés Jordán.

[2] The award was subject to judicial impugnation and put into effect through judicial Judgment that was confirmed on appeal.

CERTIFIED To be a true and correct trans-
lation from its original /illegible signature/
AIDA TORRES, CERTIFIED INTERPRETER
ADMINISTRATIVE OFFICE OF THE UNITED
STATES COURT.    11-30-04

1. ATTY. JUAN RAMON ZALDUONDO VIERA
   MIDTOWN BLDG. SUITE 101
   MUÑOS RIVERA 421
   HATO REY PR 00918

2. ATTY. FRANK ZORRILLA MALDONADO
   PO BOX 191783
   SAN JUAN PR 00919-1783

3. GLORIA M. PILLOT CORREA AND/OR
   ELISEO RIVERA CORTES
   PALMA REAL 123
   CAROLINA PR 00985

4. MR. RAFAEL ROSADO
   CASE COORDINATOR
   MARGINAL STREET 25, SECOND FLOOR
   URB. SAN AGUSTIN
   65TH INFANTRY ROAD
   RIO PIEDRAS, P.R. 00926

5. EFRAIN MENDEZ, PRESIDENT
   STEERING COMMITTEE FORMER EMPLOYEES
   AIRPORT CATERING SERVICES INC.
   VISTAMAR PLAZA B-77
   CAROLINA PR 00983

7. ATTY. NEREIDA FELICIANO RAMOS
   DIRECTOR, LEGAL DIVISION
   LABOR RELATIONS BOARD
   OF PUERTO RICO (HAND DELIVERED)

In San Juan, Puerto Rico, June 12, 1998.

S/Leonor Rodríguez Rodríguez
Leonor Rodríguez Rodríguez
Secretary of the Board

rvf

(Seal of the Board affixed)

3

ESTADO LIBRE ASOCIADO DE PUERTO RICO
**JUNTA DE RELACIONES DEL TRABAJO DE PUERTO RICO**
P.O. BOX 14427
BO. OBRERO STA., SANTURCE, P. R. 00916-4427

TEL. 765-3535



EN EL CASO DE:

UNION INDEPENDIENTE DE
TRABAJADORES DE AEROPUERTOS

\- Y -

ELISEO RIVERA CORTES, GLORIA
M. PILLOT Y OTROS

CASO: CA-97-91
CA-97-91

R E S O L U C I O N

El 8 de mayo de 1998, la representación legal de los querellantes en el caso de epígrafe radicó un escrito titulado "Comparecencia Especial y Solicitud de Reconsideración de Aviso de Desestimación de Cargo." Pese a su título, se trata de una solicitud de revisión ante la Junta en Pleno del Aviso de Desestimación de Cargo emitido por el Presidente.

Se solicitó, además, el 29 de mayo de 1998, que el Cargo de epígrafe fuese consolidado con el caso CA-97-90 que fue radicado contra el patrono, Airport Catering Services, por los mismos querellantes.

Se plantea que el "Acuerdo de Transacción y Relevo" existente en este caso es nulo y que la unión faltó a su deber de justa representación al no gestionar que el patrono cumpliera con el laudo emitido el 16 de junio de 1994,[1] a favor de los 340 empleados favorecidos por el mismo.[2]

A fin de que se dilucide la controversia planteada, por entender que existe duda razonable que amerita audiencia pública,

S E   R E S U E L V E

1. Revocar el Aviso de Desestimación de Cargo, ordenándose a la División Legal expedir la Querella correspondiente.

2. Emitir próximamente la Orden de Consolidación solicitada.

---

[1] Laudo número A-2657, A-1840-94 del Arbitro Radamés Jordán.

[2] El laudo fue objeto de impugnación judicial y puesto en vigor mediante Sentencia judicial que fuera confirmada en apelación.

2

Lo acordó la Junta y lo firma el Presidente.

En San Juan, Puerto Rico, a 10 de junio de 1998.

Lcdo. Luis P. Nevares Navala
Presidente

# N O T I F I C A C I O N

Certifico que en el día de hoy se ha enviado por correo ordinario copia de la presente RESOLUCION a:

1. LCDO JUAN RAMON ZALDUONDO VIERA
   EDIF MIDTOWN OFIC 101
   MUÑOZ RIVERA 421
   HATO REY PR 00918

2. LCDO FRANK ZORRILLA MALDONADO
   PO BOX 191783
   SAN JUAN PR 00919-1783

3. GLORIA M PILLOT CORREA Y/O
   ELISEO RIVERA CORTES
   PALMA REAL 123
   CAROLINA PR 00985

4. RAFAEL ROSADO
   COORDINADOR DE CASOS
   URB SAN AGUSTIN
   MARGINAL 25 ALTOS
   65TH INFANTERIA
   RIO PIEDRAS PR 00924

6. EFRAIN MENDEZ, PRESIDENTE
   COMITE TIMON EX-EMPLEADO
   AIRPORT CATERING SERVICES INC
   VISTAMAR PLAZA B-77
   CAROLINA PR 00983

7. LCDA NEREIDA FELICIANO RAMOS
   DIRECTORA, DIVISION LEGAL
   JUNTA DE RELACIONES DEL TRABAJO
   DE PUERTO RICO (A LA MANO)

En San Juan, Puerto Rico, a 12 de junio de 1998.

Leonor Rodríguez Rodríguez
Secretaria de la Junta



rvf