EXHIBIT
I (1)

| VENDOR: | *9111 | Airport Catering Services | | | CHECK | | |
|---|---|---|---|---|---|---|---|
| 112443 | 112443 | 12/09/94 | 8,500.00 | 8,500.00 | .00 | | 8,500.00 |
| | | | | | Check Total | | 8,500.00 |

Compensación total por reclamaciones de Ismael Rivera contra ACS.

| 19278 | 12/09/94 | *9111 |
|---|---|---|

CHECK NO. 019278

**Airport Catering Services**

Banco Santander Puerto Rico
HATO REY, PUERTO RICO 014

LUIS MUÑOZ MARIN INT'L. AIRPORT · PO BOX 1797, CAROLINA, PR 00628

101-234 / 215

EIGHT THOUSAND FIVE HUNDRED AND 00/100 DOLLARS       $****8,500.00

PAY TO THE ORDER OF     ISMAEL RIVERA JIMENEZ

*[signatures]*
AUTHORIZED SIGNATURES

⑈019278⑈ ⑆021502341⑆ 014⑈024038⑈

*Ismael Rivera Jiménez* — 12-12-94

000008

## ACUERDO DE TRANSACCION Y RELEVO
### COMPARECEN

DE UNA PARTE: AIRPORT CATERING SERVICES INC., h/n/c ACS en adelante "la Compañía", representada en este acto por el Sr. Francisco Rivera, y

DE LA SEGUNDA PARTE: El Sr. ISMAEL RIVERA JIMENEZ, Seguro Social 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, mayor de edad, en adelante, "Sr. Rivera", y

DE LA TERCERA PARTE: La UNION INDEPENDIENTE DE TRABAJADORES DE AEROPUERTO, en adelante "la Unión", y representada en este acto por su representante Rafael Rosado,

Por este medio libre y voluntariamente

### EXPONEN

POR CUANTO: El Sr. Rivera es un empleado representado para efectos de salarios, horas de trabajo y otras condiciones de empleo por la Unión, y la cual es parte de un Convenio Colectivo vigente con la Compañía, en cuyo Convenio Colectivo se rigen las condiciones de empleo del Sr. Rivera.

POR CUANTO: Desde en o alrededor del 4 de diciembre de 1992 el Sr. Rivera ha estado suspendido de empleo y sueldo y la Unión ha radicado el caso de arbitraje Núm. A-2154-93, en cual el Sr. Rivera protesta su suspensión indefinida, ante el Negociado de Conciliación y Arbitraje.

POR CUANTO: La Compañía niega que haya incurrido en violación alguna al Convenio Colectivo o a cualquier ley estatal o federal con relación a la suspensión indefinida del Sr. Rivera.

POR CUANTO: El Sr. Rivera le ha manifestado a la Compañía que está dispuesto a renunciar a su empleo y a relevar a la Compañía de cualquier causa de acción que él pudiese tener en contra de la Compañía como consecuencia de su empleo o el cese del mismo con la Compañía.

POR TANTO: Con el sólo propósito de evitar los gastos, molestias e inconvenientes que conllevaría litigio entre las partes relacionadas, las partes han decidido disponer de las controversias que existen entre ellos, por medio de este acuerdo, en virtud de lo cual, libre y voluntariamente

000009

ACUERDO DE TRANSACION Y RELEVO

-2-

ESTIPULAN

1. Para efectos de este Acuerdo, la frase "La Compañía" incluye, directores, oficiales, accionistas, supervisores, agentes, representantes y las sociedades de gananciales de las que éstos formen parte y/o cualquier otra persona o entidad que de alguna forma esté relacionada con la entidad corporativa mencionada, incluyendo, pero sin limitarse a, sus aseguradores, garantizadores, fiadores y/o representantes, y de igual forma incluye todas aquellas empresas relacionadas, en la forma que sea, con Airport Catering Services, Inc., y agrupadas bajo el nombre comercial AIRPORT AVIATION GROUP.

