EXHIBIT

I (2)

ACUERDO DE TRANSACCION Y RELEVO

COMPARECEN

DE UNA PARTE:  AIRPORT CATERING SERVICES INC., h/n/c ACS
en adelante "la Compañía", representada en este acto por el
Sr. Francisco Rivera, y

DE LA SEGUNDA PARTE:  El/La Sr./Sra. Gloria M. Pillot Correa
Seguro Social 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, mayor de edad, en adelante,
"Sr./Sra. Pillot, y

DE LA TERCERA PARTE:  La UNION INDEPENDIENTE DE
TRABAJADORES DE AEROPUERTO, en adelante "la Unión", y
representada en este acto por su representante Jose A. Ortiz

Por este medio libre y voluntariamente

EXPONEN

POR CUANTO:  El/La Sr./Sra. Pillot Correa es un(a) empleado(a)
representado(a) para efectos de salarios, horas de trabajo y
otras condiciones de empleo por la Unión, y la cual es parte de
un Convenio Colectivo vigente con la Compañía, en cuyo Convenio
Colectivo se rigen las condiciones de empleo del
Sr./Sra.

POR CUANTO:  Desde en o alrededor del 17 de enero  de
1992, tanto el/la Sr./Sra. Pillot Correa  como otros empleados
de la Compañía han estado suspendidos de empleo y sueldo.  La
legalidad de dichos despidos fue litigada por las partes en los
casos de arbitraje Núms. A-2657 y A-1840-94.

El 16 de junio de 1994, tanto el/la Sr./Sra. Pillot Correa
como un número de querellantes obtuvieron un Laudo de Arbitraje
favorable en esos casos, ordenando la reposición en el empleo y
paga retroactiva de salarios y otros beneficios marginales
dejados de devengar del Sr./Sra. Pillot Correa y de los otros
querellantes.

POR CUANTO:  La Compañía recurrió en revisión judicial de
los antes mencionados laudos ante el Tribunal de Distrito de los
Estados Unidos en el caso Núm. 94-1979 y que están actualmente
pendiente de resolución ante dicho foro.

ACUERDO DE TRANSACCION Y RELEVO

-2-

POR CUANTO:  La Compañía niega que haya incurrido en violación alguna al Convenio Colectivo o a cualquier ley estatal o federal con relación a la suspensión indefinida del Sr./ Sra. Pillot Correa y de los otros querellantes.

POR CUANTO:  El/La Sr./Sra. Pillot Correa reconoce que la revisión del Laudo en los casos A-2657 y A-1840-94 puede tardar dos o tres años en los Tribunales.

POR CUANTO:  El/La Sr./Sra. Pillot Correa le ha manifestado a la Compañía que a pesar de lo resuelto por el Laudo de Arbitraje antes mencionado, y aunque su validez fuese sostenida por los tribunales de justicia federales, no tiene interés alguno en regresar a su empleo con la Compañía.

POR CUANTO:  El/La Sr./Sra. Pillot Correa está dispuesto(a) a renunciar a todo los derechos de reposición, salarios y beneficios marginales de acuerdo al Laudo de Arbitraje en los casos antes mencionados y, de igual forma, está dispuesto(a) a relevar a la Compañía de cualquier causa de acción que él(ella) pudiese tener en su contra como consecuencia de su empleo o el cese del mismo con la Compañía.

POR CUANTO:  También está dispuesto(a) el/la Sr./Sra. Pillot Correa a desistir del remedio acaecido a su favor en el Caso A-2657 y A-1840-94, aún en el caso de que en su día el Laudo fuese sostenido por el Tribunal Federal.

