EXHIBIT

I (17)

**ACUERDO DE TRANSACCION Y RELEVO**

COMPARECEN

DE UNA PARTE:  AIRPORT CATERING SERVICES INC., h/n/c ACS en adelante "la compañía", representada en este acto por el Sr. Francisco Rivera.

DE LA SEGUNDA PARTE: El/La Sr./Sra. Salvador Reyes Nieves Seguro Social 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, mayor de edad, en adelante, "Sr./Sra. Reyes ", y

DE LA TERCERA PARTE:  La UNION INDEPENDIENTE DE TRABAJADORES DE AEROPUERTO, en adelante "la Unión", y representada en este acto por su representante Jose A. Ortiz

Por este medio libre y voluntariamente:

EXPONEN

POR CUANTO:  El/La Sr./Sra. Reyes  es un(a) empleado(a) representado(a) para efectos de salarios, horas de trabajo y otras condiciones de empleo por la Unión, y la cual es parte de un Convenio Colectivo vigente con la Compañía, en cuyo Convenio Colectivo se rigen las condiciones de empleo del Sr./Sra. Reyes.

POR CUANTO:  Desde en o alrededor del 17 de enero de 1992, tanto el/la Sr./Sra. Reyes  como otros empleados de la Compañía han estado suspendidos de empleo y sueldo.  La legalidad de dichos despidos fue litigada por las partes en los Casos de Arbitraje Núms. A-2657 y A-1840-94, y en el Caso. Núm. 94-1979 (SEC), ante el Tribunal de Distrito de los Estados Unidos.

El 16 de junio de 1994, tanto el/la Sr./Sra. Reyes. como un número de querellantes obtuvieron un Laudo de Arbitraje favorable en esos casos, ordenando la reposición en el empleo y paga retroactiva de salarios y otros beneficios marginales dejados de devengar del Sr./Sra. Reyes  y de los otros querellantes, y dicho laudo fue ssotenido en la Sentencia emitida por el Tribunal de Distrito, Caso Núm. 94-1979 (SEC).

POR CUANTO:   La Compañía recurrió en apelación de la antes mencionada Sentencia del Tribunal de Distrito de los Estados Unidos en el Caso Núm. 94-1979 (SEC).

POR CUANTO:   La Compañía niega que haya incurrido en violación alguna al Convenio Colectivo o a cualquier ley estatal o

000136

federal con reclación a la suspensión indefinida del
Sr./Sra. Reyes y de los otros querellantes.

POR CUANTO:    El/La Sr./Sra. Reyes reconoce que la
revisión del Laudo en los casos A-2657 y A-1840-94 puede tardar dos
o tres años en los Tribunales.

POR CUANTO:    El/La Sr./Sra. Reyes la ha
manisfestado a la Compañía que a pesar de lo resuelto por el Laudo
de Arbitraje y la Sentencia del Tribunal antes mencionados, y
aunque su validez fuese sostenida por los tribunales apelativos de
justicia federales, no tiene interés alguno en regresar a su empleo
con la Compañía.

POR CUANTO:    El/La Sr./Sra. Reyes está
dispuesto(a) a renunciar a todo los derechos de reposición,
salarios y beneficios marginales de acuerdo al Laudo de Arbitraje
y Sentencia en los casos antes mencionados y, de igual forma, está
dispuesto(a) a relevar a la Compañía de cualquier causa de acción
que él(ella) pudiese tener en su contra como consecuencia de su
empleo o el cese del mismo con la Compañía.

POR CUANTO:    También está disuesto(a) el/la Sr./Sra.
Reyes a desistir del remedio acaecido a su
favor en el Caso A-2657 y A-1840-94, en la Sentencia antes
mencionada, aún en el caso de que en su día el Laudo y la Sentencia
fuesen sostenidos por el Tribunal Apelativo Federal.

