EXHIBIT
I (50

**ACUERDO DE CUMPLIMIENTO DE LAUDO**

**COMPARECEN**

DE UNA PARTE: AIRPORT CATERING SERVICES INC., h/n/c ACS en adelante "la Compañía", representada en este acto por el Sr. Francisco Rivera, y

DE LA SEGUNDA PARTE: El/La Sr./Sra. Osvaldo Escobar Seguro Social 584-B-6954 mayor de edad, en adelante, "Sr./Sra. Escobar, y

DE LA TERCERA PARTE: La UNION INDEPENDIENTE DE TRABAJADORES DE AEROPUERTO, en adelante "la Unión", y representada en este acto por su representante

por este medio libre y voluntariamente

**EXPONEN**

POR CUANTO: El/La Sr./Sra. Escobar es un(a) empleado(a) representado(a) para efectos de salarios, horas de trabajo y otras condiciones de empleo por la Unión, y la cual es parte de un Convenio Colectivo vigente con la Compañía, en cuyo Convenio Colectivo se rigen las condiciones de empleo del Sr./Sra. Escobar.

POR CUANTO: Desde en o alrededor del 17 de enero de 1992, tanto el/la Sr./Sra. Escobar como otros empleados de la Compañía estuvieron suspendidos de empleo y sueldo. La legalidad de dichos despidos fue litigada por las partes en los Casos de Arbitraje Núms. A-2657 y A-1840-94, y en el Caso Núm. 94-1979 (SEC), ante el Tribunal de Distrito de los Estados Unidos y el Caso Núm. 96-1295 ante el Tribunal de Apelaciones de los Estados Unidos (Primer Circuito).

El 16 de junio de 1994, tanto el/la Sr./Sra. Escobar como un número de querellantes obtuvieron un Laudo de Arbitraje favorable en esos casos, ordenando la reposición en el empleo y paga retroactiva de salarios y otros beneficios marginales dejados de devengar del Sr./Sra. Escobar y de los otros querellantes, y dicho laudo fue sostenido en la Sentencia emitida por el Tribunal de Distrito, Caso Núm. 94-1979 (SEC) y

00423

-2-

# ACUERDO DE CUMPLIMIENTO DE LAUDO

**POR CUANTO:** La Compañía recurrió en apelación de la antes mencionada Sentencia del Tribunal de Distrito de los Estados Unidos en el Caso Núm. 94-1979 (SEC), y se dictó Sentencia por el Tribunal Federal de Apelaciones (1er. Circuito) en el Caso Núm. 96-1295.

**POR CUANTO:** La Compañía recurrió en apelación de la antes en la emitida por el Tribunal de Circuito de Apelaciones, Caso Núm. 96-1295.

**POR CUANTO:** La Compañía niega que haya incurrido en violación alguna al Convenio Colectivo o a cualquier ley estatal o federal con relación a la suspensión indefinida del Sr./Sra. Escobar y de los otros querellantes.

**POR CUANTO:** El/La Sr./Sra. Escobar le ha manifestado a la Compañía que conforme a lo resuelto por el Laudo de Arbitraje y las Sentencias de los Tribunales antes mencionados, desea llegar a un acuerdo en cuanto a todos los remedios y derechos otorgados por el referido Laudo y las subsiguientes sentencias emitidas por los Tribunales Federales.

**POR TANTO:** Con el sólo propósito de ponerle fin a la presente controversia, la cual el/la Sr./Sra. Escobar entiende que ya está resuelta favorablemente para él/ella en vista de la oferta monetaria que le ha hecho la Compañía y que cumple con lo dispuesto en los Laudos y Sentencia antes mencionadas, las partes libre y voluntariamente

