## ACUERDO DE TRANSACCION Y RELEVO

### COMPARECEN

DE UNA PARTE:    AIRPORT CATERING SERVICES INC., h/n/c ACS en adelante "la compañía", representada en este acto por el Sr. Francisco Rivera.

DE LA SEGUNDA PARTE:    El/la Sr./Sra. Dolores Sanchez Rodriguez, Seguro Social 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, mayor de edad, en adelante, "Sr./Sra. Sanchez", y

DE LA TERCERA PARTE:    La UNION INDEPENDIENTE DE TRABAJADORES DE AEROPUERTO, en adelante "la Unión", y representada en este acto por su representante Jose A Ortiz.

Por este medio libre y voluntariamente:

### EXPONEN

POR CUANTO:    El/la Sr./Sra. Sanchez es un(a) empleado(a) representado(a) para efectos de salarios, horas de trabajo y otras condiciones de empleo por la Unión, y la cual es parte de un Convenio Colectivo vigente con la Compañía, en cuyo Convenio Colectivo se rigen las condiciones de empleo del Sr./Sra.

POR CUANTO:    Desde en o alrededor del 17 de enero de 1992, tanto el/la Sr./Sra. Sanchez como otros empleados de la Compañía han estado suspendidos de empleo y sueldo. La legalidad de dichos despidos fue litigada por las partes en los Casos de Arbitraje Núms. A-2657 y A-1840-94, y en el Caso. Núm. 94-1979 (SEC), ante el Tribunal de Distrito de los Estados Unidos.

El 16 de junio de 1994, tanto el/la Sr./Sra. Sanchez como un número de querellantes obtuvieron un Laudo de Arbitraje favorable en esos casos, ordenando la reposición en el empleo y paga retroactiva de salarios y otros beneficios marginales dejados de devengar del Sr./Sra. Sanchez y de los otros querellantes, y dicho laudo fue sostenido en la Sentencia emitida por el Tribunal de Distrito, Caso Núm. 94-1979 (SEC).

POR CUANTO:    La Compañía recurrió en apelación de la antes mencionada Sentencia del Tribunal de Distrito de los Estados Unidos en el Caso Núm. 94-1979 (SEC).

POR CUANTO:    La Compañía niega que haya incurrido en violación alguna al Convenio Colectivo o a cualquier ley estatal o

EXHIBIT
I (82)

001689

federal con reclación a la suspensión indefinida del Sr./Sra. Sánchez y de los otros querellantes.

POR CUANTO:    El/La Sr./Sra. Sánchez reconoce que la revisión del Laudo en los casos A-2657 y A-1840-94 puede tardar dos o tres años en los Tribunales.

POR CUANTO:    El/La Sr./Sra. Sánchez la ha manifestado a la Compañía que a pesar de lo resuelto por el Laudo de Arbitraje y la Sentencia del Tribunal antes mencionados, y aunque su validez fuese sostenida por los tribunales apelativos de justicia federales, no tiene interés alguno en regresar a su empleo con la Compañía.

POR CUANTO:    El/La Sr./Sra. Sánchez está dispuesto(a) a renunciar a todo los derechos de reposición, salarios y beneficios marginales de acuerdo al Laudo de Arbitraje y Sentencia en los casos antes mencionados y, de igual forma, está dispuesto(a) a relevar a la Compañía de cualquier causa de acción que él(ella) pudiese tener en su contra como consecuencia de su empleo o el cese del mismo con la Compañía.

POR CUANTO:    También está disuesto(a) el/la Sr./Sra. Sánchez a desistir del remedio acaecido a su favor en el Caso A-2657 y A-1840-94, en la Sentencia antes mencionada, aún en el caso de que en su día el Laudo y la Sentencia fuesen sostenidos por el Tribunal Apelativo Federal.

POR TANTO:    Con el sólo propósito de ponerle fin a la presente controversia, la cual el/la Sr./Sra. Sánchez entiende que ya está resuelta favorablemente para él/ella en vista de la oferta monetaria que le ha hecho la Compañía, las partes libre y voluntariamente

ESTIPULAN

1.    Para efectos de este Acuerdo, la frase "La Compañía" incluye, directores, oficiales, accionistas, supervisores, agentes, representantes y las sociedades de gananciales de las que estos formen parte y/o cualquier otra persona o entidad que de alguna forma esté relacionada con la entidad corporativa mencionada, incluyendo, pero sin limitarse a sus aseguradores, garantizadores,

01690

fiadores y/o representantes, y de igual forma incluye todas aquella empresas relacionadas, en la forma que sea, con Airport Catering Services, Inc., y agrupadas bajo el nombre comercial AIRPORT AVIATION GROUP y/o EMPRESAS SANTANA.

