ACUERDO DE TRANSACCION Y RELEVO

COMPARECEN

DE UNA PARTE: AIRPORT CATERING SERVICES INC., h/n/c ACS
en adelante "la Compañía", representada en este acto por el
Sr. Francisco Rivera, y

DE LA SEGUNDA PARTE: El/La Sr./Sra. Emelynda Lasalle,
Seguro Social/08-60-3081 mayor de edad, en adelante,
"Sr./Sra. Lasalle", y

DE LA TERCERA PARTE: La UNION INDEPENDIENTE DE
TRABAJADORES DE AEROPUERTO, en adelante "la Unión", y
representada en este acto por su representante José A. Ortiz

Por este medio libre y voluntariamente

EXPONEN

POR CUANTO: El/La Sr./Sra. Lasalle    es un(a) empleado(a)
representado(a) para efectos de salarios, horas de trabajo y
otras condiciones de empleo por la Unión, y la cual es parte de
un Convenio Colectivo vigente con la Compañía, en cuyo Convenio
Colectivo se rigen las condiciones de empleo del
Sr./Sra.

POR CUANTO: Desde en o alrededor del 17 de enero    de
1992, tanto el/la Sr./Sra. Lasalle    como otros empleados
de la Compañía han estado suspendidos de empleo y sueldo. La
legalidad de dichos despidos fue litigada por las partes en los
casos de arbitraje Núms. A-2657 y A-1840-94.

El 16 de junio de 1994, tanto el/la Sr./Sra.
como un número de querellantes obtuvieron un Laudo de Arbitraje
favorable en esos casos, ordenando la reposición en el empleo y
paga retroactiva de salarios y otros beneficios marginales
dejados de devengar del Sr./Sra. Lasalle    y de los otros
querellantes.

POR CUANTO: La Compañía recurrió en revisión judicial de
los antes mencionados laudos ante el Tribunal de Distrito de los
Estados Unidos en el caso Núm. 94-1979 y que están actualmente
pendiente de resolución ante dicho foro.



EXHIBIT
I (135)

ACUERDO DE TRANSACCION Y RELEVO

-2-

POR CUANTO:  La Compañía niega que haya incurrido en
violación alguna al Convenio Colectivo o a cualquier ley estatal
o federal con relación a la suspensión indefinida del Sr./
Sra. Lasalle  y de los otros querellantes.

POR CUANTO:  El/La Sr./Sra. Lasalle  reconoce que la
revisión del Laudo en los casos A-2657 y A-1840-94 puede tardar
dos o tres años en los Tribunales.

POR CUANTO:  El/La Sr./Sra. Lasalle  le ha manifestado a
la Compañía que a pesar de lo resuelto por el Laudo de Arbitraje
antes mencionado, y aunque su validez fuese sostenida por los
tribunales de justicia federales, no tiene interés alguno en
regresar a su empleo con la Compañía.

POR CUANTO:  El/La Sr./Sra. Lasalle  está dispuesto(a) a
renunciar a todos los derechos de reposición, salarios y
beneficios marginales de acuerdo al Laudo de Arbitraje en los
casos antes mencionados y, de igual forma, está dispuesto(a) a
relevar a la Compañía de cualquier causa de acción que él(ella)
pudiese tener en su contra como consecuencia de su empleo o el
cese del mismo con la Compañía.

POR CUANTO:  También está dispuesto(a) el/la
Sr./Sra. Lasalle  a desistir del remedio acaecido a su favor en
el Caso A-2657 y A-1840-94, aún en el caso de que en su día el
Laudo fuese sostenido por el Tribunal Federal.

