EXHIBIT

I

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

ELISEO RIVERA CORTES,                )        CIVIL NO. 98-2092 (GG)
GLORIA PILLOT, ET ALS.               )
    Plaintiffs                    )
                                  )        CIVIL ACTION
        VS                  )
                                  )
AIRPORT CATERING                     )
SERVICES CORPORATION,                )
UNION INDEPENDIENTE DE               )
TRABAJADORES DE                      )
AEROPUERTOS                          )
    Defendants                    )
_____)

## ANSWER OF INTERROGATORIES AND
## REQUEST FOR DOCUMENTS

    **TO:**   **Airport Catering Services, Corp.**

    **C/O:**  **Reynaldo A. Quintana Latorre, Esq.**

1.    Reynaldo Febo Matos
       SS  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

       Physical address:
       HC-01 Box 9131 Carr 185 Ramal 957 Km 3.4
       Canóvanas, Puerto Rico  00729

2.    a)    The union delegates told us that the case had been lost.

       b)    There were signatures missing.

       c)    Manuel Ortíz, "Reliquia", and "Jumbo".

       d)    The three above mentioned people were responsible for carrying out the message that the case was lost and that signing was our only option.

       e)    Manuel Ortíz,  "Reliquia", "Jumbo", and my co-workers.

       f)    At the union offices.

3.    Conversing with my co-workers.

4.    After having signed in meetings with my co-workers.

5.    Orlando Peña, Ismael Rivera, José Martínez. These are all co-workers of mine.

6.    1995 – Sky Catering, 9:00 – 10:00 am.

7.    An attorney and myself.

8.    Two (2) years after having signed.

9.    I ran into a co-worker of mine and he informed me of the meetings. His name was Mr. Cuadrado.

10.   No.

11.   They convinced me telling me it was my only option.

12.   I do not know.

13.   1992 –1994  Unemployed.

      1994 – Platt Metal, Driver, Two years and a half, $220 monthly.

14.   None.

15.   As of this moment, the plaintiffs have not chosen the witnesses to be presented at the trial. However, all of the plaintiffs are witnesses as to their particular causes of action, and the general causes of action. Plantiffs will choose their witnesses to reduce the amount of witnesses for the convenience of the procedure. Set witnesses have not been chosen. We are also waiting for the answers to the interrogatories of the defendants to determine whether to present other witnesses.

16.   Plaintiff have not contracted any expert witnesses as of today.

17.   Over $50,000.00 per plaintiff.

18.   Financial difficulties, – lost my car – family problems, depression, anxiety.

19.   None.

**REYNALDO FEBO**

I, **REYNALDO FEBO MATOS,** under penalty or perjury, **CERTIFY** that the above answers are true and correct.

In San Juan, Puerto Rico, this ꝫ\ day of December, 1999.

*Rinaldo Febo Matos*

**REYNALDO FEBO MATOS**

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

Eliseo Rivera Cortés,  Gloria Pillot, et al,

    *Plaintiffs*

       v.

Airport Catering Services, Corp.,
Union Independiente de Trabajadores
de Aeropuertos

    *Defendants*

Civil No. 98-2092(GG)

CIVIL ACTION

## CO-DEFENDANT AIRPORT CATERING SERVICES' FIRST SET OF INTERROGATORIES AND REQUEST FOR DOCUMENTS

TO:   **Reynaldo Febo Matos (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)**
     through Juan E. Zalduondo Viera, Esq.
     Midtown Bldg., Suite 101
     421 Muñoz Rivera Ave.
     Hato   Rey, Puerto Rico 00918

### DEFINITIONS TO BE USED WITH RESPECT TO THIS DISCOVERY REQUEST

The following definitions are applicable to this discovery request and to any other discovery request made by Defendant. These definitions are not intended to broaden or narrow the scope of discovery permitted by the Federal Rules of Civil Procedure. The following definitions apply to all discovery requests by the appearing Plaintiff:

1.   **Communication:**  The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

2. **Document:** The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a). A draft of non-identical copy is a separate document within the meaning of this term.

