IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **ELISEO RIVERA CORTES, ET AL**<br><br>**Plaintiffs**<br><br>v.<br><br>**AIRPORT CATERING SERVICES, CORP., ET AL**<br><br>**Defendants** | **CIVIL NO. 98-2092 (GG)** |

### REPLY TO "MOTION IN OPPOSITION TO GROUP 'Y' COPLAINTIFF'S OBJECTIONS

TO THE HONORABLE COURT:

NOW COME plaintiffs Eliseo Rivera-Cortés and other coplaintiffs through their undersigned attorney, and very respectfully state and pray as follows:

I   INTRODUCTION

Defendant Airport Catering Services Corp. ("A.C.S.") filed an opposition on April 1st, 2005 with respect to the objections presented by the appearing coplaintiffs on March 28, 2005 to the Report and Recommendation of U.S. Magistrate Judge Hon. Camille L. Vélez Rivé, of February 24, 2005.

Since in the opposition presented by A.C.S.both applicable law and the facts are misargued, this reply is necessary.

II   PLAINTIFF'S OBJECTIONS

In their motion objecting the magistrate's judge report and recommendations ("the report"), plaintiffs presented the

-1-

following "specific written objections" to the proposed findings and recommendations, as permitted by Rule 72 (b) of the Federal Rules of Civil Procedure ("F.R.C.P.":

A) CONTRARY TO THE PROPOSED FINDINGS IN THE REPORT (p. 5, report), THERE IS A FACTUAL CONTROVERSY IN THE CASE ON THE ISSUE OF FULFILLMENT OF THE CONTRACT REQUISITES –consent, object and cause– in the "SETTLEMENT AGREEMENTS AND RELEASES" ("the agreements"), WHICH CONTROVERSY PREVENTS SUMMARY DISPOSITION OF THE CLAIMS.

B) CONTRARY TO THE PROPOSED FINDINGS IN THE REPORT (p. 7, report) IF THE CLAUSES OF THE AGREEMENTS ARE READ TOGETHER IT BECOMES CLEAR THAT THE AGREEMENTS ARE NOT OPERATIONAL NOR FUNCTIONAL IN ABSENCE OF THE APPROVAL AND SIGNATURE OF THE SECRETARY OF LABOR, A LEGAL PREREQUISITE FOR THEIR VALIDITY AND ENFORCEABILITY, SINCE THE APPROVAL AND SIGNATURE OF THE SECRETARY OF LABOR IS NOT A SIMPLE CONDITION" TO GUARANTEE THE PAYMENTS TO PLAINTIFFS AS FOUND IN THE REPORT, AT PAGE 8, BUT A REQUIREMENT FOR THEIR VALIDITY.

In the argument of the above objections, plaintiffs reached four conclusions of law and of fact, which should move this court not to accept the report, but to reject it adjudicating the issues objected "De Novo". (objections, p. 7 – 8)

In presenting the above specific objections, plaintiffs complied with the specific requirements of Rule 72 (b) of FRCP on

objections to the magistrate's report, but also with local Rule 70 (d), which requires from the objecting party to "specifically identify the proposed findings and recommendations to which objection is made and the basis for such objection."

Under Rule 72 (b) F.R.C.P., this Honorable Court should make a "de novo" determination on the magistrate judge's disposition to which the above objections were made, rejecting the magistrate's objected findings and the recommendations made in the report to dismiss coplaintiffs' "Group Y" claims.

III AC'S INCORRECT ARGUMENTS THAT "GROUP Y" PLAINTIFFS OBJECTIONS TO THE REPORT DID NOT FOLLOW APPLICABLE PROCEDURAL REQUIREMENTS

At page 12, paragraph c of its opposition, A.C. argues that plaintiffs failed to provide specific objections to the findings made by the magistrate, which proposition is patently false and self-evident from the content of plaintiffs' motion objecting to the report.  Plaintiffs did not simply restate or commented on the magistrate's report, but specifically stated their position with reference to specific portions of the report with which they did not agree, specifically objecting them and also stating the basis for each objection.

