IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Eliseo Rivera Cortés, Gloria Pillot, et al, *Plaintiffs* v. Airport Catering Services, Corp., Union Independiente de Trabajadores de Aeropuertos *Defendants* | Civil No. 98-2092(GG) CIVIL ACTION |

## SUR-REPLY TO CO-PLAINTIFFS' REPLY TO "MOTION IN OPPOSITION TO GROUP "Y" COPLAINTIFFS' OBJECTIONS"

TO THE HONORABLE COURT:

Comes now Co-Defendant, Airport Catering Services Corp., hereinafter referred to as ACS, represented by its undersigned attorneys and very respectfully states and prays as follows:

1. A review of Co-Plaintiffs' *Reply to "Motion in Opposition to Group 'Y' Coplaintiffs' Objections* (hereinafter referred to as the "Reply"), clearly demonstrates that it is a restatements of the arguments that the Honorable Magistrate Judge considered before the issuance of the Report and Recommendation here in controversy.

2. Although these arguments do not require a reply from the herewith appearing party, Co-Plaintiffs' have made some misleading representations of fact and law that require this Court's attention.

3. In particular, Co-Plaintiffs' assert in their Reply on various occasions that the term "hour worked", for the purposes of the Working Hours and Days Act of Puerto Rico, Act No. 379 of May 15th 1948, as amended, "is <u>not</u> synonymous to 'hours <u>worked</u>', for which reason

on the issue under consideration hours worked devoted at the employer's place of operation are no different from **waiting hours** of work at home pending reinstallation an illegal lay-off." (See, Reply at pages 8-9).

4. Plaintiffs now wish to mislead this Court by implying that backpay is equal to the term "waiting time", a term usually used by claimants requesting wages for time in which their personal out-of work activities are severely limited by an employer due to a potential activation. This is an outrageous an unfounded legal assertion from the part of Co-Plaintiffs, which lacks any merit whatsoever. Plaintiffs in this case were laid-off, and were not "on-call" or on "stand-by" during this layoffs. There is no federal or local law or jurisprudence that establishes Co-Plaintiffs' assertions. Moreover, the fact that Co-Plaintiffs fail to include any legal and/or expert treatise to support this new legal theory is evidence of its lack of value.

5. In addition, Co-Plaintiffs' arguments are raised out of time since this is the **first time** that Co-Plaintiffs have alleged the above. Although, Rule 72(b) gives district courts the discretion to consider "further evidence," **district courts will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance**. See, United States v. Pena, 51 F.Supp.2d 364, 367 (W.D.N.Y. 1998); Robinson v. Keane, 1999 WL 459811, at *4 (S.D.N.Y. June 29, 1999) ("An objecting party may not raise new arguments that were not made before the Magistrate Judge."); see also Abu-Nasar v. Elders Futures, Inc., 1994 WL 445638, at *4 n.2 (S.D.N.Y. Aug.17, 1994) (refusing to entertain new arguments not raised before the magistrate judge and holding that to do otherwise "would unduly undermine the authority of the Magistrate Judge by allowing litigants the option of waiting until a Report is issued to advance additional arguments"); see also, Paterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electrict Co., Inc., 840 F.2d 985, 991 (1st Cir.1998); see also, Keating v. Secretary of H.H.S., 848 F.2d

271, 275 (1st Cir. 1998) ("[a]ppellant was entitled to a *de novo* review by the District Court of the recommendations to which he objected, ..., **however he was not entitled to a *de novo* review of an argument never raised**")..

    6.    It is evident that Co-Plaintiffs' intentions are to mislead this Honorable Court with unfounded and time barred arguments in order to avoid the approval and adoption of the Report and Recommendation by this Honorable Court.

WHEREFORE, it is respectfully requested from this Honorable Court to deny Co-Plaintiffs' Objections and adopt Magistrate Judge Velez's report and recommendation.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 10th day of May, 2005.

I HEREBY CERTIFY that on May 10, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Luis R. Mellado-González, Esq.; José Carreras, Esq.; and Nereida Feliciano Ramos, Esq.

    s/ <u>Fernando A. Baerga-Ibáñez</u>
    Fernando A. Baerga-Ibáñez
    USDC PR No. 213311
    s/ <u>Alberto R. Estrella Arteaga</u>
    Alberto R. Estrella Arteaga
    USDC PR No. 217606
    Curbelo, Baerga & Quintana Law Office
    Union Plaza Bldg. Suite 810
    Ponce de León Avenue 416
    San Juan, PR 00918-3426
    Tel. (787) 753-7455
    Fax. (787) 756-5796
    curbelobaerga@microjuris.com