2. En consideración al pago de la suma de OCHO MIL QUINIENTOS DOLARES ($8,500.00), el Sr. Rivera voluntariamente renuncia a su empleo efectivo el 4 de diciembre de 1992 y releva a la Compañía de su reclamación en los casos de arbitraje A-2154-93, A-2657 y A-1840-94 y de cualquier otra reclamación, presente o futura, relacionada directa o indirectamente con el cese de empleo del Sr. Rivera o que surgiera de la relación de empleo con la compañia; disponiéndose que el Sr. Rivera renuncia, sin limitarse a, la reclamación que tiene en los casos A-2657 y A-1840-94 y cualquier otra reclamación que pueda tener o haber tenido en el pasado, conocidas o no, alegadas o no alegadas, en los cuales él es parte, o que pudiese ser traída en un futuro en cualquier otro judicial o administrativo, con relación a: despido injustificado (Ley 80 del 30 de mayo de 1976); violación de alguna disposición del convenio colectivo; pérdida de ingresos; cualquier reclamación de salarios y/o beneficios de cualquier clase bajo las leyes federales y estatales aplicables, incluyendo daños de cualquier clase, y/o angustias mentales, discrimen por sexo, religión, raza, edad, ideas políticas, condición u origen social, origen nacional, impedimento de cualquier clase o cualquier otra razón prohibida por la Ley Federal de Discrimen por Edad en el Empleo (Age Discrimination in Employment Act), Título VII de la Ley Federal de Derechos Civiles de 1964; Ley 100

ACUERDO DE TRANSACCION Y RELEVO

-3-

del 30 de junio de 1959 (Ley de discrimen por razón de edad, raza, color, religion, sexo, origen nacional y/o social); Ley 69 de 6 de julio de 1985 (Ley de discrimen en el empleo por razón de sexo); Ley de Rehabilitación Federal del 1973; la Ley #45 del 18 de abril del 1945 (Ley de Compensación por Accidentes del Trabajo); Americans with Disabilities Act; Employee Retirement Income Security Act de 1975; la ley federal Workers Adjustment Retraining Notification Act; el Código de Seguros de Puerto Rico, o bajo cualquier otra ley o reglamento federal o estatal o las Constituciones del Estado Libre Asociado de Puerto Rico y de los Estados Unidos de América, así como a cualquier reclamación por alegados daños y perjuicios al amparo del Artículo 1802 del Código Civil de Puerto Rico.

3. La Compañía le pagará al Sr. Rivera la suma total de OCHO MIL QUINIENTOS DOLARES ($8,500.00) al momento en que se retire con perjuicio el caso de arbitraje A-2154-93, sin deducción de clase alguna, en consideración a su renuncia al empleo y como compensación a cualesquiera daños y perjuicios, incluyendo salarios, beneficios marginales, bono de Navidad, y cualquier otro daño que el Sr. Rivera haya sufrido o pueda sufrir en el futuro como consecuencia de haber cesado en sus labores.



4. No se entenderá que el pago de la suma antes menciona constituye aceptación de culpa o responsabilidad o admisión de violación alguna por parte de la Compañía al Convenio Colectivo vigente entre la Compañía y la Unión; a la Constitución o a las leyes o reglamentos del Estado Libre Asociado de Puerto Rico o de los Estados Unidos de América.

5. Las partes se comprometen a que nunca divulgarán o publicarán, ni causarán que otras personas divulguen o publiquen el contenido de este Acuerdo de Transacción y Relevo ni de las conversaciones entre las partes relacionadas con la negociación que dió lugar al presente Acuerdo de Transacción y Relevo.

6. Las partes reconocen que se ha otorgado este Acuerdo

000011

ACUERDO DE TRANSACCION Y RELEVO

-4-

de Transacción y Relevo libre y voluntariamente y con pleno conocimiento de sus consecuencias legales, y que el Sr. Rivera ha tenido el beneficio de consultar con su Unión antes de llegar al acuerdo que aquí se detalla y de suscribir este documento.

8. Si cualquier disposición de este documento fuese declarada nula por un tribunal competente, las demás disposiciones del documento continuarán en vigor como si la porción declarada nula no hubiese formado parte del mismo.

EN MERITO DE LO ANTES EXPUESTO, las partes otorgan el presente documento en muestra de su conformidad con todo lo antes mencionado.

Y PARA QUE ASI CONSTE, las partes aquí comparecientes firman el presente documento.