POR TANTO:  Con el sólo propósito de ponerle fin a la presente controversia, la cual el/la Sr./Sra. Pillot Correa entiende que ya está resuelta favorablemente para él/ella en vista de la oferta monetaria que le ha hecho la Compañía, las partes libre y voluntariamente

ESTIPULAN

1.  Para efectos de este Acuerdo, la frase "La Compañía" incluye, directores, oficiales, accionistas, supervisores, agentes, representantes y las sociedades de gananciales de las que éstos formen parte y/o cualquier otra persona o entidad que

ACUERDO DE TRANSACCION Y RELEVO

-3-

de alguna forma esté relacionada con la entidad corporativa
mencionada, incluyendo, pero sin limitarse a, sus aseguradores,
garantizadores, fiadores y/o representantes, y de igual forma
incluye todas aquellas empresas relacionadas, en la forma que
sea, con Airport Catering Services, Inc., y agrupadas bajo el
nombre comercial AIRPORT AVIATION GROUP y/o EMPRESAS SANTANA.

2. En consideración al pago de la suma de 15,092.00
el/la Sr./Sra. Pillot Correa voluntariamente renuncia a su
empleo efectivo el 17 de enero de 1998, y expresamente
renuncia al remedio que fue emitido en el Laudo de arbitraje Núm.
A-2657 y A-1840-94, consistente en su reposición al empleo con
paga retroactiva.

3. Igualmente renuncia el/la Sr./Sra. Pillot Correa a cualquier
reclamación, presente o futura, relacionada directa o indirecta-
mente al cese de empleo del Sr./Sra. Pillot Correa que surgiera de la
relación de empleo que cesara el 17 de enero de 1998;
disponiéndose que el/la Sr./Sra. Pillot renuncia, sin limitarse
a, cualquier reclamación que pueda tener o haber tenido en el
pasado, conocidas o no, alegadas o no alegadas, o pueda ser
traída en un futuro en cualquier otro judicial o administrativo,
con relación a: despido injustificado (Ley 80 del 30 de mayo de
1976); violación de alguna disposición del convenio colectivo;
pérdida de ingresos; cualquier reclamación de salarios y/o
beneficios de cualquier clase bajo el convenio colectivo, las
leyes federales y estatales tales como Worker Adjustment and
Training Notification Act del 1989 (W.A.R.N.), Consolidated
Omnibus Budget Reconciliation Act del 1986 (C.O.B.R.A.),
incluyendo daños de cualquier clase, y/o angustias mentales,
discrimen por sexo, religión, raza, edad, ideas políticas,
condición u origen social, origen nacional, impedimento de
cualquier clase o cualquier otra razón prohibida por la Ley
Federal de Discrimen por Edad en el Empleo (Age Discrimination in
Employment Act), Título VII de la Ley Federal de Derechos Civiles
de 1964; Ley 100 del 30 de junio de 1959 (Ley de discrimen por

ACUERDO DE TRANSACCION Y RELEVO

-4-

razón de edad, raza, color, religión, sexo, origen nacional y/o
social); Ley 69 del 6 de julio de 1985 (Ley de discrimen en el
empleo por razón de sexo);  Ley de Rehabilitación Federal del
1973; la Ley #45 del 18 de abril del 1945 (Ley de Compensación
por Accidentes del Trabajo); Americans with Disabilities Act;
Ley Núm. 44 del 2 de julio del 1985 según enmendada por la Ley
Núm 105 del 20 de diciembre del 1991 (Prohibición de Discrimen
contra Impedidos); Employee Retirement Income Security Act de
1975; la Ley Federal Workers Adjustment Retraining Notification
Act; el Código de Seguros de Puerto Rico, National Labor
Relations Board o bajo cualquier otra ley o reglamento federal o
estatal o las Constituciones del Estado Libre Asociado de Puerto
Rico y de los Estados Unidos de América, así como a cualquier
reclamación por alegados daños y perjuicios al amparo del
Artículo 1802 del Código Civil de Puerto Rico.