POR TANTO:    Con el sólo propósito de ponerle fin a la
presente controversia, la cual el/la Sr./Sra. Reyes
entiende que ya está resuelta favorablemente para él/ella en vista
de la oferta monetaria que le ha hecho la Compañía, las partes
libre y voluntariamente

ESTIPULAN

1.    Para efectos de este Acuerdo, la frase "La Compañía"
incluye, directores, oficiales, accionistas, supervisores, agentes,
representantes y las sociedades de gananciales de las que estos
formen parte y/o cualquier otra persona o entidad que de alguna
forma esté relacionada con la entidad corporativa mencionada,
incluyendo, pero sin limitarse a sus aseguradores, garantizadores,

000137

fiadores y/o representantes, y de igual forma incluye todas aquella
empresas relacionadas, en la forma que sea, con Airport Catering
Services, Inc., y agrupadas bajo el nombre comercial AIRPORT
AVIATION GROUP y/o EMPRESAS SANTANA.

2.    En consideración al pago de la suma de $ 18,798.52
el/la Sr./Sra. *Reyes* voluntariamente renuncia a su
empleo efectivo el 17 de ENERO de 199_2_, y
expresamente renuncia al remedio que fue emitido en el Laudo de
Arbitraje Núm. A-2657 y A-1840-94, y en la Sentencia en el Caso
Núm. 94-1979 (SEC), consistente en su reposición al empleo con paga
retroactiva.

3.    Igualmente renuncia el/la Sr./Sra. *Reyes* a
cualquier reclamación, presente o futura, relacionada directa o
indirectamente al cese de empleo del Sr./Sra. *Reyes* o que
surgiera de la relación de empleo que cesara el 17 de enero
de 199_2_  ; disponiéndose que el/la Sr./Sra. *Reyes*
renuncia, sin limitarse a, cualquier reclamación que pueda tener o
haber tenido en el pasado, conocidas o no, alegadas o no alegadas,
o pueda ser traída en un futuro en cualquier otro judicial o
administrativo, con relación a: despido injustificado (Ley 80 del
30 de mayo de 1976); violación de alguna disposición del convenio
colectivo; pérdida de ingresos; cualquier reclamación de salarios
y/o beneficios de cualquier clase bajo las leyes federales y
estatales tales como Worker Adjustment and Training Notification
Act del 198 (W.A.R.N.), Consolidated Omnibus Budget Reconciliation
act del 1986 (C.O.B.R.A.), incluyendo daños de cualquier clase, y/o
angustias mentales, discrimen por sexo, religión, raza, edad, ideas
políticas, condición u origen social, origen nacional, impedimento
de cualquier clase o cualquier otra razón prohibida por la Ley
Federal de Discrimen por Edad en el Empleo (Age Discrimination in
Employment Act), Título VII de la Ley Federal de Derechos Civiles
de 1964; Ley 100 del 30 de junio de 1959 (Ley de discrimen por
razón de edad, raza, color, religión, sexo, origen nacional y/o
social); Ley 69 del 6 de julio de 1985 (Ley de discrimen en el
empleo por razón de sexo); Ley de Rehabilitación Federal del 1973;

3

la Ley #45 del 18 de abril de 1945 (Ley de Compensación por Accidentes del Trabajo); Americans with Disabilities Act; Ley Núm. 44 del 2 de julio de 1985 según enmendada por la Ley Núm. 105 del 20 de diciembre de 1991 (Prohibición de Discrimen contra Impedidos); Employee Retirement Income Security Act de 1975; la Ley Federal Workers Adjustment Retraining Notification Act; el Código de Seguros de Puerto Rico, o bajo cualquier otra ley o reglamento federal o estatal o las Constituciones del Estado Libre Asociado de Puerto Rico y de los Estados Unidos de América, así como a cualquier reclamación por alegados daños y perjuicios al amparo del Artículo 1802 del Código Civil de Puerto Rico.

4.    La Compañía le pagará al/a la Sr./Sra. *Reyes* la suma total de $ 18,798.52 al momento en que este Acuerdo sea válido y final, o sea al OCTAVO (8vo.) día de su firma, sujeto a las cuotas de la Unión y/o cualquier otra deducción aplicable, si alguna, como indemnización por los daños y perjuicios, que el/la Sr./Sra. *Reyes* haya sufrido o pueda sufrir en el futuro como consecuencia de la controversia objeto del laudo de arbitraje y la Sentencia a que se hace referencia en el segundo POR CUANTO de este Acuerdo. Como consideración adicional al pago de la suma antes indicada, dentro de los siete (7) días siguientes a la fecha de la firma de este Acuerdo, la Unión por su parte deberá haber retirado con perjuicio al/a la Sr./Sra. *Reyes* como querellante en al caso A-2657 y A-1840-94, y del caso ante los Tribunales Federales, a lo cual el/la Sr./Sra. *Reyes* consiente libremente.