**ESTIPULAN**

1. Para efectos de este Acuerdo, la frase "La Compañía" incluye, directores, oficiales, accionistas, supervisores, agentes, representantes y las sociedades de ganaciales de las que éstos formen parte y/o cualquier otra persona o entidad que incluye todas aquellas empresas relacionadas, en la forma que sea, con Airport Catering Services, Inc., y agrupadas bajo el nombre comercial AIRPORT AVIATION GROUP y/o EMPRESAS SANTANA. de alguna forma esté relacionada con la entidad corporativa mencionada, incluyendo, pero sin limitarse a, sus aseguradores, garantizadores, fiadores y/o representantes, y de igual forma

00424

ACUERDO DE CUMPLIMIENTO DE LAUDO

-3-

2. En consideración al pago de la suma de $39,251.92 y al hecho de que ya fue repuesto(a) en su empleo, el/la Sr./Sra. Escobar voluntaria y expresamente acepta que la Compañía ha cumplido con los laudos y Sentencias antes mencionadas.

3. Renuncia el/la Sr./Sra. Escobar cualquier reclamación, presente o futura, que pueda tener o haber tenido en el pasado, conocidas o no, alegadas o no alegadas, o pueda ser traída en un futuro en cualquier otro foro judicial o administrativo, con relación a: casos A-889-97, A-1560-97, A-280-98, A-276-98, A-281-98, A-1460-96, presentados ante el Negociado de Conciliación y Arbitraje del Departamento del Trabajo y Recursos Humanos de Puerto Rico. Renuncia, además, a cualquier reclamación, deuda, obligación o acción surgida como consecuencia o relacionada con las decisiones arbitrales y judiciales antes mencionadas en este párrafo como en los "POR CUANTO" de este Acuerdo y cualquier impacto futuro relacionado a estos casos, tales como "lay-offs" futuros; por concepto de despido injustificado (Ley 80 del 30 de mayo de 1976); violación de alguna disposición del convenio colectivo, incluyendo, pero no limitado a, "lay-offs", cambio en posición y/o horarios; pérdida de ingresos; cualquier reclamación de salarios y/o beneficios de cualquier clase bajo el convenio colectivo, las leyes federales y estatales, y cualquier penalidad estatutaria establecida en estatutos locales o federales, tales como **Worker Adjustment and Training Notification Act del 1989 (W.A.R.N.)**, **Consolidated Omnibus Budget Reconciliation Act del 1986 (C.O.B.R.A.)**, incluyendo daños de cualquier clase, y/o angustias mentales, discrimen por sexo, religión, raza, edad, ideas políticas, condición u origen social, origen nacional, impedimento de cualquier clase o cualquier otra razón prohibida por la Ley Federal de Discrimen por Edad en el Empleo (**Age Discrimination in Employment Act**), Título VII de la Ley Federal de Derechos Civiles de 1964; Ley 100 del 30 de junio de 1959 (Ley de discrimen por razón de edad, raza, color, religión, sexo, origen nacional y/o

ACUERDO DE CUMPLIMIENTO DE LAUDO

-4-

social); Ley 69 del 6 de julio de 1985 (Ley de discrimen en el empleo por razón de sexo); Ley de Rehabilitación Federal del 1973; la Ley #45 del 18 de abril del 1945 (Ley de Compensación por Accidentes del Trabajo); Americans with Disabilities Act; Ley Núm. 44 del 2 de julio del 1985 según enmendada por la Ley Núm 105 del 20 de diciembre del 1991 (Prohibición de Discrimen contra Impedidos); Employee Retirement Income Security Act de 1975; la Ley Federal Workers Adjustment Retraining Notification Act; el Código de Seguros de Puerto Rico, National Labor Relations Board o bajo cualquier otra ley o reglamento federal o estatal o las Constituciones del Estado Libre Asociado de Puerto Rico y de los Estados Unidos de América, así como a cualquier reclamación por alegados daños y perjuicios al amparo del Artículo 1802 del código Civil de Puerto Rico.