2. En consideración al pago de la suma de $14,435.75 el/la Sr./Sra. Sanchez voluntariamente renuncia a su empleo efectivo el 17 de enero de 1992, y expresamente renuncia al remedio que fue emitido en el Laudo de Arbitraje Núm. A-2657 y A-1840-94, y en la Sentencia en el Caso Núm. 94-1979 (SEC), consistente en su reposición al empleo con paga retroactiva.

3. Igualmente renuncia el/la Sr./Sra. Sanchez a cualquier reclamación, presente o futura, relacionada directa o indirectamente al cese de empleo del Sr./Sra. Sanchez o que surgiera de la relación de empleo que cesara el 17 de enero de 199 2 , disponiéndose que el/la Sr./Sra. Sanchez renuncia, sin limitarse a, cualquier reclamación que pueda tener o haber tenido en el pasado, conocidas o no, alegadas o no alegadas, o pueda ser traída en un futuro en cualquier otro judicial o administrativo, con relación a: despido injustificado (Ley 80 del 30 de mayo de 1976); violación de alguna disposición del convenio colectivo; pérdida de ingresos; cualquier reclamación de salarios y/o beneficios de cualquier clase bajo las leyes federales y estatales tales como Worker Adjustment and Training Notification Act del 1986 (W.A.R.N.) Consolidated Omnibus Budget Reconciliation act del 198 (C.O.B.R.A.), incluyendo daños de cualquier clase, y/o angustias mentales, discrimen por sexo, religión, raza, edad, ideas políticas, condición u origen social, origen nacional, impedimento de cualquier clase o cualquier otra razón prohibida por la Ley Federal de Discrimen por Edad en el Empleo (Age Discrimination in Employment Act), Título VII de la Ley Federal de Derechos Civiles de 1964; Ley 100 del 30 de junio de 1959 (Ley de discrimen por razón de edad, raza, color, religión, sexo, origen nacional y/o social); Ley 69 del 6 de julio de 1985 (Ley de discrimen en el empleo por razón de sexo); Ley de Rehabilitación Federal del 1973;

01691

la Ley #45 del 18 de abril de 1945 (Ley de Compensación por Accidentes del Trabajo); Americans with Disabilities Act; Ley Núm. 44 del 2 de julio de 1985 según enmendada por la Ley Núm. 105 del 20 de diciembre de 1991 (Prohibición de Discrimen contra Impedidos); Employee Retirement Income Security Act de 1975; la Ley Federal Workers Adjustment Retraining Notification Act; el Código de Seguros de Puerto Rico, o bajo cualquier otra ley o reglamento federal o estatal o las Constituciones del Estado Libre Asociado de Puerto Rico y de los Estados Unidos de América, así como a cualquier reclamación por alegados daños y perjuicios al amparo del Artículo 1802 del Código Civil de Puerto Rico.

4.     La Compañía le pagará al/a la Sr./Sra. Sanchez la suma total de $19,435.75 al momento en que este Acuerdo sea válido y final, o sea al OCTAVO (8vo.) día de su firma, sujeto a las cuotas de la Unión y/o cualquier otra deducción aplicable, si alguna, como indemnización por los daños y perjuicios, que el/la Sr./Sra. Sanchez haya sufrido o pueda sufrir en el futuro como consecuencia de la controversia objeto del laudo de arbitraje y la Sentencia a que se hace referencia en el segundo. POR CUANTO de este Acuerdo.     Como consideración adicional al pago de la suma antes indicada, dentro de los siete (7) días siguientes a la fecha de la firma de este Acuerdo, la Unión por su parte deberá haber retirado con perjuicio al/a la Sr./Sra. Sanchez como querellante en al caso A-2657 y A-1840-94, y del caso ante los Tribunales Federales, a lo cual el/la Sr./Sra. Sanchez consiente libremente.