POR TANTO:  Con el sólo propósito de ponerle fin a la
presente controversia, la cual el/la Sr./Sra. Lasalle
entiende que ya está resuelta favorablemente para él/ella en
vista de la oferta monetaria que le ha hecho la Compañía, las
partes libre y voluntariamente

ESTIPULAN

1.  Para efectos de este Acuerdo, la frase "La Compañía"
incluye, directores, oficiales, accionistas, supervisores,
agentes, representantes y las sociedades de gananciales de las
que éstos formen parte y/o cualquier otra persona o entidad que

00.1139

ACUERDO DE TRANSACCION Y RELEVO

-3-

de alguna forma esté relacionada con la entidad corporativa mencionada, incluyendo, pero sin limitarse a, sus aseguradores, garantizadores, fiadores y/o representantes, y de igual forma incluye todas aquellas empresas relacionadas, en la forma que sea, con Airport Catering Services, Inc., y agrupadas bajo el nombre comercial AIRPORT AVIATION GROUP y/o EMPRESAS SANTANA.

2. En consideración al pago de la suma de $6,602.00 el/la Sr./Sra. Lasalle voluntariamente renuncia a su empleo efectivo el 17 de enero de 1992, y expresamente renuncia al remedio que fue emitido en el Laudo de arbitraje Núm. A-2657 y A-1840-94, consistente en su reposición al empleo con paga retroactiva.

3. Igualmente renuncia el/la Sr./Sra. Lasalle a cualquier reclamación, presente o futura, relacionada directa o indirecta- mente al cese de empleo del Sr./Sra. Lasalle o que surgiera de la relación de empleo que cesara el 17 de enero de 1992; disponiéndose que el/la Sr./Sra. Lasalle renuncia, sin limitarse a, cualquier reclamación que pueda tener o haber tenido en el pasado, conocidas o no, alegadas o no alegadas, o pueda ser traída en un futuro en cualquier otro judicial o administrativo, con relación a: despido injustificado (Ley 80 del 30 de mayo de 1976); violación de alguna disposición del convenio colectivo; pérdida de ingresos; cualquier reclamación de salarios y/o beneficios de cualquier clase bajo el convenio colectivo, las leyes federales y estatales tales como Worker Adjustment and Training Notification Act del 1989 (W.A.R.N.), Consolidated Omnibus Budget Reconciliation Act del 1986 (C.O.B.R.A.), incluyendo daños de cualquier clase, y/o angustias mentales, discrimen por sexo, religión, raza, edad, ideas políticas, condición u origen social, origen nacional, impedimento de cualquier clase o cualquier otra razón prohibida por la Ley Federal de Discrimen por Edad en el Empleo (Age Discrimination in Employment Act), Título VII de la Ley Federal de Derechos Civiles de 1964; Ley 100 del 30 de junio de 1959 (Ley de discrimen por

ACUERDO DE TRANSACCION Y RELEVO

-4-

razón de edad, raza, color, religión, sexo, origen nacional y/o social); Ley 69 del 6 de julio de 1985 (Ley de discrimen en el empleo por razón de sexo); Ley de Rehabilitación Federal del 1973; la Ley #45 del 18 de abril del 1945 (Ley de Compensación por Accidentes del Trabajo); Americans with Disabilities Act; Ley Núm. 44 del 2 de julio del 1985 según enmendada por la Ley Núm 105 del 20 de diciembre del 1991 (Prohibición de Discrimen contra Impedidos); Employee Retirement Income Security Act de 1975; la Ley Federal Workers Adjustment Retraining Notification Act; el Código de Seguros de Puerto Rico, National Labor Relations Board o bajo cualquier otra ley o reglamento federal o estatal o las Constituciones del Estado Libre Asociado de Puerto Rico y de los Estados Unidos de América, así como a cualquier reclamación por alegados daños y perjuicios al amparo del Artículo 1802 del Código Civil de Puerto Rico.

4. La Compañía le pagará al/a la Sr./Sra. Lasalle la suma total de $ 4,612.00 al momento en que este Acuerdo sea válido y final, o sea al OCTAVO (8vo.) día de su firma, sujeto a las cuotas de la Unión y/o cualquier otra deducción aplicable, si alguna, como indemnización por los daños y perjuicios, que el/la Sr./Sra. Lasalle haya sufrido o pueda sufrir en el futuro como consecuencia de la controversia objeto del laudo de arbitraje a que se hace referencia en el segundo POR CUANTO de este Acuerdo. Como consideración adicional al pago de la suma antes indicada, dentro de los siete (7) días siguientes a la fecha de la firma de este Acuerdo, la Unión por su parte deberá haber retirado con perjuicio al/a la Sr./Sra. Lasalle como querellante en el caso A-2657 y A-1840-94, a lo cual el/la Sr./Sra. Lasalle consiente libremente.