3. **Identify** (With Respect to Persons): When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

4. **Identify** (With Respect to Document): When referring to documents, "to identify" means to give, to the extent known, the (1) type of document' (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

5. **Parties:** The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

6. **Person:** The term "person" is defined as any natural person or business, legal

7. **Concerning:** The term "concerning" means relating to, referring to, describing,

The following rules of construction apply to all discovery requests:

1. **All/Each:** The terms "all" and "each" shall be construed as all and-each.

2

2. **And/or:** The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

3. **Number:** The use of the singular form of any word includes the plural and vice versa.

**INSTRUCTIONS**

(a)    You must answer each interrogatory separately and fully in writing under oath, unless it is objected to, in which event the reason for the objection must be stated in lieu of the answer.

(b)    Information to be disclosed includes that which is in the possession of you, your attorneys, investigators, agents, employees, or other representatives of you and your attorneys.

(c)    Where an individual interrogatory calls for an answer which involves more than one part, each part of the answer should be clearly set out so that it is understandable.

(d)    An evasive or incomplete answer is deemed to be a failure to answer pursuant to Rule 37(a)(3) of the Federal Rules of Civil Procedure.

(e)    You are under a continuing duty to reasonably supplement your answers to these interrogatories with respect to any question directly addressed to the identity and location of persons having knowledge of discoverable matters, and the identity of each person expected to be called as an expert witness at trial, the subject matter on which the expert is expected to testify, and the substance of the expert's testimony. Further, you are

3

under a. continuing duty to correct any incorrect response and to supplement these answers, when you later learn that a response is incorrect of that additional information has become available to you.

Pursuant to the provisions of Rule 34 of the Federal Rules of Civil Procedures, should you not submit with your answer the documents requested, you are hereby requested to produce for inspection and photocopying all the documents requested on July 9, 1999, (10:00 a.m.) at the offices of  the Union's legal counsel located at the Midtown Building, 421 Muñoz Rivera Avenue, Suite 206, Hato Rey, Puerto Rico.

1. State your name, social security number and physical and postal address.

2. With regards to paragraph four (4) of the Second Amended Complaint, describe in detail: a) how you were misled into signing the "Defective Settlement Agreement", include any specific misleading statements; b) the reason why you believe that the settlement agreement was "defective"; c) the persons who misled you; d) the date(s) and hour (s) when the acts described as "misleading" took place; identifying for each act, the person who committed it; e) the persons who were present when the act described as "misleading" took place; f) the place(s) where the act(s) identified as "misleading" took place.

3. How did you become aware that you had been misled into signing the agreement?

4. When and where did you become aware that you had been mislead into signing the agreement?

5.  In relation to interrogatories 3 and 4, identify all persons who have personal knowledge of the facts related to the answers given by you, stating their relationship to you, and their physical and postal address.

6.  State the date, hour and place when you signed the agreement.

7.  State the names of those present when you signed the agreement.

8.  When did you join the list of Plaintiffs in this case?

9.  Explain the circumstances in which you became aware that you could become a Plaintiff in this case, including the names of the persons who first informed you that you could become one and the date in which you were first informed.

10. Describe how you were intimidated; by whom; and produce a list of those who were present when you were intimidated.

11. Describe how you were coerced; by whom; and produce a list of those who were present when you were coerced.

12. State all income you have received since January 1992, and provide copies of your income tax returns for the period above.

13. Provide a list of all employers you have worked for since January 1992.  For each employer, provide the dates of employment, the position(s) occupied with each employer, and your salary, as well as the position in which you are or were employed.

14. State any other income-producing activities undertaken by you since January 1992.

15. Provide a list of witnesses to the facts alleged in the Second Amended Complaint regardless of your intention to use them at trial.  For each witness please

state: a) name; b) address; c) telephone; d) personal relation; e) occupation, employer and years of employment; and f) a brief description of their testimony.

16. Please state the names of any expert witnesses that you will use or have used during the preparation of this claim. Regardless of your intention to use their testimony at trial, for each expert witness please state: a) name, address and telephone; b) occupation, employers and years of employment; c) academic credentials; d) professional licenses, number and date issued; e) define the scope of the engagement; f) provide all sources of information used or to be used in evaluating the case, in evaluating the case, including text books, treaties, journals, formulas or other scientific information; g) please provide all working papers, data sheets and other laboratory information used or produced in during the course of the engagement; h) provide a brief summary of the experts opinion; and I) provide a copy of the expert witness report.