Also, since at paragraph II (A) of its Opposition, p. 3, A.C. cites Sackal v. Heckler, 104 F.R.D. 401 (DRI 1984)suggesting that "…objections…are not to be construed as a second opportunity to present arguments already considered by the Magistrate Judge",

plaintiffs want to make clear that Rule 72 (b) on referral of "Dispositive Motions…", to a U.S. Magistrate Judge <u>fails</u> to include the language contained in Rule 72 (a) on referrals of "Nondispositive matters" in which events "…a party may not thereafter assign as <u>error a defect</u> in the magistrate judge's order to which objection was not timely made", which means that on dispositive reports and recommendations by magistrate judges under Rule 72 (b) the district judge is free to consider legal or factual errors made by a magistrate judge in a report as a defect, even if not timely raised as objections.

IV  <u>FACTUAL CONTROVERSY OVER THE FULLFILLMENT OF CONTRACTUAL REQUISITES IN THE AGREEMENTS</u>

Plaintiffs made in the amended complaint, paragraph 16th, specific averments to the effect that they were deceived by A.C. and by the "Unión Independiente de Trabajadores de Aeropuertos" ("U.I.T.A.") into believing that they had no option but to accept the much lower amounts offered by A.C. to settle the much higher amounts ordered to be paid for back wages in the arbitration award, since they were told that otherwise the then pending appeal would be lost and A.C. would close operations. Plaintiffs presented in evidence in this case their answers to interrogatories dated December 1999 to January 2000, in which they individually state in answers #2, 3, 4, 10, 11 factual details on the verbal threats, misleading statements, intimidation and coercion to which they were subjected and

finally forced into signing the agreements. Those answers go <u>beyond</u> the answers of Reynaldo Febo, Eliseo Rivera and Irisdelia Ramos <u>partially</u> quoted by A.C. at pages 6 – 8 of A.C.'s oppositions, which answers constitute valid and admissible evidence under Rule 56 F.R.C.P. to show the existence of a genuine controversy of facts in the case. A.C., on the contrary, has not produced any admissible evidence to counter-attack the verified statements made by plaintiffs in their answers to interrogatories. Thus, the argument made by A.C. in its opposition to the effect that plaintiffs "failed to present any evidence to sustain their purported allegations" (p. 4, opposition) is <u>false.</u>

In footnote #3, p. 8, of A.C.'s opposition, defendant attempts to mislead this Honorable Court by suggesting that the answers to interrogatories given by plaintiffs and attached to their opposition to summary judgment of February 17, 2000 are not authentic for not having been signed under oath as required by Rule 33 (b) F.R.C.P., and that therefore they should not be considered by the court. However; See 28 U.S.C. 1746 and Rule 43 (d) F.R.C.P. which permit that whenever an oath is required a solemn affirmation may be given in lieu thereof.

The fact that plaintiffs withdrew their claim on collusion between the U.I.T.A. and A.C., as an unfair labor practice claim, should not be interpreted as A.C. argues, as a withdrawal or waiver of plaintiffs claims to collect the amounts awarded and

- 5 -

for reinstatement as ordered in the award, nor as an admission that they were not deceived, coerced, intimidated or subjected to misrepresentation by A.C. and U.I.T.A., upon signing the agreements in error –believing that they had no other option– thus without an informed and free consent.  One thing is the dismissal of the collusion claim against U.I.T.A. for breach of its duty of fair representation under 29 U.S. 185, and quite another is plaintiffs' claim that they did not freely and voluntarily consented to the agreements.  Free consent can only be accomplished if it is given duly informed and free of misrepresentations and deceit, thus free of error, which did not occur in plaintiffs' case.  See plaintiffs' answers #2, 3,4,10 and 11 of the interrogatories attached to their opposition for summary judgment.

In fact, A.C. conceded that plaintiffs have <u>two</u> claims against it, and at page 5 of its opposition to objections it quotes page 4 of plaintiffs' opposition to summary judgment, whereat plaintiffs argued that the agreements were null and void for lack of the signature of the Secretary of Labor.