En Hato Rey, Puerto Rico, hoy día 12 de diciembre de 1994.

por
AIRPORT CATERING SERVICES INC.:

_____        _____
Sr. Francisco Rivera                    Sr. Ismael Rivera Jiménez

por:
UNION INDEPENDIENTE DE TRABAJA-
DORES DE AEROPUERTO (UITA):

_____        _____
Rafael Rosado                           Lcdo. José E. Carreras

000012

| VENDOR: | *9111 | Airport Catering Services | | | | CHECK NO. | 019278 |
|---|---|---|---|---|---|---|---|
| 112443 | 112443 | 12/09/94 | 8,500.00 | 8,500.00 | .00 | | 8,500.00 |
| | | | | | Check Total | | 8,500.00 |

Total compensation of claims by Ismael Rivera against ACS

| 19278 | 12/09/94 | *9111 | | | CHECK NO. | 019278 |

**Airport Catering Services**

101-234 / 215

Banco Santander Puerto Rico
HATO REY, PUERTO RICO 014

LUIS MUÑOZ MARIN INT'L. AIRPORT · PO BOX 1797, CAROLINA, PR 00628

EIGHT THOUSAND FIVE HUNDRED AND 00/100 DOLLARS          $****8,500.00

PAY TO THE ORDER OF   ISMAEL RIVERA JIMENEZ

*AUTHORIZED SIGNATURES*

"019278"  :021502341:  014"024038"

*Ismael Rivera Jimenez* — 12-12-94

CERTIFIED To be a true and correct translation from its original. /s/ Aida Torres
AIDA TORRES, CERTIFIED INTERPRETER
ADMINISTRATIVE OFFICE OF THE UNITED STATES COURT.    12-29-04

000008

TRANSACTION AND RELEASE AGREEMENT

APPEAR

AS PARTY OF THE FIRST PART: AIRPORT CATERING SERVICES, INC., d/b/a ACS, hereinafter "the Company", represented herein by Mr. Francisco Rivera; and

AS PARTY OF THE SECOND PART: MR. ISMAEL RIVERA JIMENEZ, Social Security 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, of legal age, hereinafter "Mr. Rivera"; and

AS PARTY OF THE THIRD PART: LA UNION INDEPENDIENTE DE TRABAJADORES DE AEROPUERTO, hereinafter "the Union" and represented herein by its representative Rafael Rosado.

They hereby freely and voluntarily

STATE

WHEREAS: Mr. Rivera is an employee represented for purposes of salary, working hours and other working conditions by the Union, and which is part of a Collective Bargaining Agreement in effect with the Company, which Collective Bargaining Agreement governs the employment conditions of Mr. Rivera.

WHEREAS: Since on or around December 4, 1992, Mr. Rivera has been suspended from employment and salary and the Union has filed arbitration case No. A-2154-93, in which Mr. Rivera

CERTIFIED To be a true and correct translation from its original. *Aida* 
AIDA TORRES, CERTIFIED INTERPRETER
ADMINISTRATIVE OFFICE OF THE UNITED STATES COURT. 12-29-04

2

protested his indefinite suspension before the Bureau of Conciliation and Arbitration.

WHEREAS: The Company denies that it has incurred in any violation to the Collective Bargaining Agreement or any state or federal law with regard to the indefinite suspension of Mr. Rivera.

WHEREAS:  Mr. Rivera has stated to the Company that he is willing to resign to his employment and to release the Company from any cause of action that he may have against the Company as a result of his employment or the cessation of the same with the Company.

THEREFORE: For the sole purpose of avoiding the expenses and inconvenience entailed by the litigation between the related parties, the parties have decided to dispose of the controversies that exist between them through this agreement, pursuant to which they freely and voluntarily

000009

STIPULATE

1.    For purposes of this Agreement the phrase "the Company" includes the directors, officers, stockholders, supervisors, agents, representatives and/or any other person

CERTIFIED To be a true and correct translation from its original. *[signature]*
AIDA TORRES, CERTIFIED INTERPRETER
ADMINISTRATIVE OFFICE OF THE UNITED STATES COURT. 12-29-04

3

or entity which is somehow related to the aforementioned corporate entity, including, but not limited to, its insurance companies, surety agents, guarantors and/or representatives, and also includes all enterprises related, in any manner whatsoever, with Airport Catering Services, Inc., and grouped under the commercial name of **AIRPORT AVIATION GROUP.**