    4.  La Compañía le pagará al/a la Sr./Sra. Pillot Correa la
suma total de 15,892.00                al momento en que este
Acuerdo sea válido y final, o sea al OCTAVO (8vo.) día de su
firma, sujeto a las cuotas de la Unión y/o cualquier otra
deducción aplicable, si alguna, como indemnización por los
daños y perjuicios, que el/la Sr./Sra. Pillot Correa haya sufrido o
pueda sufrir en el futuro como consecuencia de la controversia
objeto del laudo de arbitraje a que se hace referencia en el
segundo POR CUANTO de este Acuerdo.  Como consideración
adicional al pago de la suma antes indicada, dentro de los siete
(7) días siguientes a la fecha de la firma de este Acuerdo, la
Unión por su parte deberá haber retirado con perjuicio al/a la
Sr./Sra. Pillot Correa        como querellante en el caso A-2657 y
A-1840-94, a lo cual el/la  Sr./Sra. Pillot Correa  consiente
libremente.

    5.  También será condición de pago de la suma que se
describe en el párrafo 2 de este Acuerdo, que el Secretario del

ACUERDO DE TRANSACCION Y RELEVO

-5-

Trabajo de Puerto Rico o su representante autorizado haya aprobado este acuerdo, incluyendo su firma al final de este Acuerdo y Relevo.

6. No se entenderá que el pago de la suma antes mencionada constituye aceptación de culpa o responsabilidad o admisión de violación alguna por parte de la Compañía al Convenio Colectivo vigente entre la Compañía y la Unión; a la Constitución o a las leyes o reglamentos del Estado Libre Asociado de Puerto Rico o de los Estados Unidos de América.

7. Las partes se comprometen a que nunca divulgarán o publicarán, ni causarán que otras personas divulguen o publiquen el contenido de este Acuerdo de Transacción y Relevo ni de las conversaciones entre las partes relacionadas con la negociación que dio lugar al presente Acuerdo de Transacción y Relevo, excepto ante los Tribunales o agencias administrativas con jurisdicción en caso de surgir una controversia.

8. Las partes reconocen que se ha otorgado este Acuerdo de Transacción y Relevo libre y voluntariamente y con pleno conocimiento de sus consecuencias legales, y que el/la Sr./Sra. Pillot Correa    ha tenido el beneficio de consultar con su Unión y su representante legal, antes de llegar al acuerdo que aquí se detalla y de suscribir este documento. El/La Sr./Sra. Pillot Correa    y la Unión reconocen que la cantidad de dinero pagado es conforme a la requerida en el Laudo emitido en los casos de arbitraje A-2657 y A-1840-94.

9. El/La Sr./Sra. Pillot Correa    reconoce y acepta voluntariamente que durante su empleo con la Compañía él/ella nunca ha sido objeto de discrimen alguno por la Compañía, incluyendo pero sin limitarse a discrimen por razón de edad, raza, color, religión, sexo, origen social o nacional, condición de empleo, ni por incapacidad física o mental.

10. El/La Sr./Sra. Pillot Correa acepta que con los dineros pagados, conforme al párrafo 2 de este Acuerdo, se le compensa por todo y cualquier daño que él/ella y/o su familia y/o sus

000017

ACUERDO DE TRANSACCION Y RELEVO

-6-

dependientes hayan sufrido por razón del despido objeto de los casos de arbitraje Núm. A-2657 y A-1840-94.

11. El/La Sr./Sra. *Pillot* reconoce que ha tenido más de veintiún (21) días para asesorarse legalmente y que ha tenido tiempo razonable y suficiente para estudiar el mismo. El/La Sr./Sra. *Pillot* expresa que este documento incorpora fielmente los acuerdos habidos entre las partes y que lo ha examinado detenidamente y luego de considerarlo, es su deseo firmar el mismo en el día de hoy. También tiene conocimiento de que tiene siete (7) días para revocar su consentimiento a los acuerdos aquí convenidos, a partir de la fecha en que lo firme, cuya revocación deberá notificar por escrito, dentro de esos siete (7) días.

12. Si cualquier disposición de este documento fuese declarada nula por un tribunal competente, las demás disposiciones del documento continuarán en vigor como si la porción declarada nula no hubiese formado parte del mismo.

EN MERITO DE LO ANTES EXPUESTO, las partes otorgan el presente documento en muestra de su conformidad con todo lo antes mencionado.