5.    También será condición de pago de la suma que se describe en el párrafo 2 de este Acuerdo, que el Secretario del Trabajo de Puerto Rico o su representante autorizado haya aprobado este acuerdo, incluyendo su firma al final de este Acuerdo y Relevo,

6.    No se entenderá que el pago de la suma antes mencionada constituye aceptación de culpa o reponsabilidad o admisión de violación alguna porparte de la Compañía al Convenio Colectivo vigente entre la Compañía y la Unión; a la Constitución o a las

4

leyes o reglamentos del Estado Libre Asociado de Puerto Rico o de los Estados Unidos de América.

7.    Las partes se comprometen a que nunca divulgarán o publicarán, ni causarán que otras personas divulguen o publiquen el contenido de este Acuerdo de Transacción y Relevo ni de las conversaciones entre las partes relacionadas con la negociación que dio lugar la presente Acuerdo de Transacción y Relevo, excepto ante los Tribunales o agencias administrativas con jurisdicción en caso de surgir una controversia.

8.    Las partes reconocen que se ha otrogado este Acuerdo de Transacción y Relevo libre y voluntariamente y con pleno conocimiento de sus consecuencias legales, y que el/la Sr./Sra. _Reyes_ ha tenido el beneficio de consultar con su Unión y su representante legal, antes de llegar al acuerdo que aquí se detalla y de suscribir este documento. El/La Sr./Sra. _Reyes_ y la Unión reconocen que la cantidad de dinero pagado es conforme a la reqquerida en el Laudo emitido en los casos de arbitraje A-2657 y A-1840-94 y la Sentencia en el Caso Núm. 94-1979 (SEC).

9.    El/La Sr./Sra. _Reyes_ reconoce y acepta voluntariamente que durante su empleo con la Compañía él/ella nunca ha sido objeto de discrimen alguno por la Compañía, incluyendo pero sin limitarse a discrimen por razón de edad, raza, color, religión, sexo, origen social o nacional, condición de empleo, ni por incapacidad física mental.

10.    El/La Sra./Sra. _Reyes_ acepta que con los dineros pagados, conforme al párrafo 2 de este Acuerdo, se le compensa por todo y cualquier daño que él/ella y/o su familia y/o sus dependientes hayan sufrido por razón del despido objeto de los casos de arbitraje Num. A-2657 y A-1840-04 y de la Sentencia del Tribunal Federal.

11.    El/La Sr./Sra. _Reyes_ reconoce que ha tenido más de VEINTIUN (21) días para asesorarse legalmente y que ha tenido tiempo razonable y suficiente para estudiar el mismo. El/La Sr./Sra. _Reyes_ expresa que este documento incorpora fielmente los acuerdos habidos entre las partes y que lo ha examinado

5

00140

detenidamente y luego de considerarlo, es su deseo firmar el mismo en el día de hoy.  También tiene conocimiento de que tiene siete (7) días para revocar su consentimiento a los acuerdos aquí convenidos, a partir de la fecha en que lo firme, cuya revocación deberá notificar por escrito, dentro de esos siete (7) días.

12. Si cualquier disposición de este documento fuese declarada nula por un tribunal competente, las demás disposiciones del documento continuarán en vigor como si la porción declarada nula no hubiese formado parte del mismo.

EN MERITO DE LO ANTES EXPUESTO, las partes otorgan el presente documento en muestra de su conformidad con todo lo antes mencionado.

Y PARA QUE ASI CONSTE, las partes aquí comparecientes firman el presente documento.

En Carolina, Puerto Rico, hoy día  1  de  abril  de 1996.


AIRPORT CATERING SERVICES, INC.

_____
Francisco Rivera


UNION INDEPENDIENTE DE
TRABAJADORES DE AEROPUERTO (UITA)


_____          _____
                                          Lcdo. José E. Carreras

6

000141

JURAMENTO

Yo, _____, mayor de edad,

soltero(a)/casado(a), empleado(a) de _____, y

vecino(a) de *Salvador Reyes*, Puerto Rico, bajo juramento

declaro: *Rigobrande*    *582-869879*

1.    Que mi nombre y demás circunstancias personales son las
anteriormente indicadas.

2.    Que el Acuerdo de Transacción y Relevo que antecede es
cierto y estoy conforme con su contenido por lo cual firmo la
presente, en *San Juan*, Puerto Rico, hoy día *1* de
*abril* de 1996.