4. La Compañía le pagará al/a la Sr./Sra. Escobar la suma total de $39,251.92 al momento en que este Acuerdo sea válido y final, o sea al OCTAVO (8vo.) día de su firma, sujeto a las cuotas de la Unión y/o cualquier otra deducción aplicable, si alguna, como indemnización por los daños y perjuicios, que el/la Sr./Sra. Escobar haya sufrido o pueda sufrir en el futuro como consecuencia de la controversia objeto del laudo de arbitraje y la Sentencia a que se hace referencia en el segundo POR CUANTO de este Acuerdo. Como consideración adicional al pago de la suma antes mencionada, dentro de los siete (7) días siguientes a la fecha de la firma de este Acuerdo, la Unión por su parte deberá haber retirado con perjuicio al/a Sr./Sra. Escobar como querellante en el caso A-2657 y A-1840-94, y de los casos mencionados en el inciso tres (3) de este Cumplimiento de Laudo, así como de los casos ante los Tribunales Federales, a lo cual el/la Sr./Sra. Escobar consiente libremente. Se compromete la Unión y el/la Sr./Sra. Escobar a no instar acción alguna ante Foro alguno, pues han quedado satisfechos con el remedio aquí provisto todos los haberes, derechos y obligaciones de la Compañía.

00426

ACUERDO DE CUMPLIMIENTO DE LAUDO
-5-

5. No se entenderá que el pago de la suma antes mencionada constituye aceptación de culpa o responsabilidad o admisión de violación alguna por parte de la Compañía al Convenio Colectivo vigente entre la Compañía y la Unión; a la Constitución o a las leyes o reglamentos del Estado Libre Asociado de Puerto Rico o de los Estados Unidos de América.

6. Las partes se comprometen a que nunca divulgarán o publicarán, ni causarán que otras personas divulguen o publiquen el contenido de este Acuerdo de Transacción y Relevo ni de las conversaciones entre las partes relacionadas con la negociación que dio lugar al presente Acuerdo de Transacción y Relevo, excepto ante los Tribunales o agencias administrativas con jurisdicción en caso de surgir una controversia.

7. Las partes reconocen que se ha otorgado este Acuerdo de Cumplimiento de Laudo y Relevo libre y voluntariamente y con pleno conocimiento de sus consecuencias legales, y que el/la Sr./Sra. Escobar ha tenido el beneficio de consultar con su Unión y su representante legal, antes de llegar al acuerdo que aquí se detalla y de suscribir este documento. El/La Sr./Sra. Escobar y la Unión reconocen que la cantidad de dinero pagado es conforme a la requerida en el Laudo emitido en los casos de arbitraje A-2657 y A-1840-94 y la Sentencia en los Casos Núm. 94-1979 (SEC) y caso Núm. 96-1295 ante el Tribunal Federal de Apelaciones.

8. El/La Sr./Sra. Escobar reconoce y acepta voluntariamente que durante su empleo con la Compañía él/ella nunca ha sido objeto de discrimen alguno por la Compañía, incluyendo pero sin limitarse a discrimen por razón de edad, raza, color, religión, sexo, origen social o nacional, condición

00427

Núm. A-2657 y A-1840-94, de las Sentencias de los Tribunales Federales, y de cualquier otra causa de acción relacionada a estos y de aquellos mencionados en el párrafo 3 de este Acuerdo de Cumplimiento de Laudo.

10. El/La Sr./Sra. Escobar reconoce que ha tenido más de veintiún (21) días para asesorarse legalmente y que ha tenido tiempo razonable y suficiente para estudiar el mismo. El/La Sr./Sra. Escobar expresa que este documento incorpora fielmente los acuerdos habidos entre las partes y que lo ha examinado detenidamente y luego de considerarlo, es su deseo firmar el mismo en el día de hoy. También tiene conocimiento de que tiene siete (7) días para revocar su consentimiento a los acuerdos aquí convenidos, a partir de la fecha en que lo firme, cuya revocación deberá notificar por escrito, dentro de esos siete (7) días.