5.     También será condición de pago de la suma que se describe en el párrafo 2 de este Acuerdo, que el Secretario del Trabajo de Puerto Rico o su representante autorizado haya aprobado este acuerdo, incluyendo su firma al final de este Acuerdo y Relevo.

6.     No se entenderá que el pago de la suma antes mencionada constituye aceptación de culpa o reponsabilidad o admisión de violación alguna porparte de la Compañía al Convenio Colectivo vigente entre la Compañía y la Unión; a la Constitución o a las

4

0ι692

leyes o reglamentos del Estado Libre Asociado de Puerto Rico o de los Estados Unidos de América.

7. Las partes se comprometen a que nunca divulgarán o publicarán, ni causarán que otras personas divulguen o publiquen el contenido de este Acuerdo de Transacción y Relevo ni de las conversaciones entre las partes relacionadas con la negociación que dio lugar la presente Acuerdo de Transacción y Relevo, excepto ante los Tribunales o agencias administrativas con jurisdicción en caso de surgir una controversia.

8. Las partes reconocen que se ha otrogado este Acuerdo de Transacción y Relevo libre y voluntariamente y con pleno conocimiento de sus consecuencias legales, y que el/la Sr./Sra. _Sanchez_ ha tenido el beneficio de consultar con su Unión y su representante legal, antes de llegar al acuerdo que aquí se detalla y de suscribir este documento. El/la Sr./Sra. _Sanchez_ y la Unión reconocen que la cantidad de dinero pagado es conforme a la requerida en el Laudo emitido en los casos de arbitraje A-2657 y A-1840-94 y la Sentencia en el Caso Núm. 94-1979 (SEC).

9. El/la Sr./Sra. _Sanchez_ reconoce y acepta voluntariamente que durante su empleo con la Compañía él/ella nunca ha sido objeto de discrimen alguno por la Compañía, incluyendo pero sin limitarse a discrimen por razón de edad, raza, color, religión, sexo, origen social o nacional, condición de empleo, ni por incapacidad física mental.

10. El/la Sra./Sra. _Sanchez_ acepta que con los dineros pagados, conforme al párrafo 2 de este Acuerdo, se le compensa por todo y cualquier daño que él/ella y/o su familia y/o sus dependientes hayan sufrido por razón del despido objeto de los casos de arbitraje Num. A-2657 y A-1840-04 y de la Sentencia del Tribunal Federal.

11. El/la Sr./Sra. _Sanchez_ reconoce que ha tenido más de VEINTIUN (21) días para asesorarse legalmente y que ha tenido tiempo razonable y suficiente para estudiar el mismo. El/la Sr./Sra. _Sanchez_ expresa que este documento incorpora fielmente los acuerdos habidos entre las partes y que lo ha examinado

0t693

detenidamente y luego de considerarlo, es su deseo firmar el mismo en el día de hoy. También tiene conocimiento de que tiene siete (7) días para revocar su consentimiento a los acuerdos aquí convenidos, a partir de la fecha en que lo firme, cuya revocación deberá notificar por escrito, dentro de esos siete (7) días.

12. Si cualquier disposición de este documento fuese declarada nula por un tribunal competente, las demás disposiciones del documento continuarán en vigor como si la porción declarada nula no hubiese formado parte del mismo.

EN MERITO DE LO ANTES EXPUESTO, las partes otorgan el presente documento en muestra de su conformidad con todo lo antes mencionado.

Y PARA QUE ASI CONSTE, las partes aquí comparecientes firman el presente documento.

En Carolina, Puerto Rico, hoy día 3 de abril de 1996.

Francisco Rivera

_____

AIRPORT CATERING SERVICES, INC.

UNION INDEPENDIENTE DE
TRABAJADORES DE AEROPUERTO (UITA)

Lcdo. José E. Carreras

6

011694

JURAMENTO

Yo, DOLORES SANCHEZ RODRIGUEZ                    , mayor de edad,
soltero(a)/casado(a), empleado(a) de AIRPORT CATERING SERVICES, Y
vecino(a) de        CAROLINA              , Puerto Rico, bajo juramento
declaro:

1. Que mi nombre y demás circunstancias personales son las
anteriormente indicadas.

2. Que el Acuerdo de Transacción y Relevo que antecede es
cierto y estoy conforme con su contenido por lo cual firmo la
presente, en      SAN JUAN         , Puerto Rico, hoy día   3   de
ABRIL      de 1996.