5. También será condición de pago de la suma que se describe en el párrafo 2 de este Acuerdo, que el Secretario del

ACUERDO DE TRANSACCION Y RELEVO

-5-

Trabajo de Puerto Rico o su representante autorizado haya aprobado este acuerdo, incluyendo su firma al final de este Acuerdo y Relevo.

6. No se entenderá que el pago de la suma antes mencionada constituye aceptación de culpa o responsabilidad o admisión de violación alguna por parte de la Compañía al Convenio Colectivo vigente entre la Compañía y la Unión; a la Constitución o a las leyes o reglamentos del Estado Libre Asociado de Puerto Rico o de los Estados Unidos de América.

7. Las partes se comprometen a que nunca divulgarán o publicarán, ni causarán que otras personas divulguen o publiquen el contenido de este Acuerdo de Transacción y Relevo ni de las conversaciones entre las partes relacionadas con la negociación que dio lugar al presente Acuerdo de Transacción y Relevo, excepto ante los Tribunales o agencias administrativas con jurisdicción en caso de surgir una controversia.

8. Las partes reconocen que se ha otorgado este Acuerdo de Transacción y Relevo libre y voluntariamente y con pleno conocimiento de sus consecuencias legales, y que el/la Sr./Sra. Lasalle ha tenido el beneficio de consultar con su Unión y su representante legal, antes de llegar al acuerdo que aquí se detalla y de suscribir este documento. El/La Sr./Sra. Lasalle y la Unión reconocen que la cantidad de dinero pagado es conforme a la requerida en el Laudo emitido en los casos de arbitraje A-2657 y A-1840-94.

9. El/La Sr./Sra. Lasalle reconoce y acepta voluntariamente que durante su empleo con la Compañía él/ella nunca ha sido objeto de discrimen alguno por la Compañía, incluyendo pero sin limitarse a discrimen por razón de edad, raza, color, religión, sexo, origen social o nacional, condición de empleo, ni por incapacidad física o mental.

10. El/La Sr./Sra. Lasalle acepta que con los dineros pagados, conforme al párrafo 2 de este Acuerdo, se le compensa por todo y cualquier daño que él/ella y/o su familia y/o sus

ACUERDO DE TRANSACCION Y RELEVO

-6-

dependientes hayan sufrido por razón del despido objeto de los

casos de arbitraje Núm. A-2657 y A-1840-94.

11.  El/la Sr./Sra. LaSalle    reconoce que ha tenido más

de veintiún (21) días para asesorarse legalmente y que ha tenido

tiempo razonable y suficiente para estudiar el mismo.  El/la

Sr./Sra. LaSalle    expresa que este documento incorpora

fielmente los acuerdos habidos entre las partes y que lo ha

examinado detenidamente y luego de considerarlo, es su deseo

firmar el mismo en el día de hoy.  También tiene conocimiento de

que tiene siete (7) días para revocar su consentimiento a los

acuerdos aquí convenidos, a partir de la fecha en que lo firme,

cuya revocación deberá notificar por escrito, dentro de esos

siete (7) días.

12.  Si cualquier disposición de este documento fuese

declarada nula por un tribunal competente, las demás disposiciones

del documento continuarán en vigor como si la porción declarada

nula no hubiese formado parte del mismo.

EN MERITO DE LO ANTES EXPUESTO, las partes otorgan el

presente documento en muestra de su conformidad con todo lo antes

mencionado.

Y PARA QUE ASI CONSTE, las partes aquí comparecientes

firman el presente documento.