17. State the amount you are claiming for mental sufferings and damages.

18. Describe the extent of your alleged mental sufferings, and your basis for claiming the amount stated in the previous interrogatory.

19. If treatment was received for your alleged mental sufferings, state the date and persons providing such services.

### Request for Production of Documents

You are to produce the following documents which are to be marked or identified according to the number assigned to each production request:

1. Any and all documents which support, evidence, relate or otherwise pertain to Plaintiff's allegations in paragraph 4 of the Second Amended Complaint.

6

2. Any and all documents which support, evidence, relate or otherwise pertain to Plaintiff's allegations in paragraph 13 of the Second Amended Complaint.

3. Any and all documents which support, evidence, relate or otherwise pertain to Plaintiff's allegations in paragraph 14 of the Second Amended Complaint.

4. Any and all documents which support, evidence, relate or otherwise pertain to Plaintiff's allegations in paragraph 15 of the Second Amended Complaint.

5. Any and all documents which support, evidence, relate or otherwise pertain to Plaintiff's allegations in paragraph 16 of the Second Amended Complaint.

6. Any and all documents which support, evidence, relate or otherwise pertain to Plaintiff's allegations in paragraph 17 of the Second Amended Complaint.

7. Any and all documents which support, evidence, relate or otherwise pertain to Plaintiff's allegations in paragraph 19 of the Second Amended Complaint.

8. Any and all documents which support, evidence, relate or other wise pertain to the answers given to interrogatories #12-13 and #14.

9. Copy of all statements in Plaintiff's possession, sworn or unsworn that in any way relate to the allegations in the Second Amended Complaint.

10. Medical files produced by physicians who treated plaintiffs for the alleged damages and mental anguishes.

11. Plaintiff's income tax returns from 1992 to present.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 5th day of May, 1999.

CURBELO & BAERGA
Union Plaza Building
Ponce de León Avenue 416
Hato Rey, Puerto Rico 00918
Tel. 753-7455/Fax 756-5796

Fernando A. Baerga Ibáñez, Esq.
USDC PR No. 213311

Reynaldo A. Quintana Latorre, Esq.
USDC PR No. 211104

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

ELISEO RIVERA CORTES,     CIVIL NO. 98-2092 (GG)
GLORIA PILLOT, ET ALS.

  **Plaintiffs**

Vs.            CIVIL ACTION

AIRPORT CATERING
SERVICES, CORPORATION,
UNION INDEPENDIENTE DE
TRABAJADORES DE
AEROPUERTOS

  **Defendants**

## ANSWER OF INTERROGATORIES AND
## REQUEST FOR DOCUMENTS

  TO: **Airport Catering Services, Corp.**

  C/O: **Reynaldo A. Quintana Latorre, Esq.**

1. Eliseo Rivera Cortés
  SS 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

  Physical address:
  Brisas de Borinquen 2 Apt. 201-A
  Carolina, Puerto rico 00985

  Postal address:
  Calle Palma Real 123
  Buena Vista
  Carolina, Puerto Rico 00985

2. a) They would say to us that if we did not sign that document, we would
   receive nothing, they would also use foul language in order to
   intimidate us.  (They refer to the Union representatives)

    b)     In the document it was stipulated that if any of the following signatures were missing the document would be null.

          1.     Union President
          2.     Natural Resources President, Francisco Rivera
          3.     Secretary of the department of labor
          4.     The attorney handling the case.
                 All of which were missing in the document we signed.

    c)    1.     Oscar Ortiz – Union Secretary
          2.     Francisco Rivera – Natural Resources President
          3.     José L. Ortiz – "Reliquia"- Union Representative

    d)     September 28, 1995, given by Francisco Rivera.

    e)    1.     José L. Ortiz "Reliquia"
          2.     An attorney working for the employers

    f)     Sky Catering, Second floor.

3.    Because the Union was no longer giving us information on the case, this led me to make my own investigation at the federal secretary offices. And through my investigation I discovered that the case was going well but that it was a very strong case. There was no reason for them to say that the case was not going well.