V <u>THE AGREEMENTS NEVER BECAME EFFECTIVE NOR LEGALLY ENFORCEABLE</u>

In its opposition, A.C. insists in distinguishing claims for wages earned for time actually worked by employees at their employer's site of operations, the settlement of which requires the approval and signature of the Secretary of Labor, from claims

on wages also earned during a period of time in which the employees were supposed to be working at the employer's site of operations, but were prevented from doing so because of employer's decision to illegally discharge them, which time they devoted at home waiting to be reinstalled, which claim A.C. argues that allegedly could have been settled at will. Said distinction is not made in the text of Art. 13 of Law 379 of May 15, 1948, as amended (29 LPRA 282) nor in the applicable regulation No. 3060 dated December 5, 1983. Nowhere there is the slightest basis for that distinction. In fact, the legislative intent behind the legal requirement of the approval and signature of the Secretary of Labor in all settlement stipulations on claims for salaries is to assure that the proper advise is given by the claiming workers so they may give an informed consent, and to avoid the possibility of deceit, misrepresentations, coercion, error and/or mistake. Whether the salaries claimed are owed for time worked at the employer's premises or for waiting time at the employees' households after the illegal lay-off, is immaterial in the case on the issue herein considered, in view of the evident legislative preventive-remedial public policy behind Art. 13 of Law 379 (supra).

In P.R. Glass Corp. v. Tribunal Superior, 103 D.P.R. 223, 231 (1975), the Supreme Court of Puerto Rico stated, considering Art. 13 of Law 379 (supra): "A stipulation does not imply, however, and necessarily, the existence of a settlement." (Our

translation.) In Am. Col. Broad Corp. v. Tribunal Superior, 94 D.P.R. 283, 288 (1967), the Supreme Court stated as follows commenting on Art. 13 of Law 379 (supra):

> "**I results clear from the referred disposition of the law, that any agreement, clause, settlement or stipulation in relation with a claim of salaries for regular or extra hours or for an equal sum in concept of additional compensation or in damages is null and ineffective."**
>
> '**Except in two cases, and in these, the settlement is valid and effective necessarily when faithful fulfillment is given to the requirements which rule and govern them.**
>
> '**Having been established in Law No. 379, a public policy with respect to the settlement of claims of salaries in the form previously indicated –Lebrón v.P.R. Ry. Lt. & P. Co., 78 D.P.R. 683, 693 (1955), we conclude that in accordance with what is stated in Arts. 12 and 13 of Law No. 379, all settlements of judicial claims of salaries done without the intervention of the Secretary of State are null and void even in the cases in which it is approved and judgment is entered based on it by the court presiding the case. Therefore, such judgment cannot constitute "res judicata" and is subject to collateral attack and does not prevent the prosecution of a second claim as done in this case."** (Our translation.) (Emphasis supplied.)

From the above opinion of the Supreme Court of Puerto Rico it is clear that the intervention and written approval of the Secretary of Labor is required in any settlement of any claim for regular or overtime salaries owed by an employer to his employees. Therefore, the agreements which in the magistrate's report were considered "operational and functional" in themselves, never acquired validity nor any legal effect for want of said approval by the Secretary of Labor. The terms "Back pay claims of salaries" is just part of the more general and broad term of "Claims of Salaries" as used in Art. 13 of Law 379 (supra), and

"hours of <u>work</u>" as made part of the text of said legal disposition is <u>not</u> synonymous of "hours <u>worked</u>", for which reason on the issue under consideration hours of work devoted at the employer's place of operation are no different from waiting hours of work at home pending reinstallation after an illegal lay-off.

VI   <u>CONCLUSION</u>

The objected report of the U.S. Magistrate Judge contains numerous errors both with respect to applicable law and the facts in controversy and those not in controversy, for which reason this Honorable Court should reject it and adjudicate "de novo" the issues presented by the parties to the court, denying A.C.'s motion for summary judgment and granting "Group Y" plaintiffs' motion for counter summary judgment, since under the law the agreements are null and void and not valid and ineffective, and may not be invoked by A.C. to prevent collection by plaintiffs of the back-pay award and their reinstatements.  Of course, if plaintiffs should be debited for the amounts prematurely paid to them by A.C. that be treated at the proper time and forum if a claim to those effects is ever made by A.C.

Respectfully submitted.

In San Juan, Puerto Rico, this 27th day of April, 2005.

I HEREBY CERTIFY that on this same date a true and exact copy of the foregoing documents has been electronically filed with the Clerk of the Court using the CM/EFC system,

which will send notification of such filing to the following attorneys: Fernando A. Baerga, José Carreras and Alberto R. Estrella Arteaga.

                                              S/LUIS R. MELLADO GONZALEZ
USDC-PR 116714
239 ARTERIAL HOSTOS SUITE 404
SAN JUAN, PUERTO RICO 00918-1475
TELEPHONE (787) 767-2543
FAX (787) 767-2575
EMAIL: lmellado@coqui.net