2. In consideration of the payment of the amount of EIGHT THOUSAND FIVE HUNDRED DOLLARS ($8,500.00) Mr. Rivera voluntarily resigns his employment effective December 4, 1992 and expressly releases the Company from his claim in arbitration Award No. A-2154, A-2657 and A-1840-94 and any other claim, present or future, related directly or indirectly to the cessation of employment of Mr. Rivera or which may arise from the employment relationship with the Company; it being provided that Mr. Rivera waives, without being limited to, any claim which he may have or may have had in the past, known or not, alleged or not alleged, or which may be filed in the future in any other judicial or administrative with regard to: wrongful termination (Law 80 of May 3, 1976); violation of any provision of the collective bargaining agreement; loss of income; any claim for salaries and/or benefits of any kind

CERTIFIED To be a true and correct translation from its original. *Aida Torres*
AIDA TORRES, CERTIFIED INTERPRETER
ADMINISTRATIVE OFFICE OF THE UNITED STATES COURT. 12-29-04

4

under applicable federal and state laws, including damages of any kind, and/or mental anguish, discrimination due to sex, religion, race, age, political beliefs, social condition or origin, impairment of any kind or nature or any other reason prohibited by the Age Discrimination in Employment Act, Title VII of the Federal Civil Rights Act of 1964; Law 100 of June 30, 1959 (Law for discrimination due to age, race, color, religion, sex, national and/or social origin); Law 69 of July 6, 1985 (Law on discrimination in employment due to sex); Federal Rehabilitation Act of 1973; Law #45 of April 18, 1945 (Workmens Compensation Act); Americans with Disabilities Act; Employee Retirement Income Security Act of 1975; The Federal Workers Adjustment Retraining Notification Act; the Puerto Rico Insurance Code, or under any law or federal or state regulation or the Constitutions of the Commonwealth of Puerto Rico and the United States of America, as well as any claim for damages alleged pursuant to Article 1802 of the Civil Code of Puerto Rico.

3. The Company will pay Mr. Rivera the total amount of EIGHT THOUSAND FIVE HUNDRED DOLLARS ($8,500.00) at the time of

000010

CERTIFIED To be a true and correct translation from its original. *Aida [signature]*
AIDA TORRES, CERTIFIED INTERPRETER
ADMINISTRATIVE OFFICE OF THE UNITED STATES COURT. 12-29-04

5

the dismissal with prejudice of arbitration case A-2154-93, without any deduction of aky kind whatsoever, in consideration to his resigning to his employment and as compensation for any damages, including salaries, fringe benefits, Christmas Bonus, and any other damage that Mr. Rivera may have suffered or may suffer in the future as a result of having ceased in his functions.

4. It will not be understood that the payment of the aforementioned amount constitutes an acceptance of guilt or responsibility or admission of any violation whatsoever by the Company of the Collective Bargaining Agreement in effect between the Company and the Union; of the Constitution or to the laws or regulations of the Commonwealth of Puerto Rico or of the United States of America.

5. The parties agree that they will never disclose or publish, or cause other persons to disclose or publish the contents of this Agreement of Transaction and Release or of the conversations between the parties related to the negotiation which gave rise to this Agreement of Transaction and Release.

6. The parties recognize that this Agreement of

000011

CERTIFIED To be a true and correct translation from its original. *[signature]*
AIDA TORRES, CERTIFIED INTERPRETER
ADMINISTRATIVE OFFICE OF THE UNITED
STATES COURT.  12-29-04

6

Transaction and Release has been freely and voluntarily executed with full knowledge of its legal consequences, and that Mr. Rivera has had the benefit of consulting with his Union before reaching the agreement herein detailed and signing this agreement.

8. If any provision of this document is declared null by a court with jurisdiction the other provisions of the document will continue in effect as if the portion declared null had not formed part of the same.

IN WITNESS WHEREOF, the parties execute this document in demonstration of their agreement with everything that is mentioned above.

IN WITNESS WHEREOF, the appearing parties sign this document.

In Hato Rey, Puerto Rico, today December 12, 1994.

By:
AIRPORT CATERING SERVICES, INC.:

(Illegible signature)          s/Ismael Rivera Jiménez
Mr. Francisco Rivera           Mr. Ismael Rivera Jiménez

by:

UNION INDEPENDIENTE DE
TRABAJADORES DE AEROPUERTO (UITA):

s/Rafael Rosado                _____
Rafael Rosado                  Atty. José E. Carreras

000012

CERTIFIED To be a true and correct translation from its original. /s/ Aida Torres
AIDA TORRES, CERTIFIED INTERPRETER
ADMINISTRATIVE OFFICE OF THE UNITED STATES COURT. 12-29-04