Y PARA QUE ASI CONSTE, las partes aquí comparecientes firman el presente documento.

En *Carolina,* Puerto Rico, hoy día *28* de *sept.* de 1995.

por:

AIRPORT CATERING SERVICES INC.:

Sr. Francisco Rivera

por:

UNION INDEPENDIENTE DE TRABAJADORES DE AEROPUERTO (UITA):

Lcdo. Francisco Guzmán Rivera

000018

ACUERDO DE TRANSACCION Y RELEVO

-7-

### JURAMENTO

Yo, *Gloria M. Pillot*, mayor de edad, <u>soltero</u>(a)/casado(a), empleado de *ACS*, y vecino(a) de *Carolina*, Puerto Rico, bajo juramento declaro:

1. Que mi nombre y demás circunstancias personales son las anteriormente indicadas.

2. Que el Acuerdo de Transacción y Relevo que antecede es cierto y estoy conforme con su contenido por lo cual firmo la presente, en *Carolina*, Puerto Rico, hoy día *28* de *septiembre* de 1995.

*Gloria M. Pillot Correa*
_____
Querellante

Afidávit Núm. *414*

Jurado y suscrito ante mí por *Gloria M. Pillot Correa* de las circunstancias personales antes indicadas y a quien doy fe de conocer personalmente *Carolina*, Puerto Rico, hoy día *28* de *septiembre* de 1995.

_____
NOTARIO PÚBLICO

APROBADO

Yo, _____, en representación del Secretario del Trabajo y Recursos Humanos de Puerto Rico, firmo y apruebo el presente escrito hoy día ___ de _____ de 1995, a los fines de aseverar que he leído la estipulación que antecede y he informado a las personas del alcance de cada una de sus cláusulas. Así mismo, he asesorado a éstas sobre derechos y obligaciones al amparo de la legislación protectora del trabajador.

TRANSACTION AND RELEASE AGREEMENT

APPEAR

AS PARTY OF THE FIRST PART: AIRPORT CATERING SERVICES, INC., d/b/a ACS, hereinafter "the Company", represented herein by Mr. Francisco Rivera; and

AS PARTY OF THE SECOND PART: Mr./Mrs. Gloria M. Pillot Correa, Social Security 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, of legal age, hereinafter "Mr./Mrs. Pillot"; and

AS PARTY OF THE THIRD PART: LA UNION INDEPENDIENTE DE TRABAJADORES DE AEROPUERTO, hereinafter "the Union" and represented herein by its representative José A. Ortiz.

They hereby freely and voluntarily

STATE

WHEREAS: Mr./Mrs. Pillot Correa is an employee represented for purposes of salary, working hours and other working conditions by the Union, and which is part of a Collective Bargaining Agreement in effect with the Company, which Collective Bargaining Agreement governs the employment conditions of Mr./Mrs.

WHEREAS: Since on or around January 17, 1992, Mr./Mrs. Pillot as well as other employees of the Company have been suspended from employment and salary. The legality of said

CERTIFIED To be a true and correct translation from its original. *[signature]*
AIDA TORRES, CERTIFIED INTERPRETER ADMINISTRATIVE OFFICE OF THE UNITED STATES COURT. *12-27-04*

2

dismissal was litigated by the parties in arbitration cases Nos. A-2657 and A-1840-94.

On June 16, 1994 Mr./Mrs. Pillot Correa as well as a number of complainants received a favorable Arbitration Award in said cases, ordering the reinstatement in the employment and retroactive pay of salaries and other fringe benefits which Mr./Mrs. Pillot Correa and the other complainants had not earned.

WHEREAS:  The Company resorted in judicial review of the aforementioned award to the U.S. District Court in case No. 94-1979 and which is presently pending resolution before said forum.

000013

WHEREAS: The Company denies that it has incurred in any violation to the Collective Bargaining Agreement or any state or federal law with regard to the indefinite suspension of Mr./Mrs. Pillot Correa and the other complainants.