_____
Querellante

Afidavit Núm. *1603*

Jurado y suscrito ante mí por *Salvador Reyes N, ives*.
de las circunstancias personales antes indicadas y a quien doy fe
de conocer personalmente, en *San Juan*, Puerto Rico,
hoy día *1* de *abril* de 1996.

_____
Notario Público

APROBADO

Yo, _____, en representación del

Secretario del Trabajo y Recursos Humanos de Puerto Rico, firmo y

apruebo el presente escrito hoy día _____ de _____

de 1996, a los fines de aseverar que he leído la estipulación que

antecede y he informado a las personas del alcance de cada una de

sus cláusulas.  Así mismo, he asesorado a éstas sobre derechos y

obligaciones al amparo de la legislación protectora del trabajador.

_____

000142

P E R S O N A L

Fecha _4/1/96_

Nombre: _Salunde Reyes_     Teléfono _888-5250_

Dirección Actual _P.O.B 331 Rio Grande 0074_

_____

Dirección Postal _____

000143

# DESCUENTO DE CUOTA

YO _Salvador Reyes_ _____autorizo a

la Compañía a que me descuente la cantidad de Ochocientos

Dólares ($800.00), por concepto de cuota de Unión.

En Carolina, Puerto Rico, a _1_ de abril de 1996.

_Salvador Reyes_ _____

FIRMA DEL EMPLEADO

000144

AIRPORT CATERING SERVICES
SPECIAL ACCOUNT
PO BOX 1797
CAROLINA, P R 00979

239

101-234/215

1ro. abril     19 96

PAY TO THE
ORDER OF     SALVADOR REYES     $ 17,998.52

17,998 DLLS 52 CTS                    DOLLARS

Banco
Santander Puerto Rico
HATO REY, PUERTO RICO
014

CATERING SERV.

FOR  Acuerdo de transacción

⑈000239⑈      ⑈021502314⑈  014⑈033390⑈

| DATE | | AMOUNT |
|---|---|---|
| | 18,798. | 52 |
| Unión | 800. | 00 |
| 17. | 998. | 52 |

THIS CHECK IS DELIVERED IN
CONNECTION WITH THE FOLLOWING ACCOUNT(S)

TRANSACTION AND RELEASE AGREEMENT

APPEAR

AS PARTY OF THE FIRST PART: AIRPORT CATERING SERVICES, INC., d/b/a ACS, hereinafter "the Company", represented herein by Mr. Francisco Rivera; and

AS PARTY OF THE SECOND PART: Mr./Mrs. Salvador Reyes Nieves, Social Security 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, of legal age, hereinafter "Mr./Mrs. Reyes"; and

AS PARTY OF THE THIRD PART: LA UNION INDEPENDIENTE DE TRABAJADORES DE AEROPUERTO, hereinafter "the Union" and represented herein by its representative José A. Ortiz.

They hereby freely and voluntarily

STATE

WHEREAS: Mr./Mrs. Reyes is an employee represented for purposes of salary, working hours and other working conditions by the Union, and which is part of a Collective Bargaining Agreement in effect with the Company, which Collective Bargaining Agreement governs the employment conditions of Mr./Mrs. Reyes.

WHEREAS: Since on or around January 17, 1992, Mr./Mrs. Reyes as well as other employees of the Company have been suspended from employment and salary. The legality of said

CERTIFIED To be a true and correct trans-
lation from its original *Aida Torres*
AIDA TORRES, CERTIFIED INTERPRETER
ADMINISTRATIVE OFFICE OF THE UNITED
STATES COURT. 12-29-04

2

dismissal was litigated by the parties in arbitration cases Nos. A-2657 and A-1840-94. and in case No. 94-1979 (SEC) before the U.S. District Court for the District of Puerto Rico.

On June 16, 1994 Mr./Mrs. Reyes as well as a number of complainants received a favorable Arbitration Award in said cases, ordering the reinstatement in the employment and retroactive pay of salaries and other fringe benefits which Mr./Mrs. Reyes and the other complainants had not earned, and said award was sustained in the Judgment issued by the District Court, Case No. 94-1979 (SEC).