11. Si cualquier disposición de este documento fuese declarada nula por un tribunal competente, las demás disposiciones del documento continuarán en vigor como si la porción declarada nula no hubiese formado parte del mismo.

EN MERITO DE LO ANTES EXPUESTO, las partes otorgan el presente documento en muestra de su conformidad con todo lo antes mencionado.

Y PARA QUE ASI CONSTE, las partes aquí comparecientes firman el presente documento.

En Carolina, Puerto Rico, hoy día 7 de noviembre de 1997.

por:
AIRPORT CATERING SERVICES INC.:

Sr. Francisco Rivera

por:
UNION INDEPENDIENTE DE
TRABAJADORES DE AEROPUERTO (UITA):

0C:428

ACUERDO DE CUMPLIMIENTO DE LAUDO                                              -7-

JURAMENTO

Yo, OSVALDO ESCOBAR, mayor de edad, (soltero)(a)/casado(a), empleado de AIRPORT CATERING SERVICES, y vecino(a) de RÍO GRANDE, Puerto Rico, bajo juramento declaro:

1. Que mi nombre y demás circunstancias personales son las anteriormente indicadas.

2. Que el Acuerdo de Cumplimiento de Laudo que antecede es cierto y estoy conforme con su contenido, por lo cual firmo la presente, en CAROLINA, Puerto Rico, hoy día 7 de NOVIEMBRE de 1997.

x _____
Querellante

Afidávit Núm. -019-

Jurado y suscrito ante mí por Osvaldo Escobar Ramos de las circunstancias personales antes indicadas y a quien doy fe de conocer personalmente, en CAROLINA, Puerto Rico, hoy día 7 de NOVIEMBRE de 1997, y haber identificado mediante licencia de conducir número 1819319.

[SELLO NOTARIAL: ANIBEL ESCOBAR ALTIERI · ABOGADA-NOTARIO · PUERTO RICO · ASA]

_____
NOTARIO PÚBLICO

APROBADO

Yo, _____, en representación del Secretario del Trabajo y Recursos Humanos de Puerto Rico, firmo y apruebo el presente escrito hoy día ___ de ___ de 1996, a los fines de aseverar que he leído la estipulación que antecede y he informado a las personas del alcance de cada una de sus cláusulas. Así mismo, he asesorado a éstas sobre derechos y obligaciones al amparo de la legislación protectora del trabajador.

4B(1)

00429

AGREEMENT OF COMPLIANCE WITH AWARD

APPEAR

AS PARTY OF THE FIRST PART: AIRPORT CATERING SERVICES, INC., d/b/a ACS, hereinafter "the Company", represented herein by Mr. Francisco Rivera; and

AS PARTY OF THE SECOND PART: Mr./Mrs. Osvaldo Escobar, Social Security 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, of legal age, hereinafter "Mr./Mrs. Escobar"; and

AS PARTY OF THE THIRD PART: LA UNION INDEPENDIENTE DE TRABAJADORES DE AEROPUERTO, hereinafter "the Union" and represented herein by its representative

They hereby freely and voluntarily

STATE

WHEREAS: Mr./Mrs. Escobar is an employee represented for purposes of salary, working hours and other working conditions by the Union, and which is part of a Collective Bargaining Agreement in effect with the Company, which Collective Bargaining Agreement governs the employment conditions of Mr./Mrs. Escobar.

WHEREAS: Since on or around January 17, 1992, Mr./Mrs. Escobar as well as other employees of the Company have been

CERTIFIED To be a true and correct translation from its original. [signature] AIDA TORRES, CERTIFIED INTERPRETER ADMINISTRATIVE OFFICE OF THE UNITED STATES COURT. 01-12-05

2

suspended from employment and salary. The legality of said dismissal was litigated by the parties in arbitration cases Nos. A-2657 and A-1840-94 and in Case No. 94-1979 (SEC) before the United States District Court and Case No. 96-1295 before the U.S. Court of Appeals (First Circuit).