_Dolores Rodriguez_
Querellante

Afidavit Núm. 1229

Jurado y suscrito ante mí por
de las circunstancias personales antes indicadas y a quien doy fe
de conocer personalmente, en    SAN JUAN      , Puerto Rico,
hoy día _____ de 1996.

_____
Notario Público

Yo, _____, en representación del
Secretario del Trabajo y Recursos Humanos de Puerto Rico, firmo y
apruebo el presente escrito hoy día    3    de    abril
de 1996, a los fines de aseverar que he leído la estipulación que
antecede y he informado a las personas del alcance de cada una de
sus cláusulas. Así mismo, he asesorado a éstas sobre derechos y
obligaciones al amparo de la legislación protectora del trabajador.

APROBADO

_____

7

P E R S O N A L

Fecha _____ 4/3/96.

Nombre: _Delvin Sanches Rodriguez_ Teléfono _762-72 52_

Dirección Actual _Calle 151-CN1-31, Judeo CC Alch. Octubre)_

_0 0 9 8 3_

Dirección Postal _Co Misma_

DESCUENTO DE CUOTA

YO _____ autorizo a la Compañía a que me descuente la cantidad de Ochocientos Dólares ($800.00), por concepto de cuota de Unión.

En Carolina, Puerto Rico, a ___ de abril de 1996.

FIRMA DEL EMPLEADO

0ι1697

001698

10/abr/96 Dolores Sánchez Rodríguez

THIS CHECK IS DELIVERED IN CONNECTION WITH THE FOLLOWING ACCOUNT(S)

| DATE | | | AMOUNT | |
|---|---|---|---|---|
| | | 19, | 435. | 75 |
| | Unión | – | 800. | 00 |
| | | 18, | 635. | 75 |

**AIRPORT CATERING SERVICES**
**SPECIAL ACCOUNT**
PO BOX 1797
CAROLINA, P R 00979

241

101-234/215

10 de abril 19 96

PAY TO THE ORDER OF DOLORES SANCHEZ RODRIGUEZ $ 18,635.75

AIRPORT CATERING SERV. 18635 DOLS 75 CTS DOLLARS

Banco Santander Puerto Rico
HATO REY, PUERTO RICO 014

FOR Acuerdo de Transacción

⑈000241⑈ ⑆021502341⑆ 014⑈033399⑈

TRANSACTION AND RELEASE AGREEMENT

APPEAR

AS PARTY OF THE FIRST PART: AIRPORT CATERING SERVICES, INC., d/b/a ACS, hereinafter "the Company", represented herein by Mr. Francisco Rivera; and

AS PARTY OF THE SECOND PART: Mr./Mrs. Dolores Sánchez Rodríguez, Social Security 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, of legal age, hereinafter "Mr./Mrs. Sánchez"; and

AS PARTY OF THE THIRD PART: LA UNION INDEPENDIENTE DE TRABAJADORES DE AEROPUERTO, hereinafter "the Union" and represented herein by its representative José A. Ortiz

They hereby freely and voluntarily

STATE

WHEREAS: Mr./Mrs. Sánchez is an employee represented for purposes of salary, working hours and other working conditions by the Union, and which is part of a Collective Bargaining Agreement in effect with the Company, which Collective Bargaining Agreement governs the employment conditions of Mr./Mrs.

WHEREAS: Since on or around January 17, 1992, Mr./Mrs. Sánchez as well as other employees of the Company have been suspended from employment and salary. The legality of said

CERTIFIED To be a true and correct trans-
lation from its original.
ADA TORRES, CERTIFIED INTERPRETER
ADMINISTRATIVE OFFICE OF THE UNITED
STATES COURT.    01-21-05

2

dismissals was litigated by the parties in arbitration cases Nos. A-2657 and A-1840-94, and in case No. 94-1979 (SEC) before the U.S. District Court for the District of Puerto Rico.

On June 16, 1994 Mr./Mrs. Sánchez as well as a number of complainants received a favorable Arbitration Award in said cases, ordering the reinstatement in the employment and retroactive pay of salaries and other fringe benefits which Mr./Mrs. Sánchez and the other complainants had not earned, and said award was sustained in the Judgment issued by the District Court, Case No. 94-1979 (SEC).