En Carolina, Puerto Rico, hoy día 26 de Julio de 1995.

por:

AIRPORT CATERING SERVICES INC.:

Sr. Francisco Rivera

por:

UNION INDEPENDIENTE DE
TRABAJADORES DE AEROPUERTO (UITA):

Lcdo. Francisco Guzmán Rivera

ACUERDO DE TRANSACCION Y RELEVO

-7-

**JURAMENTO**

Yo, _Emelyn de la Salle_, mayor de edad, soltero(a)/casado(a), empleado de _____ , y vecino(a) de _Caroline_, Puerto Rico, bajo juramento declaro: _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_

1. Que mi nombre y demás circunstancias personales son las anteriormente indicadas.

2. Que el Acuerdo de Transacción y Relevo que antecede es cierto y estoy conforme con su contenido por lo cual firmo la presente, en _Caroline_ , Puerto Rico, hoy día _22_ de _julio_ de 1995.

_____
Querellante

Afidávit Núm. _1522_

Jurado y suscrito ante mí por _Emelyn de la Salle_ de las circunstancias personales antes indicadas y a quien doy fe de conocer personalmente, en _Caroline_ , Puerto Rico, hoy día de _____ de 1995.

_____
NOTARIO PUBLICO

**APROBADO**

Yo, _____ , en representación del Secretario del Trabajo y Recursos Humanos de Puerto Rico, firmo y apruebo el presente escrito hoy día ____ de ____ de 1995, a los fines de aseverar que he leído la estipulación que antecede y he informado a las personas del alcance de cada una de sus cláusulas. Así mismo, he asesorado a éstas sobre derechos y obligaciones al amparo de la legislación protectora del trabajador.

| THIS CHECK IS DELIVERED IN CONNECTION WITH THE FOLLOWING ACCOUNT (S) | | |
| DATE | | AMOUNT |
| | 6, | 612 | 00 |
| | Unión | 500 | 00 |
| | 6, | 112 | 00 |

**AIRPORT CATERING SERVICES**
**SPECIAL ACCOUNT**
PO BOX 1797
CAROLINA, P R 00979

115

101-234/215

28 julio 19 95

PAY TO THE
ORDER OF ____ EMELYNDA LASALLE _____ |$ 6,112.00

AIRPORT
CATERING SERV. 6 T T 2 DOLS 00 CTS _____ DOLLARS

**Banco**
**Santander Puerto Rico**
HATO REY, PUERTO RICO    014

FOR ____ Acuerdo de Transacción y Relevo ____

⑈000115⑈  ⑆0215023411⑆  014⑈033999⑈

DESCUENTO DE CUOTA

YO, _Evelyn La Salle_, autorizo a la Compañía
a que se me descuente la cantidad de Quinientos Dólares ($500.00)
por concepto de descuento de cuota de unión.

En Carolina, Puerto Rico, a _26_ de julio de 1995.

_____
Firma Empleado

0.1146

TRANSACTION AND RELEASE AGREEMENT

APPEAR

AS PARTY OF THE FIRST PART: AIRPORT CATERING SERVICES, INC., d/b/a ACS, hereinafter "the Company", represented herein by Mr. Francisco Rivera; and

AS PARTY OF THE SECOND PART: Mr./Mrs. Emelynda Lasalle, Social Security 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, of legal age, hereinafter "Mr./Mrs. Lasalle"; and

AS PARTY OF THE THIRD PART: LA UNION INDEPENDIENTE DE TRABAJADORES DE AEROPUERTO, hereinafter "the Union" and represented herein by its representative José A. Ortiz.

They hereby freely and voluntarily

STATE

WHEREAS: Mr./Mrs. Lasalle is an employee represented for purposes of salary, working hours and other working conditions by the Union, and which is part of a Collective Bargaining Agreement in effect with the Company, which Collective Bargaining Agreement governs the employment conditions of Mr./Mrs.

WHEREAS: Since on or around January 17, 1992, Mr./Mrs. Lasalle as well as other employees of the Company have been suspended from employment and salary. The legality of said

CERTIFIED To be a true and correct trans-
lation from its original
AIDA TORRES, CERTIFIED INTERPRETER
ADMINISTRATIVE OFFICE OF THE UNITED
STATES COURT.  12-31-04

2

dismissal was litigated by the parties in arbitration cases Nos. A-2657 and A-1840-94.