4.    I knew I was being misled at all times, the only reason I signed the document was because of their threats; which consisted of them reporting me to "Hacienda", because I was not actively contributing to the government.

5.    Ana Elba Colón - esposa
      Gloria Pillot, Wanda Grasian, Heime Collazo, José L. Ortiz, Thomas "Tommy" (These were all co-workers of mine. I do not remember their addresses)

6.    1995, Sky Catering

7.    Heime Collazo, Roberto Rodríguez, Wanda Graciani, Ana Elba Colón, "Reliquia", Abogado

8.    January 17, 1992.

9.    In January of '92 discussing what had occurred some of my coworkers we became aware of the irregularities, that were acted by people such as Pucho Rodríguez, Oscar Ortiz as well as other members of the Union.

10.    1)    In '93 after speaking with Mr. Francisco Rivera and Mr. Algarín we set up a meeting in Country Kitchen restaurant in Loíza so I could give them a list of all the employees. Mr. Algarín promised to give 35 thousand dollars to be divided between those who signed. This information was filtered to the Union who then called me and in a foul language acused me of betraying them and then proceeded to threaten me.

The people who did this are as follows:

1.    Sr. Algarín
2.    Sr. Francisco Rivera
3.    "Pepo" Camera –
4.    Culvero – lawyer
5.    President of the Union – Sr. Ortiz

2)    Oscar Ortiz, Francisco Rivera, "Reliquia" also with we there attend reporting me to Hacienda.

11.    They informed me "If I did not sign I would receive nothing". These comments were made to me as well as my co-workers by Oscar Ortiz, Francisco Rivera, "Reliquia".

12.    I have not kept trac.

13.    '92 unemployment
'92 precycling aluminum - $10 – 15 dollars daily
'92-93 Construction, $200-300 monthly
'93-94 cook, Desca Addiction Center - $720 monthly
'94-99 Carolina Area Hospital, Cook, $720 monthly

14.    N/A

15. As of this moment August 16, 1999 plaintiffs have not chosen the witness to be presented at the trial. However, all of the plaintiffs are witnesses to their particular causes of action, and to the general causes of action. Plaintiffs will choose their witnesses to reduce the amount of witnesses for the convenience of the procedure. So witnesses have not been chosen. We are also waiting for the answers to the interrogatories of the defendants to determine whether to present other witnesses.

16. Plaintiff have not contracted any expert witnesses as of today.

17. Over $50,000.00 per plaintiff.

18. I lost my marriage as well as turning to alcohol and drugs, I suffered depressions and drastic changes in my way or life.

19. None.


I, **ELISEO RIVERA CORTES**, under penalty or perjury, **CERTIFY,** that the above answers are true and correct.

In San Juan, Puerto Rico, this **29** days of December, 1999.


**ELISEO RIVERA CORTES**

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

Eliseo Rivera Cortés,  Gloria Pillot, et al,

*Plaintiffs*

v.

Airport Catering Services, Corp.,
Union Independiente de Trabajadores
de Aeropuertos

*Defendants*

Civil No. 98-2092(GG)

CIVIL ACTION

**CO-DEFENDANT AIRPORT CATERING SERVICES'
FIRST SET OF INTERROGATORIES AND REQUEST
FOR DOCUMENTS**

TO:    **Ismael Rivera Jiménez (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)**
through Juan E. Zalduondo Viera, Esq.
Midtown Bldg., Suite 101
421 Muñoz Rivera Ave.
Hato   Rey, Puerto Rico 00918

DEFINITIONS TO BE USED WITH RESPECT
TO THIS DISCOVERY REQUEST

The following definitions are applicable to this discovery request and to any other discovery request made by Defendant. These definitions are not intended to broaden or narrow the scope of discovery permitted by the Federal Rules of Civil Procedure. The following definitions apply to all discovery requests by the appearing Plaintiff:

1.    **Communication:**   The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

2. **Document:** The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a). A draft of non-identical copy is a separate document within the meaning of this term.

3. **Identify** (With Respect to Persons): When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

4. **Identify** (With Respect to Document): When referring to documents, "to identify" means to give, to the extent known, the (1) type of document' (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

5. **Parties:** The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

6. **Person:** The term "person" is defined as any natural person or business, legal

7. **Concerning:** The term "concerning" means relating to, referring to, describing,

The following rules of construction apply to all discovery requests:

1. **All/Each:** The terms "all" and "each" shall be construed as all and-each.