WHEREAS:  Mr./Mrs. Pillot Correa recognize that the review of the Award in cases A-2657 and A-1840-94 can take two or three years in the Courts.

CERTIFIED To be a true and correct trans-
lation from its original *Aida Torres*
AIDA TORRES, CERTIFIED INTERPRETER
ADMINISTRATIVE OFFICE OF THE UNITED
STATES COURT. 12-29-04

3

WHEREAS:   Mr./Mrs.  Pillot  Correa  have  stated  to  the Company that despite what was resolved by the aforementioned Arbitration  Award,  and  even  if  its  validity  were  to  be sustained  by  the  federal  courts  of  justice,  he/she  has  no interest whatsoever in returning to work for the Company.

WHEREAS:  Mr./Mrs.  Pillot  Correa  is  willing  to  waive  all the  rights  to  reinstatement,  salaries  and  fringe  benefits  in accordance  with  the  Arbitration  Award  in  the  aforementioned cases and,  he/she is also willing to release the Company from any  cause  of  action  that  he/she  may  have  against  it  as  a result  of  their  employment  of  the  cessation  of  the  same  with the Company.

WHEREAS:   Mr./Mrs.  Pillot  Correa  is  also  willing  to dismiss  the  remedy  which  was  issued  in  their  favor  in  Case  A-2657 and A-1840-94,  even  if in due time the Award were to be sustained by the federal court.

THEREFORE.   For  the  sole  purpose  of  ending  this controversy,  which  Mr./Mrs.  Pillot  Correa  understand  has already been favorably resolved in their favor in view of the monetary offer that the Company has made,  the parties freely and voluntarily

CERTIFIED To be a true and correct trans-
lation from its original *Aida Torres*
AIDA TORRES, CERTIFIED INTERPRETER
ADMINISTRATIVE OFFICE OF THE UNITED
STATES COURT. 12-29-04

4

STIPULATE

1.    For  purposes  of  this  agreement,  the  phrase  "the
Company"   includes,   directors,   officers,   stockholders,
supervisors,   agents,   representatives   and   the   conjugal
partnerships  of  which  they  form  part  and/or  any  other  person

000014

or  entity  that  is  in  any  manner  related  to  the  corporate
entity  mentioned,  including,  but  not  limited  to,  its  insurers,
surety  agents,  guarantors  and/or  representatives,  and  it  also
includes  all  companies  related,  in  any  manner  whatsoever,  to
Airport  Catering  Services,  Inc.,  and  grouped  under  the
commercial  name  of  AIRPORT  AVIATION  GROUP  and/or  EMPRESAS
SANTANA.

2.    In  consideration  of  the  payment  of  the  amount  of
$15,892.00  Mr./Mrs.  Pillot  Correa  voluntarily  resign  their
employment  effective  January  17,  1992  and  expressly  waive  the
remedy  which  was  issued  in  arbitration  Award  No.  A-2657  and  A-
1840-94,  consisting  in  their  reinstatement  to  employment  with
retroactive  pay.

3.    Mr./Mrs.  Pillot  Correa  also  expressly  waive  any
claim,  present  or  future,  related  directly  or  indirectly  to

CERTIFIED To be a true and correct trans-
lation from its original
AIDA TORRES, CERTIFIED INTERPRETER
ADMINISTRATIVE OFFICE OF THE UNITED
STATES COURT. 12-29-04

5

the cessation of employment of Mr./Mrs. Pillot Correa or which
may arise from the employment relationship that ceased on
January 17, 1992, it being provided that Mr./Mrs. Pillot
waive, without being limited to, any claim which he/she may
have or may have had in the past, known or not, alleged or not
alleged, or which may be filed in the future in any other
judicial or administrative with regard to:  wrongful
termination (Law 80 of May 3, 1976); violation of any
provision of the collective bargaining agreement; loss of
income; any claim for salaries and/or benefits of any kind
under the collective bargaining agreement, federal and state
laws such as Worker Adjustment and Training Notification Act
of 1989 (W.A.R.N.), Consolidated Omnibus Budget Reconciliation
Act of 1986 (C.O.B.R.A.), including damages of any kind,
and/or mental anguish, discrimination due to sex, religion,
race, age, political beliefs, condition or social origin,
national origin, impairment of any kind or any other reason
prohibited by the Age Discrimination in Employment Act; Title
VII of the Federal Civil Rights Act of 1964; Law 100 of June
30, 1959 (Law for discrimination due to age, race, color,