WHEREAS: The Company resorted in appeal of the aforementioned Judgment of the U.S. District Court in case No. 94-1979 (SEC).

WHEREAS: The Company denies that it has incurred in any violation to the Collective Bargaining Agreement or any state

000136

or federal law with regard to the indefinite suspension of Mr./Mrs. Reyes and the other complainants.

CERTIFIED To be a true and correct trans-
lation from its original *Aida Torres*
AIDA TORRES, CERTIFIED INTERPRETER
ADMINISTRATIVE OFFICE OF THE UNITED
STATES COURT. 12-29-04

3

WHEREAS:  Mr./Mrs. Reyes recognize that the review of the Award in cases A-2657 and A-1840-94 can take two or three years in the Courts.

WHEREAS:  Mr./Mrs. Reyes has stated to the Company that despite what was resolved by the aforementioned Arbitration Award, and even if its validity were to be sustained by the federal courts of justice, he/she has no interest whatsoever in returning to work for the Company.

WHEREAS:  Mr./Mrs. Reyes is willing to waive all the rights to reinstatement, salaries and fringe benefits in accordance with the Arbitration Award in the aforementioned cases and, he/she is also willing to release the Company from any cause of action that he/she may have against it as a result of their employment of the cessation of the same with the Company.

WHEREAS:  Mr./Mrs. Reyes is also willing to dismiss the remedy which was issued in their favor in Case A-2657 and A-1840-94, in the Judgment mentioned above, even if in due time the Award and the Judgment were to be sustained by the Federal Court of Appeals.

CERTIFIED To be a true and correct translation from its original. *[signature]*
AIDA TORRES, CERTIFIED INTERPRETER
ADMINISTRATIVE OFFICE OF THE UNITED
STATES COURT. 12-29-04

4

THEREFORE:    For  the  sole  purpose  of  ending  this controversy, which Mr./Mrs. Reyes understand has already been favorably resolved in their favor in view of the monetary offer that the Company has made, the parties freely and voluntarily

STIPULATE

1.    For purposes of this agreement, the phrase "the Company" includes,  directors,  officers,  stockholders, supervisors,  agents,  representatives  and  the  conjugal partnerships of which they form part and/or any other person or entity that is in any manner related to the corporate entity mentioned, including, but not limited to, its insurers,

000137

surety agents, guarantors and/or representatives, and it also includes all companies related, in any manner whatsoever, to Airport  Catering  Services,  Inc.,  and  grouped  under  the commercial name of AIRPORT AVIATION GROUP and/or EMPRESAS SANTANA.

2.    In consideration of the payment of the amount of $18,798.52 Mr./Mrs. Reyes voluntarily resign their employment effective January 17, 1992 and expressly waive the remedy

CERTIFIED To be a true and correct translation from its original. *[signature]*
AIDA TORRES, CERTIFIED INTERPRETER
ADMINISTRATIVE OFFICE OF THE UNITED
STATES COURT. 12-29-04

5

which was issued in arbitration Award No. A-2657 and A-1840-94, and the Judgment in Case No. 94-1979 (SEC), consisting in their reinstatement to employment with retroactive pay.

3.    Mr./Mrs. Reyes also expressly waive any claim, present or future, related directly or indirectly to the cessation of employment of Mr./Mrs. Reyes or which may arise from the employment relationship that ceased on January 17, 1992, it being provided that Mr./Mrs. Reyes waive, without being limited to, any claim which he/she may have or may have had in the past, known or not, alleged or not alleged, or which may be filed in the future in any other judicial or administrative with regard to:   wrongful termination (Law 80 of May 3, 1976); violation of any provision of the collective bargaining agreement; loss of income; any claim for salaries and/or benefits of any kind under the collective bargaining agreement, federal and state laws such as Worker Adjustment and Training Notification Act of 1989 (W.A.R.N.), Consolidated Omnibus Budget Reconciliation Act of 1986 (C.O.B.R.A.), including damages of any kind, and/or mental anguish, discrimination due to sex, religion, race, age, political beliefs, condition or social origin, national origin,

CERTIFIED To be a true and correct translation from its original *[signature]*
AIDA TORRES, CERTIFIED INTERPRETER ADMINISTRATIVE OFFICE OF THE UNITED STATES COURT. 12-29-04