On June 16, 1994 Mr./Mrs. Escobar as well as a number of complainants received a favorable Arbitration Award in said cases, ordering the reinstatement in the employment and retroactive pay of salaries and other fringe benefits which Mr./Mrs. Escobar and the other complainants had not earned and said award was sustained in the Judgment issued by the District Court, Case No. 94-1979 (SEC) and in the one issued by the Circuit Court of Appeals, Case No. 96-1295.

WHEREAS: The Company resorted in judicial review of the aforementioned award to the U.S. District Court in case No. 94-1979 (SEC) and Judgment was issued by the Federal Court of Appeals (1st Circuit) in Case No. 96-1295.

WHEREAS: The Company denies that it has incurred in any violation to the Collective Bargaining Agreement or any state

000423

CERTIFIED To be a true and correct translation from its original [signature]
AIDA TORRES, CERTIFIED INTERPRETER
ADMINISTRATIVE OFFICE OF THE UNITED STATES COURT.
01-12-05

3

or federal law with regard to the indefinite suspension of Mr./Mrs. Escobar and the other complainants.

WHEREAS: Mr./Mrs. Escobar has stated to the Company that pursuant to what was resolved by the aforementioned Arbitration Award and the Judgments of the Courts, they wish to reach an agreement with regard to all of the remedies and rights granted by the aforementioned Award and the subsequent judgments issued by the Federal Courts.

THEREFORE: For the sole purpose of ending this controversy, which Mr./Mrs. Escobar understand has already been favorably resolved in their favor in view of the monetary offer that the Company has made, the parties freely and voluntarily

STIPULATE

1. For purposes of this agreement, the phrase "the Company" includes, directors, officers, stockholders, supervisors, agents, representatives and the conjugal partnerships of which they form part and/or any other person or entity that is in any manner related to the corporate entity mentioned, including, but not limited to, its insurers,

CERTIFIED To be a true and correct translation from its original [signature]
AIDA TORRES, CERTIFIED INTERPRETER
ADMINISTRATIVE OFFICE OF THE UNITED STATES COURT.
01-12-05

4

surety agents, guarantors and/or representatives, and it also includes all companies related, in any manner whatsoever, to Airport Catering Services, Inc., and grouped under the commercial name of AIRPORT AVIATION GROUP and/or EMPRESAS SANTANA.

2. In consideration of the payment of the amount of $39,251.92, and the fact that he was already reinstated to his position, Mr./Mrs. Escobar voluntarily and expressly accept that the Company has complied with the awards and Judgments mentioned above.

3. Mr./Mrs. Escobar also expressly waives any claim, present or future, which they have or may have had in the past, known or not, alleged or not alleged, or which may be filed in a future in any other judicial or administrative forum, with regard to: cases A-889-97, A-1560-97, A-280-98, A-276-98, A-1460-96, filed before the Bureau of Conciliation and Arbitration of the Department of Labor and Human Resources of Puerto Rico. He also waives any claim, debt, obligation or action which arises as a result of or related to the arbitration and judicial decisions mentioned previously in

000424

CERTIFIED To be a true and correct translation from its original. /s/ Aida Torres AIDA TORRES, CERTIFIED INTERPRETER ADMINISTRATIVE OFFICE OF THE UNITED STATES COURT. 01-12-05

5

this paragraph as well as in the "WHEREAS" of this Agreement and any future impact related to these cases, such as future lay-offs; for wrongful termination (Law 80 of May 3, 1976); violation of any provision of the collective bargaining agreement, including, but not limited to, lay-off,s change in position and/or time schedule; loss of income; any claim for salaries and/or benefits of any kind under the collective bargaining agreement, federal and state laws and any statutory penalty established in local or federal statutes, such as Worker Adjustment and Training Notification Act of 1989 (W.A.R.N.), Consolidated Omnibus Budget Reconciliation Act of 1986 (C.O.B.R.A.), including damages of any kind, and/or mental anguish, discrimination due to sex, religion, race, age, political beliefs, condition or social origin, national origin, impairment of any kind or any other reason prohibited by the Age Discrimination in Employment Act; Title VII of the Federal Civil Rights Act of 1964; Law 100 of June 30, 1959 (Law for discrimination due to age, race, color, religion, sex, national and/or social origin); Law 69 of July 6, 1985 (Law on discrimination in employment due to sex); Federal