WHEREAS: The Company resorted in appeal of the aforementioned Judgment of the U.S. District Court in case No. 94-1979 (SEC).

WHEREAS: The Company denies that it has incurred in any violation to the Collective Bargaining Agreement or any state or federal law with regard to the indefinite suspension of Mr./Mrs. Sánchez and the other complainants.

CERTIFIED To be a true and correct trans-
lation from its original.
AIDA TORRES, CERTIFIED INTERPRETER
ADMINISTRATIVE OFFICE OF THE UNITED
STATES COURT. 01-20-05

000689

3

WHEREAS: Mr./Mrs. Sánchez recognizes that the review of the Award in cases A-2657 and A-1840-94 can take two or three years in the Courts.

WHEREAS: Mr./Mrs. Sánchez has stated to the Company that despite what was resolved by the aforementioned Arbitration Award, and even if its validity were to be sustained by the federal courts of justice, he/she has no interest whatsoever in returning to work for the Company.

WHEREAS: Mr./Mrs. Sánchez is willing to waive all the rights to salaries and fringe benefits in accordance with the Arbitration Award and Judgment in the aforementioned cases and, he/she is also willing to release the Company from any cause of action that he/she may have against the same as a result of his/her employment or the cessation of the same with the Company.

WHEREAS: Mr./Mrs. Sánchez is also willing to dismiss the remedy which was issued in his/her favor in Case A-2657 and A-1840-94, in the Judgment mentioned above, even if in due time the Award and the Judgment were to be sustained by the Federal Court of Appeals.

CERTIFIED To be a true and correct trans-
lation from its original.
AIDA TORRES, CERTIFIED INTERPRETER
ADMINISTRATIVE OFFICE OF THE UNITED
STATES COURT. 01-20-05

4

THEREFORE:    For the sole purpose of ending this controversy, which Mr./Mrs. Sánchez understands has already been favorably resolved in his/her favor in view of the monetary offer that the Company has made, the parties freely and voluntarily

STIPULATE

1.    For purposes of this agreement, the phrase "the Company" includes, directors, officers, stockholders, supervisors, agents, representatives and the conjugal partnerships of which they form part and/or any other person or entity that is in any manner related to the corporate entity mentioned, including, but not limited to, its insurers, surety agents, guarantors and/or representatives, and it also includes all companies related, in any manner whatsoever, to Airport Catering Services, Inc., and grouped under the commercial name of AIRPORT AVIATION GROUP and/or EMPRESAS SANTANA.

2.    In consideration of the payment of the amount of $19,435.75, Mr./Mrs. Sánchez voluntarily and expressly resign their employment effective January 17, 1992 and expressly

000690

CERTIFIED To be a true and correct trans-
lation from its original.
AIDA. TORRES, CERTIFIED INTERPRETER
ADMINISTRATIVE OFFICE OF THE UNITED
STATES COURT. 01-20-05

5

waive the remedy which was issued in Arbitration Award No. A-2657 and A-1840-94, and in the Judgment in Case No. 94-1979 (SEC), consisting in his/her reinstatement to employment with retroactive pay.

3.    Mr./Mrs.  Sánchez also expressly waive any claim, present or future, related directly or indirectly to the cessation of employment of Mr./Mrs. Sánchez or which may arise from the employment relationship that ended on January 17, 1992; it being provided that Mr./Mrs. Sánchez waives, without being limited to, any claim which he/she has or may have had in the past, known or not, alleged or not alleged, or which may be filed in the future in any other judicial or administrative with regard to: wrongful termination (Law 80 of May 3, 1976); violation of any provision of the collective bargaining agreement; loss of income; any claim for salaries and/or benefits of any kind under the collective bargaining agreement, federal and state laws such as Worker Adjustment and Training Notification Act of 1989 (W.A.R.N.), Consolidated Omnibus Budget Reconciliation Act of 1986 (C.O.B.R.A.), including damages of any kind, and/or mental anguish, discrimination due to sex, religion, race, age, political

CERTIFIED To be a true and correct translation from its original.