On June 16, 1994 Mr./Mrs.                    as well as a number of complainants received a favorable Arbitration Award in said cases, ordering the reinstatement in the employment and retroactive pay of salaries and other fringe benefits which Mr./Mrs. Lasalle and the other complainants had not earned.

WHEREAS: The Company resorted in judicial review of the aforementioned award to the U.S. District Court in case No. 94-1979 and which is presently pending resolution before said forum.

WHEREAS: The Company denies that it has incurred in any violation to the Collective Bargaining Agreement or any state or federal law with regard to the indefinite suspension of Mr./Mrs. Lasalle and the other complainants.

WHEREAS: Mr./Mrs. Lasalle recognize that the review of the Award in cases A-2657 and A-1840-94 can take two or three years in the Courts.

WHEREAS: Mr./Mrs. Lasalle has stated to the Company that despite what was resolved by the aforementioned Arbitration

001138

CERTIFIED To be a true and correct trans-
lation from its original. Aida Torres
AIDA TORRES, CERTIFIED INTERPRETER
ADMINISTRATIVE OFFICE OF THE UNITED
STATES COURT.   12-5-04

3

Award, and even if its validity were to be sustained by the federal courts of justice, he/she has no interest whatsoever in returning to work for the Company.

WHEREAS: Mr./Mrs. Lasalle is willing to waive all the rights to reinstatement, salaries and fringe benefits in accordance with the Arbitration Award in the aforementioned cases and, he/she is also willing to release the Company from any cause of action that he/she may have against it as a result of his/her employment of the cessation of the same with the Company.

WHEREAS: Mr./Mrs. Lasalle is also willing to dismiss the remedy which was issued in their favor in Case A-2657 and A-1840-94, even if in due time the Award were to be sustained by the Federal Court.

THEREFORE: For the sole purpose of ending this controversy, which Mr./Mrs. Lasalle understand has already been favorably resolved in their favor in view of the monetary offer that the Company has made, the parties freely and voluntarily

CERTIFIED To be a true and correct trans-
lation from its original.
AIDA TORRES, CERTIFIED INTERPRETER
ADMINISTRATIVE OFFICE OF THE UNITED
STATES COURT.
12-31-04

STIPULATE

4

1.    For purposes of this agreement, the phrase "the Company" includes, directors, officers, stockholders, supervisors, agents, representatives and the conjugal partnerships of which they form part and/or any other person or entity that is in any manner related to the corporate entity mentioned, including, but not limited to, its insurers, surety agents, guarantors and/or representatives, and it also includes all companies related, in any manner whatsoever, to Airport Catering Services, Inc., and grouped under the commercial name of AIRPORT AVIATION GROUP and/or EMPRESAS SANTANA.

001139

2.    In consideration of the payment of the amount of $6,612.00, Mr./Mrs. Lasalle voluntarily resigns their employment effective January 17, 1992 and expressly waives the remedy which was issued in arbitration Award No. A-2657 and A-1840-94, consisting in his/her reinstatement to employment with retroactive pay.

3.    Mr./Mrs. Lasalle also expressly waives any claim, present or future, related directly or indirectly to the

CERTIFIED To be a true and correct trans-lation from its original. AIDA TORRES, CERTIFIED INTERPRETER ADMINISTRATIVE OFFICE OF THE UNITED STATES COURT. 12-31-04

5

cessation of employment of Mr./Mrs. Lasalle or which may arise from the employment relationship that ceased on January 17, 1992; it being provided that Mr./Mrs. Lasalle waives, without being limited to, any claim which he/she may have or may have had in the past, known or not, alleged or not alleged, or which may be filed in the future in any other judicial or administrative with regard to: wrongful termination (Law 80 of May 3, 1976); violation of any provision of the collective bargaining agreement; loss of income; any claim for salaries and/or benefits of any kind under the collective bargaining agreement, federal and state laws such as Worker Adjustment and Training Notification Act of 1989 (W.A.R.N.), Consolidated Omnibus Budget Reconciliation Act of 1986 (C.O.B.R.A.), including damages of any kind, and/or mental anguish, discrimination due to sex, religion, race, age, political beliefs, condition or social origin, national origin, impairment of any kind or any other reason prohibited by the Age Discrimination in Employment Act; Title VII of the Federal Civil Rights Act of 1964; Law 100 of June 30, 1959 (Law for