2. **And/or:** The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

3. **Number:** The use of the singular form of any word includes the plural and vice versa.

**INSTRUCTIONS**

(a)  You must answer each interrogatory separately and fully in writing under oath, unless it is objected to, in which event the reason for the objection must be stated in lieu of the answer.

(b)  Information to be disclosed includes that which is in the possession of you, your attorneys, investigators, agents, employees, or other representatives of you and your attorneys.

(c)  Where an individual interrogatory calls for an answer which involves more than one part, each part of the answer should be clearly set out so that it is understandable.

(d)  An evasive or incomplete answer is deemed to be a failure to answer pursuant to Rule 37(a)(3) of the Federal Rules of Civil Procedure.

(e)  You are under a continuing duty to reasonably supplement your answers to these interrogatories with respect to any question directly addressed to the identity and location of persons having knowledge of discoverable matters, and the identity of each person expected to be called as an expert witness at trial, the subject matter on which the expert is expected to testify, and the substance of the expert's testimony. Further, you are

under a. continuing duty to correct any incorrect response and to supplement these answers, when you later learn that a response is incorrect of that additional information has become available to you.

Pursuant to the provisions of Rule 34 of the Federal Rules of Civil Procedures, should you not submit with your answer the documents requested, you are hereby requested to produce for inspection and photocopying all the documents requested on July 9, 1999, (10:00 a.m.) at the offices of the Union's legal counsel located at the Midtown Building, 421 Muñoz Rivera Avenue, Suite 206, Hato Rey, Puerto Rico.

1. State your name, social security number and physical and postal address.

2. With regards to paragraph four (4) of the Second Amended Complaint, describe in detail: a) how you were misled into signing the "Defective Settlement Agreement", include any specific misleading statements; b) the reason why you believe that the settlement agreement was "defective"; c) the persons who misled you; d) the date(s) and hour (s) when the acts described as "misleading" took place; identifying for each act, the person who committed it; e) the persons who were present when the act described as "misleading" took place; f) the place(s) where the act(s) identified as "misleading" took place.

3. How did you become aware that you had been misled into signing the agreement?

4. When and where did you become aware that you had been mislead into signing the agreement?

4

5. In relation to interrogatories 3 and 4, identify all persons who have personal knowledge of the facts related to the answers given by you, stating their relationship to you, and their physical and postal address.

6. State the date, hour and place when you signed the agreement.

7. State the names of those present when you signed the agreement.

8. When did you join the list of Plaintiffs in this case?

9. Explain the circumstances in which you became aware that you could become a Plaintiff in this case, including the names of the persons who first informed you that you could become one and the date in which you were first informed.

10. Describe how you were intimidated; by whom; and produce a list of those who were present when you were intimidated.

11. Describe how you were coerced; by whom; and produce a list of those who were present when you were coerced.

12. State all income you have received since January 1992, and provide copies of your income tax returns for the period above.

13. Provide a list of all employers you have worked for since January 1992. For each employer, provide the dates of employment, the position(s) occupied with each employer, and your salary, as well as the position in which you are or were employed.

14. State any other income-producing activities undertaken by you since January 1992.

15. Provide a list of witnesses to the facts alleged in the Second Amended Complaint regardless of your intention to use them at trial. For each witness please

state: a) name; b) address; c) telephone; d) personal relation; e) occupation, employer and years of employment; and f) a brief description of their testimony.

16. Please state the names of any expert witnesses that you will use or have used during the preparation of this claim. Regardless of your intention to use their testimony at trial, for each expert witness please state: a) name, address and telephone; b) occupation, employers and years of employment; c) academic credentials; d) professional licenses, number and date issued; e) define the scope of the engagement; f) provide all sources of information used or to be used in evaluating the case, in evaluating the case, including text books, treaties, journals, formulas or other scientific information; g) please provide all working papers, data sheets and other laboratory information used or produced in during the course of the engagement; h) provide a brief summary of the experts opinion; and I) provide a copy of the expert witness report.