000015



CERTIFIED To be a true and correct trans-
lation from its original *Aida Torres*
AIDA TORRES, CERTIFIED INTERPRETER
ADMINISTRATIVE OFFICE OF THE UNITED
STATES COURT.   12-29-04

6

religion, sex, national and/or social origin); Law 69 of July
6, 1985 (Law on discrimination in employment due to sex);
Federal Rehabilitation Act of 1973; Law #45 of April 18, 1945
(Workmens Compensation Act); Americans with Disabilities Act;
Law No. 44 or July 2, 1985, as amended by Law No. 105 of
December 20, 1991 (Prohibition of Discrimination against
Disabled Persons); Employee Retirement Income Security Act of
1975; The Federal Workers Adjustment Retraining Notification
Act; the Puerto Rico Insurance Code, National Labor Relations
Board or under any law or federal or state regulation or the
Constitutions of the Commonwealth of Puerto Rico and the
United States of America, as well as any claim for damages
alleged pursuant to Article 1802 of the Civil Code of Puerto
Rico.

4. The Company will pay Mr./Mrs. Pillot Correa the total
amount of $15,892.00 at the time this Agreement becomes final
and binding, that is on the EIGHTH (8th) day of its signature,
subject to Union dues and/or any other applicable deduction,
if any, as compensation for damages, which Mr./Mrs. Pillot
Correa have suffered or may suffer in the future as a result
of the controversy subject to the arbitration award that is

CERTIFIED To be a true and correct trans-
lation from its original *Aida Torres*
AIDA TORRES, CERTIFIED INTERPRETER
ADMINISTRATIVE OFFICE OF THE UNITED
STATES COURT. *12-29-04*

7

referenced in the second WHEREAS of this Agreement. As an additional consideration for the payment of the sum indicated above, within seven (7) days following the date of the signing of this Agreement, the Union on its part must have removed Mr./Mr. Pillot Correa with prejudice as a complainant in case A-2657 and A-1840-94, to which Mr./Mrs. Pillot Correa freely consent.

5. It will also be a condition of payment of the amount described in paragraph 2 of this Agreement, that the Secretary

000016

of Labor of Puerto Rico, or his authorized representative, have approved this agreement, including his signature at the end of this Agreement and Release.

6. It will not be understood that the payment of the aforementioned amount constitutes an acceptance of guilt or responsibility or admission of any violation whatsoever by the Company of the Collective Bargaining Agreement in effect between the Company and the Union; of the Constitution or to the laws or regulations of the Commonwealth of Puerto Rico or of the United States of America.

CERTIFIED To be a true and correct translation from its original. *Aida Torres*
AIDA TORRES, CERTIFIED INTERPRETER
ADMINISTRATIVE OFFICE OF THE UNITED
STATES COURT. 12-29-04

**8**

7.    The parties agree that they will never disclose or publish, or cause other persons to disclose or publish the contents of the Agreement of Transaction and Release or of the conversations between the parties related to the negotiation which gave rise to this Agreement of Transaction and Release, except before the Courts or administrative agencies with jurisdiction, should there arise a controversy.

8.    The parties recognize that this Agreement of Transaction and Release has been freely and voluntarily executed with full knowledge of its legal consequences, and that Mr./Mrs. Pillot Correa have had the benefit of consulting with their Union and their legal representative, before reaching the agreement herein detailed and signing this agreement.  Mr./Mrs. Pillot Correa and the Union recognize that the amount of money paid is in agreement with the one required in the Award issued in arbitration cases A-2657 and A-1840-94.