6

impairment of any kind or any other reason prohibited by the Age Discrimination in Employment Act; Title VII of the Federal Civil Rights Act of 1964; Law 100 of June 30, 1959 (Law for discrimination due to age, race, color, religion, sex, national and/or social origin); Law 69 of July 6, 1985 (Law regarding discrimination in employment due to sex); the Federal Rehabilitation Act of 1973; Law #45 of April 18, 1945

000138

(Workmens Compensation Act); Americans with Disabilities Act; Law No. 44 or July 2, 1985, as amended by Law No. 105 of December 20, 1991 (Prohibition of Discrimination against Disabled Persons); Employee Retirement Income Security Act of 1975; The Federal Workers Adjustment Retraining Notification Act; the Puerto Rico Insurance Code, National Labor Relations Board or under any law or federal or state regulation or the Constitutions of the Commonwealth of Puerto Rico and the United States of America, as well as any claim for damages alleged pursuant to Article 1802 of the Civil Code of Puerto Rico.

4. The Company will pay Mr./Mrs. Reyes the total amount of $18,798.52 at the time this Agreement becomes final and

CERTIFIED To be a true and correct translation from its original *[signature]*
AIDA TORRES, CERTIFIED INTERPRETER
ADMINISTRATIVE OFFICE OF THE UNITED
STATES COURT.   12-29-04

7

binding, that is on the EIGHTH (8th) day of its signature, subject to Union dues and/or any other applicable deduction, if any, as compensation for damages, which Mr./Mrs. Reyes have suffered or may suffer in the future as a result of the controversy subject to the arbitration award that is referenced in the second WHEREAS of this Agreement. As an additional consideration for the payment of the sum indicated above, within seven (7) days following the date of the signing of this Agreement, the Union on its part must have removed Mr./Mr. Reyes with prejudice as a complainant in case A-2657 and A-1840-94, to which Mr./Mrs. Reyes freely consent.

5. It will also be a condition of payment of the amount described in paragraph 2 of this Agreement, that the Secretary of Labor of Puerto Rico, or his authorized representative, have approved this agreement, including his signature at the end of this Agreement and Release.

6. It will not be understood that the payment of the aforementioned amount constitutes an acceptance of guilt or responsibility or admission of any violation whatsoever by the Company of the Collective Bargaining Agreement in effect between the Company and the Union; of the Constitution or to

CERTIFIED To be a true and correct translation from its original. *Aida Torres*
AIDA TORRES, CERTIFIED INTERPRETER
ADMINISTRATIVE OFFICE OF THE UNITED
STATES COURT. 12-29-04

8

the laws or regulations of the Commonwealth of Puerto Rico or of the United States of America.

7.    The parties agree that they will never disclose or publish, or cause other persons to disclose or publish the contents of the Agreement of Transaction and Release or of the conversations between the parties related to the negotiation which gave rise to this Agreement of Transaction and Release, except before the Courts or administrative agencies with jurisdiction, should there arise a controversy.

8.    The parties recognize that this Agreement of Transaction and Release has been freely and voluntarily executed with full knowledge of its legal consequences, and that Mr./Mrs. Reyes have had the benefit of consulting with their Union and their legal representative, before reaching the agreement herein detailed and signing this agreement. Mr./Mrs. Reyes and the Union recognize that the amount of money paid is in agreement with the one required in the Award issued in arbitration cases A-2657 and A-1840-94 and the Judgment in Case No. 94-1979 (SEC).

9.    Mr./Mrs. Reyes recognize and accept voluntarily that during their employment with the Company he/she were never subject to any discrimination whatsoever by the Company,

CERTIFIED To be a true and correct translation from its original. _Aida Torres_
AIDA TORRES, CERTIFIED INTERPRETER
ADMINISTRATIVE OFFICE OF THE UNITED
STATES COURT. 12-29-04

9

including without being limited to discrimination due to age, race, color, religion, sex, national or social origin, condition of employment or for physical or mental disability.

10. Mr./Mrs. Reyes accept that with the monies paid, pursuant to paragraph 2 of this Agreement, compensation has been made for any and all damages that he/she and/or their family and/or their dependents have suffered as a result of the dismissal subject to arbitration cases No. A-2657 and A-1840-94 and the Judgment of the Federal Court.