000425

CERTIFIED To be a true and correct trans-
lation from its original.
AIDA TORRES, CERTIFIED INTERPRETER
ADMINISTRATIVE OFFICE OF THE UNITED
STATES COURT.
01-12-05

6

Rehabilitation Act of 1973; Law #45 of April 18, 1945 (Workmens Compensation Act); Americans with Disabilities Act; Law No. 44 or July 2, 1985, as amended by Law No. 105 of December 20, 1991 (Prohibition of Discrimination against Disabled Persons); Employee Retirement Income Security Act of 1975; The Federal Workers Adjustment Retraining Notification Act; the Puerto Rico Insurance Code, National Labor Relations Board or under any law or federal or state regulation or the Constitutions of the Commonwealth of Puerto Rico and the United States of America, as well as any claim for damages alleged pursuant to Article 1802 of the Civil Code of Puerto Rico.

4. The Company will pay Mr./Mrs. Escobar the total amount of $39,251.92 at the time this Agreement becomes final and binding, that is, on the EIGHTH (8th) day of its signature, subject to Union dues and/or any other applicable deduction, if any, as compensation for damages, which Mr./Mrs. Escobar have suffered or may suffer in the future as a result of the controversy subject to the arbitration award and the Judgment referenced in the second WHEREAS of this Agreement. As an additional consideration for the payment of the sum indicated

CERTIFIED To be a true and correct translation from its original.
AIDA TORRES, CERTIFIED INTERPRETER
ADMINISTRATIVE OFFICE OF THE UNITED STATES COURT.
01-12-05

7

above, within seven (7) days following the date of the signing of this Agreement, the Union on its part must have removed Mr./Mr. Escobar with prejudice as a complainant in case A-2657 and A-1840-94, and the cases mentioned in clause (3) of this Compliance with Award, as well as the cases before the Federal Court, to which Mr./Mrs. Escobar freely consent. The Union and Mr./Mrs. Escobar to not file any action before any forum whatsoever, since there have been satisfied with the remedy herein provided all the debts, duties and obligations of the Company.

5. It will not be understood that the payment of the aforementioned amount constitutes an acceptance of guilt or responsibility or admission of any violation whatsoever by the Company of the Collective Bargaining Agreement in effect between the Company and the Union; of the Constitution or to the laws or regulations of the Commonwealth of Puerto Rico or of the United States of America.

6. The parties agree that they will never disclose or publish, or cause other persons to disclose or publish the contents of the Agreement of Transaction and Release or of the conversations between the parties related to the negotiation

000426

CERTIFIED to be a true and correct translation from its original.
AIDA TORRES, CERTIFIED INTERPRETER
ADMINISTRATIVE OFFICE OF THE UNITED STATES COURT.
01-12-05

8

which gave rise to this Agreement of Transaction and Release, except before the Courts or administrative agencies with jurisdiction, should there arise a controversy.

7. The parties recognize that this Agreement of Transaction and Release has been freely and voluntarily executed with full knowledge of its legal consequences, and that Mr./Mrs. Escobar have had the benefit of consulting with their Union and their legal representative, before reaching the agreement herein detailed and signing this agreement. Mr./Mrs. Escobar and the Union recognize that the amount of money paid is in agreement with the one required in the Award issued in arbitration cases A-2657 and A-1840-94 and the Judgment in Case No. 94-1979 (SEC) and case No. 96-1295 before the Federal Court of Appeals.