AIDA TORRES, CERTIFIED INTERPRETER
ADMINISTRATIVE OFFICE OF THE UNITED
STATES COURT.
01-21-05

6

beliefs, condition or social origin, national origin, impairment of any kind or any other reason prohibited by the Age Discrimination in Employment Act; Title VII of the Federal Civil Rights Act of 1964; Law 100 of June 30, 1959 (Law for discrimination due to age, race, color, religion, sex, national and/or social origin); Law 69 of July 6, 1985 (Law regarding discrimination in employment due to sex); the Federal Rehabilitation Act of 1973; Law #45 of April 18, 1945

000691

Workmens Compensation Act); Americans with Disabilities Act; Law No. 44 or July 2, 1985, as amended by Law No. 105 of December 20, 1991 (Prohibition of Discrimination against Disabled Persons); Employee Retirement Income Security Act of 1975; The Federal Workers Adjustment Retraining Notification Act; the Puerto Rico Insurance Code, National Labor Relations Board or under any law or federal or state regulation or the Constitutions of the Commonwealth of Puerto Rico and the United States of America, as well as any claim for damages alleged pursuant to Article 1802 of the Civil Code of Puerto Rico.

CERTIFIED To be a true and correct translation from its original. AIDA TORRES, CERTIFIED INTERPRETER ADMINISTRATIVE OFFICE OF THE UNITED STATES COURT.  01-20-05

7

4.    The Company will pay Mr./Mrs. Sánchez the total amount of $19,435.75 at the time this Agreement becomes final and binding, that is on the EIGHTH (8ᵗʰ) day of its signature, subject to Union dues and/or any other applicable deduction, if any, as compensation for damages, which Mr./Mrs. Sánchez has suffered or may suffer in the future as a result of the controversy subject to the arbitration award and the Judgment that is referenced in the second WHEREAS of this Agreement. As an additional consideration for the payment of the sum indicated above, within seven (7) days following the date of the signing of this Agreement, the Union on its part must have removed Mr./Mr. Sánchez with prejudice as a complainant in case A-2657 and A-1840-94, and from the case before the Federal Courts, to which Mr./Mrs. Sánchez freely consents.

5.    It will also be a condition of payment of the amount described in paragraph 2 of this Agreement, that the Secretary of Labor of Puerto Rico, or his authorized representative, have approved this agreement, including his signature at the end of this Agreement and Release.

6.    It will not be understood that the payment of the aforementioned amount constitutes an acceptance of guilt or responsibility or admission of any violation whatsoever by the

CERTIFIED To be a true and correct translation from its original.
AIDA TORRES, CERTIFIED INTERPRETER
ADMINISTRATIVE OFFICE OF THE UNITED
STATES COURT.    01-20-05

8

Company of the Collective Bargaining Agreement in effect between the Company and the Union; of the Constitution or to

000692

the laws or regulations of the Commonwealth of Puerto Rico or of the United States of America.

7.    The parties agree that they will never disclose or publish, or cause other persons to disclose or publish the contents of the Agreement of Transaction and Release or of the conversations between the parties related to the negotiation which gave rise to this Agreement of Transaction and Release, except before the Courts or administrative agencies with jurisdiction, should there arise a controversy.

8.    The parties recognize that this Agreement of Transaction and Release has been freely and voluntarily executed with full knowledge of its legal consequences, and that Mr./Mrs. Sánchez have had the benefit of consulting with his/her Union and his/her legal representative, before reaching the agreement herein detailed and signing this document.    Mr./Mrs. Sánchez and the Union recognize that the amount of money paid is in agreement with the one required in the Award issued in arbitration cases A-2657 and A-1840-94 and the Judgment in Case No. 94-1979 (SEC).

CERTIFIED To be a true and correct trans-
lation from its original.
AIDA TORRES, CERTIFIED INTERPRETER
ADMINISTRATIVE OFFICE OF THE UNITED
STATES COURT.
01-20-05

9

9.   Mr./Mrs. Sánchez recognizes and accepts voluntarily that during his/her employment with the Company he/she were never subject to any discrimination whatsoever by the Company, including without being limited to discrimination due to age, race, color, religion, sex, national or social origin, condition of employment or for physical or mental disability.

10.   Mr./Mrs. Sánchez accepts that with the monies paid, pursuant to paragraph 2 of this Agreement, compensation has been made for any and all damages that he/she and/or his/her family and/or his/her dependents have suffered as a result of the dismissal subject to arbitration cases No. A-2657 and A-1840-94 and the Judgment of the Federal Court.