001140

CERTIFIED To be a true and correct transtation from its original. Ada Ton
AIDA TORRES, CERTIFIED INTERPRETER
ADMINISTRATIVE OFFICE OF THE UNITED
STATES COURT. 12-31-04

discrimination due to age, race, color, religion, sex, national and/or social origin); Law 69 of July 6, 1985 (Law on discrimination in employment due to sex); Federal Rehabilitation Act of 1973; Law #45 of April 18, 1945 (Workmens Compensation Act); Americans with Disabilities Act; Law No. 44 or July 2, 1985, as amended by Law No. 105 of December 20, 1991 (Prohibition of Discrimination against Disabled Persons); Employee Retirement Income Security Act of 1975; The Federal Workers Adjustment Retraining Notification Act; the Puerto Rico Insurance Code, National Labor Relations Board or under any law or federal or state regulation or the Constitutions of the Commonwealth of Puerto Rico and the United States of America, as well as any claim for damages alleged pursuant to Article 1802 of the Civil Code of Puerto Rico.

4.     The Company will pay Mr./Mrs. Lasalle the total amount of $6,612.00 at the time this Agreement becomes final and binding, that is, on the EIGHTH (8th) day of its signature, subject to Union dues and/or any other applicable deduction, if any, as compensation for damages, which Mr./Mrs. Lasalle have suffered or may suffer in the future as a result of the

6

CERTIFIED To be a true and correct trans-
lation from its original. _[signature]_
AIDA TORRES, CERTIFIED INTERPRETER
ADMINISTRATIVE OFFICE OF THE UNITED
STATES COURT. 12-31-04

7

controversy subject to the arbitration award that is referenced in the second WHEREAS of this Agreement. As an additional consideration for the payment of the sum indicated above, within seven (7) days following the date of the signing of this Agreement, the Union on its part must have removed Mr./Mr. Lasalle with prejudice as a complainant in case A-2657 and A-1840-94, to which Mr./Mrs. Lasalle freely consents.

5. It will also be a condition of payment of the amount described in paragraph 2 of this Agreement, that the Secretary

001141

of Labor of Puerto Rico, or his authorized representative, have approved this agreement, including his signature at the end of this Agreement and Release.

6. It will not be understood that the payment of the aforementioned amount constitutes an acceptance of guilt or responsibility or admission of any violation whatsoever by the Company of the Collective Bargaining Agreement in effect between the Company and the Union; of the Constitution or to the laws or regulations of the Commonwealth of Puerto Rico or of the United States of America.

CERTIFIED To be a true and correct trans-
lation from its original. [signature]
AIDA TORRES, CERTIFIED INTERPRETER
ADMINISTRATIVE OFFICE OF THE UNITED
STATES COURT. 12-3-09

8

7.    The parties agree that they will never disclose or publish, or cause other persons to disclose or publish the contents of the Agreement of Transaction and Release or of the conversations between the parties related to the negotiation which gave rise to this Agreement of Transaction and Release, except before the Courts or administrative agencies with jurisdiction, should there arise a controversy.

8.    The parties recognize that this Agreement of Transaction and Release has been freely and voluntarily executed with full knowledge of its legal consequences, and that Mr./Mrs. Lasalle have had the benefit of consulting with their Union and their legal representative, before reaching the agreement herein detailed and signing this agreement. Mr./Mrs. Lasalle and the Union recognize that the amount of money paid is in agreement with the one required in the Award issued in arbitration cases A-2657 and A-1840-94.

9.    Mr./Mrs. Lasalle recognize and accept voluntarily that during their employment with the Company he/she were never subject to any discrimination whatsoever by the Company, including without being limited to discrimination due to age,

CERTIFIED To be a true and correct trans-
lation from its original. [signature]
AIDA TORRES, CERTIFIED INTERPRETER
ADMINISTRATIVE OFFICE OF THE UNITED
STATES COURT.    12-31-04

race, color, religion, sex, national or social origin, condition of employment or for physical or mental disability.