17. State the amount you are claiming for mental sufferings and damages.

18. Describe the extent of your alleged mental sufferings, and your basis for claiming the amount stated in the previous interrogatory.

19. If treatment was received for your alleged mental sufferings, state the date and persons providing such services.

### Request for Production of Documents

You are to produce the following documents which are to be marked or identified according to the number assigned to each production request:

1. Any and all documents which support, evidence, relate or otherwise pertain to Plaintiff's allegations in paragraph 4 of the Second Amended Complaint.

6

2. Any and all documents which support, evidence, relate or otherwise pertain to Plaintiff's allegations in paragraph 13 of the Second Amended Complaint.

3. Any and all documents which support, evidence, relate or otherwise pertain to Plaintiff's allegations in paragraph 14 of the Second Amended Complaint.

4. Any and all documents which support, evidence, relate or otherwise pertain to Plaintiff's allegations in paragraph 15 of the Second Amended Complaint.

5. Any and all documents which support, evidence, relate or otherwise pertain to Plaintiff's allegations in paragraph 16 of the Second Amended Complaint.

6. Any and all documents which support, evidence, relate or otherwise pertain to Plaintiff's allegations in paragraph 17 of the Second Amended Complaint.

7. Any and all documents which support, evidence, relate or otherwise pertain to Plaintiff's allegations in paragraph 19 of the Second Amended Complaint.

8. Any and all documents which support, evidence, relate or other wise pertain to the answers given to interrogatories #12-13 and #14.

9. Copy of all statements in Plaintiff's possession, sworn or unsworn that in any way relate to the allegations in the Second Amended Complaint.

10. Medical files produced by physicians who treated plaintiffs for the alleged damages and mental anguishes.

11. Plaintiff's income tax returns from 1992 to present.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 5th day of May, 1999.

CURBELO & BAERGA
Union Plaza Building
Ponce de León Avenue 416
Hato Rey, Puerto Rico 00918
Tel. 753-7455/Fax 756-5796


Fernando A. Baerga Ibáñez, Esq.
USDC PR No. 213311


Reynaldo A. Quintana Latorre, Esq.
USDC PR No. 211104

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

ELISEO RIVERA CORTES,    )      CIVIL NO. 98-2092 (GG)
GLORIA PILLOT, ET ALS.    )
    Plaintiffs        )
              )      CIVIL ACTION
    VS          )
              )
AIRPORT CATERING      )
SERVICES CORPORATION,    )
UNION INDEPENDIENTE DE   )
TRABAJADORES DE       )
AEROPUERTOS         )
    Defendants       )
_____)

## ANSWER OF INTERROGATORIES AND
## REQUEST FOR DOCUMENTS

    **TO:**   **Airport Catering Services, Corp.**

    **C/O:**  **Reynaldo A. Quintana Latorre, Esq.**

1.    GUdelia Ramos Rivera
    SS  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

    Physical address:
    Parcela 282 Monte Verde
    San Isidro
    Canóvanas, Puerto Rico  00729

    Postal address:
    Po Box 1037
    Canóvanas, Puerto Rico  00729

2.    a)    I have knowledge of a document signed by my co-workers to receive "X" amount of money.

        b)    I heard about this offer through my co-workers and by going to the meeting held by the Union.

3.    No.

4.    It's not that I did not want to sign, but that since I was not able to work because of an injury at that time "bajo el fondo" I was not entilled to anything.

5.    None.

6.    a)    Cleaner
    b)    Part time
    c)    No
    d)    Bakery
    e)
    f)

7.    Yes, in various employments.

8.    N/A

9.    All plaintiffs have knowledge about the facts alleged in the complaint. We are waiting for the answers to the interrogatories by the Union and employers.

10.    a)    Backpay is computed by the current salary at the moment of the dismissal.

    b)    I estimate the damage in $50,000.00.

    c)    None.

11.    I do not remember.

12.    Mrs. Ada Oquendo called me in order to inform me of the meetings that were taking place.

13.    '94-'95  Eddies Laundry, labor, one year, minimum wage.

    '97-'99  West Inn Rio Mar, Supervisor – House Keeping, three (3) years, $6.50 hour.