9.    Mr./Mrs. Pillot Correa recognize and accept voluntarily that during their employment with the Company he/she were never subject to any discrimination whatsoever by the Company, including without being limited to discrimination

CERTIFIED To be a true and correct trans-
lation from its original *Aida Torres*
AIDA TORRES, CERTIFIED INTERPRETER
ADMINISTRATIVE OFFICE OF THE UNITED
STATES COURT.  *12-29-04*

9

due to age, race, color, religion, sex, national or social origin, condition of employment or for physical or mental disability.

10.  Mr./Mrs. Pillot Correa accept that with the monies paid, pursuant to paragraph 2 of this Agreement, compensation has been made for any and all damages that he/she and/or their

000017

family and/or their dependents have suffered as a result of the dismissal subject to arbitration cases No. A.2657 and A-1840-94.

11.  Mr./Mrs. Pillot Correa recognize that they have had more than twenty one (21) days to seek legal advice and that they have had reasonable and sufficient time to study the same.  Mr./Mrs. Pillot Rivera state that this document fully incorporates the agreements between the parties and that he/she has examined it carefully and after considering the same, it is his/her desire to sign the same today.  He/she also knows that he/she has seven (7) days to revoke their consent to the agreement herein agreed, as of the date of their signature, which revocation must be notified in writing, within said seven (7) days.

CERTIFIED To be a true and correct translation from its original *Aida Torres*
AIDA TORRES, CERTIFIED INTERPRETER
ADMINISTRATIVE OFFICE OF THE UNITED
STATES COURT. 12-29-04

10

   12.  If any provision of this document is declared null by a court with jurisdiction the other provisions of the document will continue in effect as if the portion declared null had not formed part of the same.

   IN WITNESS WHEREOF, the parties execute this document in demonstration of their agreement with everything that is mentioned above.

   IN WITNESS WHEREOF, the appearing parties sign this document.

   In Carolina, Puerto Rico, today Sept. 28, 1995.

By:
AIRPORT CATERING SERVICES, INC.:

(Illegible signature)
Mr. Francisco Rivera

by:

UNION INDEPENDIENTE DE
TRABAJADORES DE AEROPUERTO (UITA):

s/José A. Ortiz          _____
                          Atty. Francisco Guzmán Rivera

                                   000018

CERTIFIED To be a true and correct translation from its original. *(signature)*
AIDA TORRES, CERTIFIED INTERPRETER
ADMINISTRATIVE OFFICE OF THE UNITED
STATES COURT. 12-29-04

11

OATH

I, Gloria M. Pillot, of legal age, <u>single</u>/married, employee of ACS, and resident of Carolina, Puerto Rico, under oath state:

1.    That my name and personal circumstances are as previously indicated.

2.    That the preceding Agreement of Transaction and Release is true and I am in agreement with its contents wherefore I sign this document in Carolina, Puerto Rico, today the 28th of September of 1995.

S/Gloria M. Pillot Correa

Complainant

Affidavit No. 414

Sworn and subscribed to before me by Gloria M. Pillot Correa of the above stated personal circumstances whom I attest I personally know in Carolina, Puerto Rico today the 28th day of September, 1995.

/s/ Illegible

Notary Public

CERTIFIED To be a true and correct trans-
lation from its original. *Aida Torres*
AIDA TORRES, CERTIFIED INTERPRETER
ADMINISTRATIVE OFFICE OF THE UNITED
STATES COURT.  12-29-04

12

APPROVED

I, _____, on behalf of the

Secretary of Labor and Human Resources of Puerto Rico, sign

and approve this document today the _____ day of _____

_____ Of 1995, in order to certify that I have read the

preceding stipulation and have informed the persons of the

scope of each of its clauses.  I have also advised them of the

rights and obligations pursuant to the legislation that

protects workers.

_____

000019

CERTIFIED To be a true and correct trans-
lation from its original. *Aida Torres*
AIDA TORRES, CERTIFIED INTERPRETER
ADMINISTRATIVE OFFICE OF THE UNITED
STATES COURT.  *12-29-04*