11. Mr./Mrs. Reyes recognize that they have had more than TWENTY ONE (21) days to seek legal advice and that they have had reasonable and sufficient time to study the same. Mr./Mrs. Reyes state that this document fully incorporates the agreements between the parties and that he/she has examined it

000140

carefully and after considering the same, it is his/her desire to sign the same today. He/she also knows that he/she has seven (7) days to revoke their consent to the agreement herein agreed, as of the date of their signature, which revocation must be notified in writing, within said seven (7) days.

12. If any provision of this document is declared null by a court with jurisdiction the other provisions of the

CERTIFIED To be a true and correct translation from its original. *Aida Torres*
AIDA TORRES, CERTIFIED INTERPRETER
ADMINISTRATIVE OFFICE OF THE UNITED
STATES COURT. 12-27-04

**10**

document will continue in effect as if the portion declared null had not formed part of the same.

IN WITNESS WHEREOF, the parties execute this document in demonstration of their agreement with everything that is mentioned above.

IN WITNESS WHEREOF, the appearing parties sign this document.

In Carolina, Puerto Rico, today April 1, 1996.


AIRPORT CATERING SERVICES, INC.:

(Illegible signature)
Francisco Rivera


UNION INDEPENDIENTE DE
TRABAJADORES DE AEROPUERTO (UITA):

s/José A. Ortiz

                      Atty. Jose A. Carreras
                                                    000141
                      OATH

     I,            , of legal age, single/married, employee of          , and resident of Salvador Reyes, Rio Grande, Puerto Rico, under oath state:      582-869879

     1.   That my name and personal circumstances are as previously indicated.

     2.   That the preceding Agreement of Transaction and Release is true and I am in agreement with its contents

CERTIFIED To be a true and correct translation from its original. _Aida Torres_
AIDA TORRES, CERTIFIED INTERPRETER ADMINISTRATIVE OFFICE OF THE UNITED STATES COURT. 12-29-04

11

wherefore I sign this document in San Juan, Puerto Rico, today the 1st day of April of 1996.

S/Salvador Reyes Nieves

Complainant

Affidavit No. 1603

Sworn and subscribed to before me by Salvador Reyes Nieves, of the above stated personal circumstances whom I personally know in San Juan, Puerto Rico today the 1st day of April, 1996.

S/Angel L. Morales Rodríguez
Notary Public

Notarial Seal of Angel L.
Morales Rodríguez affixed to document.

APPROVED

I, _____, on behalf of the Secretary of Labor and Human Resources of Puerto Rico, sign and approve this document today the _____ day of _____ _____ Of 1995, in order to certify that I have read the preceding stipulation and have informed the persons of the scope of each of its clauses. I have also advised them of the

CERTIFIED To be a true and correct translation from its original. _____
AIDA TORRES, CERTIFIED INTERPRETER
ADMINISTRATIVE OFFICE OF THE UNITED STATES COURT. 12-29-04

12

rights and obligations pursuant to the legislation that

protects workers.

_____

000142

CERTIFIED To be a true and correct trans-
lation from its original. *[signature]*
AIDA TORRES, CERTIFIED INTERPRETER
ADMINISTRATIVE OFFICE OF THE UNITED
STATES COURT. *12-29-04*

PERSONAL INFORMATION

Date 4/1/96


Name:          Salvador Reyes          Telephone 888-5250

Present Address: PO B 331 Rio Grande 0074_____

_____

Postal Address_____

CERTIFIED To be a true and correct trans-
lation from its original. *Aida Torres*
AIDA TORRES, CERTIFIED INTERPRETER
ADMINISTRATIVE OFFICE OF THE UNITED
STATES COURT.  12-29-04

000143

DEDUCTION OF DUES


I, Salvador Reyes, authorize the Company to deduct the amount of Eight Hundred Dollars ($800.00) for deduction of the Union dues.

1 S.R.M.

In Carolina, Puerto Rico  4th   of April of 1996.


S/Salvador Reyes

SIGNATURE OF EMPLOYEE


000144

CERTIFIED To be a true and correct trans-
lation from its original. *Aida Sau*
AIDA TORRES, CERTIFIED INTERPRETER
ADMINISTRATIVE OFFICE OF THE UNITED
STATES COURT. *12-29-04*