8. Mr./Mrs. Escobar recognize and accept voluntarily that during their employment with the Company he/she were never subject to any discrimination whatsoever by the Company, including without being limited to discrimination due to age, race, color, religion, sex, national or social origin, condition of employment or for physical or mental disability.

9. Mr./Mrs. Escobar accept that with the monies paid, pursuant to paragraph 2 of this Agreement, compensation has

CERTIFIED To be a true and correct translation from its original.
AIDA TORRES, CERTIFIED INTERPRETER
ADMINISTRATIVE OFFICE OF THE UNITED STATES COURT.
01-12-05

9

been made for any and all damages that he/she and/or their family and/or their dependents have suffered as a result of the dismissal subject to arbitration cases No. A-2657 and A-1840-94 and the Judgments of the Federal Court and of any other cause of action related to the same and of those mentioned in paragraph 3 of this Agreement of Compliance with Award.

10. Mr./Mrs. Escobar recognize that they have had more than twenty one (21) days to seek legal advice and that they have had reasonable and sufficient time to study the same. Mr./Mrs. Escobar state that this document fully incorporates the agreements between the parties and that he/she has examined it carefully and after considering the same, it is his/her desire to sign the same today. He/she also knows that he/she has seven (7) days to revoke their consent to the agreement herein agreed, as of the date of their signature, which revocation must be notified in writing, within said seven (7) days.

11. If any provision of this document is declared null by a court with jurisdiction the other provisions of the document will continue in effect as if the portion declared null had not formed part of the same.

CERTIFIED To be a true and correct translation from its original.
AIDA TORRES, CERTIFIED INTERPRETER
ADMINISTRATIVE OFFICE OF THE UNITED STATES COURT.
01-12-05

10

IN WITNESS WHEREOF, the parties execute this document in demonstration of their agreement with everything that is mentioned above.

IN WITNESS WHEREOF, the appearing parties sign this document.

In Carolina, Puerto Rico, today the 7th day of November, 1997.

For:

AIRPORT CATERING SERVICES, INC.:

S/illegible
Mr. Francisco Rivera

UNION INDEPENDIENTE DE
TRABAJADORES DE AEROPUERTO (UITA):

s/José A. Ortiz

OATH

000428

I, Osvaldo Escobar, of legal age, single/married, employee of Airport Catering Services, and resident of Carolina, Puerto Rico, under oath state:

1. That my name and personal circumstances are as previously indicated.

CERTIFIED To be a true and correct trans-
lation from its original. [signature]
AIDA TORRES, CERTIFIED INTERPRETER
ADMINISTRATIVE OFFICE OF THE UNITED
STATES COURT.  01-12-05

11

2. That the preceding Agreement of Transaction and Release is true and I am in agreement with its contents wherefore I sign this document in Carolina, Puerto Rico, today the 7th day of November of 1997.

S/illegible

Complainant

Affidavit No. 019

Sworn and subscribed to before me by Osvaldo Escobar Ramos of the above stated personal circumstances whom I attest I personally know in Carolina, Puerto Rico today the 7th day of November, 1997. and have identified through drier's license number 1819310.

S/Anibelle Sloan Altieri
Notary Public

Notarial Seal affixed

APPROVED

I, _____, on behalf of the Secretary of Labor and Human Resources of Puerto Rico, sign and approve this document today the ___ day of _____ of 1996, in order to certify that I have read the preceding stipulation and have informed the persons of the scope of each of its clauses. I have also advised them of the

CERTIFIED To be a true and correct trans-lation from its original [signature]
AIDA TORRES, CERTIFIED INTERPRETER
ADMINISTRATIVE OFFICE OF THE UNITED STATES COURT.   01-12-05

rights and obligations pursuant to the legislation that protects workers.

CERTIFIED To be a true and correct translation from its original. AIDA TORRES, CERTIFIED INTERPRETER ADMINISTRATIVE OFFICE OF THE UNITED STATES COURT. 01-12-05

000429