11.   Mr./Mrs. Sánchez recognizes that he/she has had more than TWENTY ONE (21) days to seek legal advice and that he/she has had reasonable and sufficient time to study the same. Mr./Mrs. Sánchez states that this document fully incorporates the agreements between the parties and that he/she has examined it carefully and after considering the same, it is his/her desire to sign the same today. He/she also knows that he/she has seven (7) days to revoke his/her consent to the agreement herein agreed, as of the date of their signature,

000693

CERTIFIED To be a true and correct translation from its original. 
AIDA TORRES, CERTIFIED INTERPRETER 
ADMINISTRATIVE OFFICE OF THE UNITED 
STATES COURT: 01-20-05

10

which revocation must be notified in writing, within said seven (7) days.

12. If any provision of this document is declared null by a court with jurisdiction the other provisions of the document will continue in effect as if the portion declared null had not formed part of the same.

IN WITNESS WHEREOF, the parties execute this document in demonstration of his/her agreement with everything that is mentioned above.

IN WITNESS WHEREOF, the appearing parties sign this document.

In Carolina, Puerto Rico, today April 3, 1996.

AIRPORT CATERING SERVICES, INC.

(Illegible signature)
Francisco Rivera

UNION INDEPENDIENTE DE
TRABAJADORES DE AEROPUERTO (UITA):

s/José A. Ortiz

Atty. Jose A. Carreras

CERTIFIED To be a true and correct trans-
lation from its original.
AIDA TORRES, CERTIFIED INTERPRETER
ADMINISTRATIVE OFFICE OF THE UNITED
STATES COURT.
01-20-05

11

OATH

I, DOLORES SANCHEZ RODRIGUEZ, of legal age, single/married, employee of AIRPORT CATERING SERVICES, and resident of CAROLINA, Puerto Rico, under oath state:

1. That my name and personal circumstances are as previously indicated.

2. That the preceding Agreement of Transaction and Release is true and I am in agreement with its contents wherefore I sign this document in SAN JUAN, Puerto Rico, today the 3rd day of APRIL of 1996.

S/Dolores Sánchez Rodríguez

Complainant

Affidavit No. 1229

Sworn and subscribed to before me by _____, of the above stated personal circumstances whom I personally know in SAN JUAN, Puerto Rico today the 3rd day of APRIL, 1996.

S/illegible signature
Notary Public

Notarial Seal of Fermín M. Contreras Gómez affixed to document.

APPROVED

I, _____, on behalf of the Secretary of Labor and Human Resources of Puerto Rico, sign and approve this document today the _____ day of _____

CERTIFIED To be a true and correct translation from its original.
AIDA TORRES, CERTIFIED INTERPRETER
ADMINISTRATIVE OFFICE OF THE UNITED
STATES COURT:   01-28-05

12

Of 1995, in order to certify that I have read the preceding stipulation and have informed the persons of the scope of each of its clauses. I have also advised them of the rights and obligations pursuant to the legislation that protects workers.

CERTIFIED To be a true and correct trans-
lation from its original.
AIDA TORRES, CERTIFIED INTERPRETER
ADMINISTRATIVE OFFICE OF THE UNITED
STATES COURT.    01-20-05

000695

PERSONAL

Date: 2/3/96

Name:  Dolores Sánchez Rodríguez  Telephone: 762-7252

Present Address: Street 151-CM-31 Jardines C. Club, Carolin

00983

Postal Address: The same

CERTIFIED To be a true and correct trans-
lation from its original.
AIDA TORRES, CERTIFIED INTERPRETER
ADMINISTRATIVE OFFICE OF THE UNITED
STATES COURT.  01-20-05

000696

DEDUCTION OF DUES

I, Dolores Sánchez Rodríguez, authorize the Company to deduct the amount of Eight Hundred Dollars ($800.00) for deduction of the Union dues.

In Carolina, Puerto Rico 3rd of April of 1996.

S/Dolores Sánchez Rodríguez

SIGNATURE OF EMPLOYEE

CERTIFIED To be a true and correct translation from its original. _____ AIDA. TORRES, CERTIFIED INTERPRETER ADMINISTRATIVE OFFICE OF THE UNITED STATES COURT. 01-20-05

000697