10.    Mr./Mrs. Lasalle accept that with the monies paid, pursuant to paragraph 2 of this Agreement, compensation has been made for any and all damages that he/she and/or their

001142

family and/or their dependents have suffered as a result of the dismissal subject to arbitration cases No. A-2657 and A-1840-94.

11.    Mr./Mrs. Lasalle recognize that they have had more than twenty one (21) days to seek legal advice and that they have had reasonable and sufficient time to study the same. Mr./Mrs. Lasalle state that this document fully incorporates the agreements between the parties and that he/she has examined it carefully and after considering the same, it is his/her desire to sign the same today. He/she also knows that he/she has seven (7) days to revoke their consent to the agreement herein agreed, as of the date of their signature, which revocation must be notified in writing, within said seven (7) days.

12.    If any provision of this document is declared null by a court with jurisdiction the other provisions of the

9

CERTIFIED To be a true and correct translation from its original. _____ AIDA TORRES, CERTIFIED INTERPRETER ADMINISTRATIVE OFFICE OF THE UNITED STATES COURT. 12-31-09

10

document will continue in effect as if the portion declared null had not formed part of the same.

IN WITNESS WHEREOF, the parties execute this document in demonstration of their agreement with everything that is mentioned above.

IN WITNESS WHEREOF, the appearing parties sign this document.

In Carolina, Puerto Rico, today the 26th day of July, 1995.

By:
AIRPORT CATERING SERVICES, INC.:

s/José A. Ortiz

by:

Mr. Francisco Rivera

UNION INDEPENDIENTE DE
TRABAJADORES DE AEROPUERTO (UITA):

employee of

under oath state:

1.    That my name and personal circumstances are as previously indicated.

S/Francisco Guzmán Rivera
Atty. Francisco Guzmán Lasalle

001143

OATH

I, Emelynda Lasalle, of legal age, single/married, , and resident of Carolina, Puerto Rico, 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.

CERTIFIED To be a true and correct trans-
lation from its original.
AIDA TORRES, CERTIFIED INTERPRETER
ADMINISTRATIVE OFFICE OF THE UNITED
STATES COURT. 12-31-04

11

2.    That the preceding Agreement of Transaction and Release is true and I am in agreement with its contents wherefore I sign this document in Carolina, Puerto Rico, today the 26th day of July of 1995.

S/Emelynda La Salle Velázquez
Complainant

Affidavit No. 1522

Sworn and subscribed to before me by Emelynda Lasalle of the above stated personal circumstances whom I attest I personally know in Carolina, Puerto Rico today the 26th day of July, 1995.

S/Angel L. Morales Rodríguez
Notary Public

Notarial Seal of Angel L.
Morales Rodríguez affixed to document.

APPROVED

I, _____, on behalf of the Secretary of Labor and Human Resources of Puerto Rico, sign and approve this document today the ___ day of _____ Of 1995, in order to certify that I have read the preceding stipulation and have informed the persons of the scope of each of its clauses. I have also advised them of the

CERTIFIED To be a true and correct translation from its original. Chl. Av
AIDA TORRES, CERTIFIED INTERPRETER
ADMINISTRATIVE OFFICE OF THE UNITED
STATES COURT.    12-31-09

rights and obligations pursuant to the legislation that

protects workers.

12

001144

CERTIFIED To be a true and correct trans-
lation from its original.
AIDA TORRES, CERTIFIED INTERPRETER
ADMINISTRATIVE OFFICE OF THE UNITED
STATES COURT. 12-31-04

DEDUCTION OF DUES

I, Emelynda Lasalle, authorize the Company to deduct the amount of Five Hundred Dollars ($500.00) for deduction of the union dues.

In Carolina, Puerto Rico, the 26th day of July, 1995.

S/Emelynda Lasalle
Signature of Employee

CERTIFIED To be a true and correct trans-
lation from its original
AIDA. TORRES, CERTIFIED INTERPRETER
ADMINISTRATIVE OFFICE OF THE UNITED
STATES COURT.
12-31-04

001146