14.    Same time as my co-workers.

15.    No offer.

16.    a)    They would say to my coments that if they did not sign they would receive nothing else.

    b)    They were pressuring my co-workers so they would sign as quickly as possible.

    c)    Yes, in union meetings.

    d)    At the union offices.

**GUDELIA RAMOS RIVERA**

I, **G UDELIA RAMOS RIVERA,** under penalty or perjury, **CERTIFY** that the above answers are true and correct.

In San Juan, Puerto Rico, this 3º day of December, 1999.

*Gudelia Ramos Rivera*
**G UDELIA RAMOS RIVERA**

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

Eliseo Rivera Cortés, Gloria Pillot, et al,

*Plaintiffs*

v.

Airport Catering Services, Corp.,
Union Independiente de Trabajadores
de Aeropuertos

*Defendants*

Civil No. 98-2092(GG)

CIVIL ACTION

## CO-DEFENDANT AIRPORT CATERING SERVICES'
## FIRST SET OF INTERROGATORIES AND REQUEST
## FOR DOCUMENTS

TO: **Gudelia Ramos Rivera (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)**
through Juan E. Zalduondo Viera, Esq.
Midtown Bldg., Suite 101
421 Muñoz Rivera Ave.
Hato   Rey, Puerto Rico 00918

### DEFINITIONS TO BE USED WITH RESPECT
### TO THIS DISCOVERY REQUEST

The following definitions are applicable to this discovery request and to any other

discovery request made by Defendant. These definitions are not intended to broaden or

narrow the scope of discovery permitted by the Federal Rules of Civil Procedure. The

following definitions apply to all discovery requests by the appearing Plaintiff:

1. **Communication:**   The term "communication" means the transmittal of

information (in the form of facts, ideas, inquiries or otherwise).

2. **Document:** The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a). A draft of non-identical copy is a separate document within the meaning of this term.

3. **Identify** (With Respect to Persons): When referring to a person, "'to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

4. **Identify** (With Respect to Document): When referring to documents, "to identify" means to give, to the extent known, the (1) type of document' (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

5. **Parties**: The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

6. **Person:** The term "person" is defined as any natural person or business, legal

7. **Concerning:** The term "concerning" means relating to, referring to, describing,

The following rules of construction apply to all discovery requests:

1. **All/Each:** The terms "all" and "each" shall be construed as all and-each.

2

2. **And/or:** The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

3. **Number:** The use of the singular form of any word includes the plural and vice versa.

**INSTRUCTIONS**

(a)   You must answer each interrogatory separately and fully in writing under oath, unless it is objected to, in which event the reason for the objection must be stated in lieu of the answer.

(b)   Information to be disclosed includes that which is in the possession of you, your attorneys, investigators, agents, employees, or other representatives of you and your attorneys.

(c)   Where an individual interrogatory calls for an answer which involves more than one part, each part of the answer should be clearly set out so that it is understandable.

(d)   An evasive or incomplete answer is deemed to be a failure to answer pursuant to Rule 37(a)(3) of the Federal Rules of Civil Procedure.

(e)   You are under a continuing duty to reasonably supplement your answers to these interrogatories with respect to any question directly addressed to the identity and location of persons having knowledge of discoverable matters, and the identity of each person expected to be called as an expert witness at trial, the subject matter on which the expert is expected to testify, and the substance of the expert's testimony. Further, you are

3

> under a. continuing duty to correct any incorrect response and to supplement these answers, when you later learn that a response is incorrect of that additional information has become available to you.

Pursuant to the provisions of Rule 34 of the Federal Rules of Civil Procedures, should you not submit with your answer the documents requested, you are hereby requested to produce for inspection and photocopying all the documents requested on July 9, 1999, (10:00 a.m.) at the offices of the Union's legal counsel located at the Midtown Building, 421 Muñoz Rivera Avenue, Suite 206, Hato Rey, Puerto Rico.

1. State your name, social security number and physical and postal address.

2. With regards to paragraph four (4) of the Second Amended Complaint, describe in detail: a) how you were misled into signing the "Defective Settlement Agreement", include any specific misleading statements; b) the reason why you believe that the settlement agreement was "defective"; c) the persons who misled you; d) the date(s) and hour (s) when the acts described as "misleading" took place; identifying for each act, the person who committed it; e) the persons who were present when the act described as "misleading" took place; f) the place(s) where the act(s) identified as "misleading" took place.

3. How did you become aware that you had been misled into signing the agreement?

4. When and where did you become aware that you had been mislead into signing the agreement?

4

5.  In relation to interrogatories 3 and 4, identify all persons who have personal knowledge of the facts related to the answers given by you, stating their relationship to you, and their physical and postal address.

6.  State the date, hour and place when you signed the agreement.

7.  State the names of those present when you signed the agreement.

8.  When did you join the list of Plaintiffs in this case?

9.  Explain the circumstances in which you became aware that you could become a Plaintiff in this case, including the names of the persons who first informed you that you could become one and the date in which you were first informed.

10.  Describe how you were intimidated; by whom; and produce a list of those who were present when you were intimidated.

11.  Describe how you were coerced; by whom; and produce a list of those who were present when you were coerced.

12.  State all income you have received since January 1992, and provide copies of your income tax returns for the period above.

13.  Provide a list of all employers you have worked for since January 1992.  For each employer, provide the dates of employment, the position(s) occupied with each employer, and your salary, as well as the position in which you are or were employed.

14.  State any other income-producing activities undertaken by you since January 1992.

15.  Provide a list of witnesses to the facts alleged in the Second Amended Complaint regardless of your intention to use them at trial.  For each witness please

5

state: a) name; b) address; c) telephone; d) personal relation; e) occupation, employer and years of employment; and f) a brief description of their testimony.

16. Please state the names of any expert witnesses that you will use or have used during the preparation of this claim. Regardless of your intention to use their testimony at trial, for each expert witness please state: a) name, address and telephone; b) occupation, employers and years of employment; c) academic credentials; d) professional licenses, number and date issued; e) define the scope of the engagement; f) provide all sources of information used or to be used in evaluating the case, in evaluating the case, including text books, treaties, journals, formulas or other scientific information; g) please provide all working papers, data sheets and other laboratory information used or produced in during the course of the engagement; h) provide a brief summary of the experts opinion; and I) provide a copy of the expert witness report.

17. State the amount you are claiming for mental sufferings and damages.

18. Describe the extent of your alleged mental sufferings, and your basis for claiming the amount stated in the previous interrogatory.

19. If treatment was received for your alleged mental sufferings, state the date and persons providing such services.

### Request for Production of Documents

You are to produce the following documents which are to be marked or identified according to the number assigned to each production request:

1. Any and all documents which support, evidence, relate or otherwise pertain to Plaintiff's allegations in paragraph 4 of the Second Amended Complaint.

2. Any and all documents which support, evidence, relate or otherwise pertain to Plaintiff's allegations in paragraph 13 of the Second Amended Complaint.

3. Any and all documents which support, evidence, relate or otherwise pertain to Plaintiff's allegations in paragraph 14 of the Second Amended Complaint.

4. Any and all documents which support, evidence, relate or otherwise pertain to Plaintiff's allegations in paragraph 15 of the Second Amended Complaint.

5. Any and all documents which support, evidence, relate or otherwise pertain to Plaintiff's allegations in paragraph 16 of the Second Amended Complaint.

6. Any and all documents which support, evidence, relate or otherwise pertain to Plaintiff's allegations in paragraph 17 of the Second Amended Complaint.

7. Any and all documents which support, evidence, relate or otherwise pertain to Plaintiff's allegations in paragraph 19 of the Second Amended Complaint.

8. Any and all documents which support, evidence, relate or other wise pertain to the answers given to interrogatories #12-13 and #14.

9. Copy of all statements in Plaintiff's possession, sworn or unsworn that in any way relate to the allegations in the Second Amended Complaint.

10. Medical files produced by physicians who treated plaintiffs for the alleged damages and mental anguishes.

11. Plaintiff's income tax returns from 1992 to present.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 5th day of May, 1999.

CURBELO & BAERGA
Union Plaza Building
Ponce de León Avenue 416
Hato Rey, Puerto Rico 00918
Tel. 753-7455/Fax 756-5796

Fernando A. Baerga Ibáñez, Esq.
USDC PR No. 213311

Reynaldo A. Quintana Latorre, Esq.
USDC PR No. 211104

8