**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

ELISEO RIVERA CORTES, <u>et</u> <u>al.</u>,
      **Plaintiff(s)**

            **v.**                              **CIVIL NO.** 98-2092(JAG)

AIRPORT CATERING SERVICES CORP.,
<u>et</u> <u>al.</u>,
      **Defendant(s)**

**OPINION AND ORDER**

GARCIA-GREGORY, D.J.

     The present case has its genesis in a complaint filed by the
Puerto Rico Labor Relations Board on behalf of the plaintiffs.  The
defendants removed the case to this Court on September 30th, 1998,
(Docket No. 1) arguing the case involves a cause of action under
Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C.
§ 185 ("LMRA").[1]

     Pending before the Court is a Motion for Summary Judgment,
filed by defendant Airport Catering Services ("ACS") on January

_____

     [1] This case was originally assigned to the docket of the
Honorable Gilberto Gierbolini, Senior District Judge.  Upon Judge
Gierbolini's retirement, the case was reassigned to the undersigned
Judge's docket on April 15th, 2004.

Civil No.  98-2092 (JAG)                                               2

28th, 2000.[2]  (Docket No. 35).  For the reasons set forth below, the

Court **GRANTS** the Motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

As mandated by First Circuit standards, the Court states the

facts in the light most favorable to the party opposing summary

judgment.  <u>Acosta-Orozco v. Rodriguez de Rivera</u>, 132 F.3d 97, 98

(1997).

On or about January 1992, ACS laid off plaintiffs while they

were <u>bona</u> <u>fide</u> members of the UITA, and while they were under the

provisions of a collective bargaining agreement in effect between

ACS and UITA.  On January 22, 1992, the UITA filed a Complaint

before the Bureau of Conciliation and Arbitration of the Puerto Rico

Department of Labor, requesting that entity to overturn ACS's

employment decision, and order the reinstatement of plaintiffs with

back pay.  On June 16, 1994, an arbitrator of the Bureau of

Conciliation and Arbitration issued an award concluding that ACS

violated the collective bargaining agreement, and ordering the

reinstatement of all plaintiffs with back pay.  The arbitral award

was upheld by the United States District Court for the District of

Puerto Rico.

---

[2] Then co-defendant Union Independiente de Trabajadores de
Aeropuerto ("UITA") also filed a Motion for Summary Judgment on
January 28th, 2000. (Docket No. 37).  However, the plaintiffs
voluntarily dismissed their claims against the UITA on March 9th,
2000, (Docket No. 49) and the Court entered Judgment dismissing the
complaint, with prejudice, as to that party on March 15th, 2000.
(Docket No. 50).

Civil No.  98-2092 (JAG)                                          3

Between June and October of 1995, while the case was pending before the Court of Appeals for the First Circuit, the parties reached an economic agreement, and ACS obtained written releases from numerous complainants ("Y plaintiffs"). It is uncontested that ACS paid Y plaintiffs the corresponding amounts in accordance with the Settlement Agreements. (Docket No. 18 at 9, ¶ 5.). On May 7th, 1997, the First Circuit confirmed the District Court's ruling sustaining the arbitral award.    On August 26, 1997, plaintiff Eliseo Rivera-Cortés, on behalf of himself and other plaintiffs, filed a charge against ACS and UITA before both the National Labor Relations Board ("NLRB") and the Puerto Rico Labor Relations Board ("PRLRB").[3]   (Docket No. 1). Both complaints essentially allege: 1) a scheme of deceit and conspiracy as to the release agreements obtained from the Y plaintiffs; and 2) a failure to honor the arbitral award, lack of reinstatement and back pay as to those complainants who did not sign the releases ("N plaintiffs" ).

On December 19, 1997, the NLRB dismissed the charge, and the PRLRB did the same on February 6, 1998.  On April 27, 1998, all plaintiffs moved for reconsideration, which prompted the PRLRB to reopen the case.   On September 11, 1998, the PRLRB issued a complaint on behalf of the plaintiffs against UITA and ACS. On September 30th, 1998, ACS removed the case to this Court, pursuant

---

[3] On September 23, 1997, the PRLRB charge was amended to include other plaintiffs. (Docket No. 1, PRLRB Charge-Amendment).

Civil No.  98-2092 (JAG)                                              4

to 28 U.S.C. § 1446, arguing that plaintiffs' complaint involves a
cause of action under Section 301(a) of the LMRA.

Plaintiffs herein are thus former ACS employees, which include
in group "Y" those who allege being misled by the defendants into
signing a release relinquishing the remedies afforded to them by the
arbitral award; and in group "N", those who did not sign the release
but still claim that ACS has not afforded them the remedies embodied
in the arbitral award, namely, reinstatement and back pay.

ACS moved for summary judgment arguing that the complaint is
time-barred because it was filed after the expiration of the six-
month statute of limitations set for actions under Section 301.  ACS
further argues that, contrary to plaintiffs' contention, the
Secretary of Labor's approval was not a necessary condition for the
validity of the Y plaintiffs' release.  Finally, ACS argues that all
plaintiffs lack evidence in support of their claim.

On November 3rd, 2004, the Court referred ACS' Motion to
Magistrate-Judge Camille Vélez-Rivé for a Report and Recommendation.
(Docket No. 99).  On February 24th, 2005, the Magistrate-Judge
issued her Report and Recommendation to grant in part and deny in
part ACS's Motion for Summary Judgment.  (Docket No. 111).
Specifically, the Magistrate-Judge recommends the Court to grant
summary judgment as to Y plaintiffs' claims, because "the release
agreements remain fully operational and functional even though they
lack the signature of the Secretary of Labor."  She does not address

Civil No. 98-2092 (JAG)                                           5

the statute of limitations issue as to this group of plaintiffs.
However, the Magistrate-Judge concludes that N plaintiffs' claim is
not time-barred because "the exact date when these plaintiffs could
have acquired actual or constructive knowledge of the unfair labor
practice cannot be determined."

     After reviewing the Magistrate-Judge's findings, as well as the
parties' objections, the Court hereby **REJECTS** the Magistrate-Judge's
Report and Recommendation, and **GRANTS** defendant's Motion for Summary
Judgment on statute of limitations grounds.

<h2 align="center">STANDARD OF REVIEW</h2>

     1. <u>Review of Magistrate-Judge's Report and Recommendation</u>

     A District Court may, on its own motion, refer a pending motion
to a U.S. Magistrate-Judge for a Report and Recommendation. <u>See</u> 28
U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b); Local Rule 72(a).
Pursuant to Fed.R.Civ.P. 72(b) and Local Rule 72(d), the adversely
affected party may contest the Magistrate-Judge's Report and
Recommendation by filing written objections "[w]ithin ten days of
being served" with a copy of the order. <u>See</u> 28 U.S.C. § 636(b)(1).
If a party files timely objections to the Magistrate-Judge's Report
and Recommendation, the Court shall make a <u>de</u> <u>novo</u> determination of
those portions of the report or specified proposed findings or
recommendations to which specific objection is made. <u>See</u> <u>United</u>
<u>States v. Raddatz</u>, 447 U.S. 667, 673 (1980); <u>Lopez v. Chater</u>, 8
F.Supp.2d 152, 154 (D.P.R. 1998). The Court can "accept, reject, or

Civil No.  98-2092 (JAG)                                        6

modify, in whole or in part, the findings or recommendations made by

the Magistrate." <u>Alamo Rodríguez v. Pfizer Pharmaceuticals, Inc.</u>,

286 F. Supp2d 144, 146 (D.P.R. 2003) (quoting, <u>Templeman v. Chris</u>

<u>Craft Corp.</u>, 770 F.2d 245, 247 (1st Cir. 1985). However if the

affected party fails to timely file objections, "the district court

can   assume   that   they   have   agreed   to   the   Magistrate's

recommendation." <u>Id.</u>

    2. <u>Summary Judgment Standard</u>

    The court's discretion to grant summary judgment is governed by

Rule 56 of the Federal Rules of Civil Procedure.  Rule 56 states, in

pertinent part, that the court may grant summary judgment only if

"the pleadings,  depositions,  answers  to  interrogatories,  and

admissions on file, together with the affidavits, if any, show that

there is no genuine issue as to any material fact and that the

moving party is entitled to judgment as a matter of law."

Fed.R.Civ.P. 56(c); <u>See also</u> <u>Santiago-Ramos v. Centennial P.R.</u>

<u>Wireless Corp.</u>, 217 F.3d 46, 52. (1st Cir. 2000).

    Summary judgment is appropriate if "there is no genuine issue

as to any material fact and ... the moving party is entitled to a

judgment as a matter of law." <u>See</u> Fed.R.Civ.P. 56(c).  The party

moving for summary judgment bears the burden of showing the absence

of a genuine issue of material fact. <u>See</u> <u>Celotex Corp. v. Catrett</u>,

477 U.S. 317, 323 (1986).

Civil No.  98-2092 (JAG)                                        7

     Once a properly supported motion has been presented before the
court, the opposing party has the burden of demonstrating that a
trial-worthy issue exists that would warrant the court's denial of
the motion for summary judgment.  For issues where the opposing
party bears the ultimate burden of proof, that party cannot merely
rely on the absence of competent evidence, but must affirmatively
point to specific facts that demonstrate the existence of an
authentic dispute.  See Suarez v. Pueblo Int'l, Inc., 229 F.3d 49
(1st Cir. 2000).

     In order for a factual controversy to prevent summary judgment,
the contested facts must be "material" and the dispute must be
"genuine".  "Material" means that a contested fact has the potential
to change the outcome of the suit under governing law.  The issue is
"genuine" when a reasonable jury could return a verdict for the
nonmoving party based on the evidence.  See Anderson v. Liberty
Lobby, Inc., 477 U.S. 242, 248 (1986).  It is well settled that
"[t]he mere existence of a scintilla of evidence" is insufficient to
defeat a properly supported motion for summary judgment." Id. at
252.  It is therefore necessary that "a party opposing summary
judgment must present definite, competent evidence to rebut the
motion."  Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 581
(1st Cir. 1994).

     In making this assessment, the court "must view the entire
record in the light most hospitable to the party opposing summary

Civil No.  98-2092 (JAG)                                          8

judgment, indulging in all reasonable inferences in that party's favor." <u>Griggs-Ryan v. Smith</u>, 904 F.2d 112, 115 (1st Cir. 1990). The court may safely ignore "conclusory allegations, improbable inferences, and unsupported speculation." <u>Medina-Muñoz v. R.J. Reynolds Tobacco Co.</u>, 896 F.2d 5, 8 (1st Cir. 1990).

## DISCUSSION

ACS argues that it is not imperative for the Court to enter into the merits of the case because the main issue to consider is the timeliness of the filing of the complaint.  In essence, ACS argues that the statute of limitations for the present action had elapsed by the time the plaintiffs' complaint was removed to this Court, and that the filing of charges before both the NLRB and the PRLRB did not toll the six-month limitations period.

The plaintiffs do not counter ACS' proposition. They only claim that the statute of limitations argument "would be dispositive of the case at bar if the only allegation was related to the breach of the duty of fair representation." (Docket No. 44 at 4).  Plaintiffs contend that aside from the Section 301 claims, they also allege that the settlement agreement between ACS, UITA and the Y plaintiffs "is null and void because it was conditioned to the approval of the Secretary of Labor, approval which is absent." <u>Id.</u>  Nevertheless, plaintiffs concede that "the instant case presents some issues that standing alone are not within the sphere of section 301 nor require

Civil No.  98-2092 (JAG)                                          9

any federal statute for its interpretation," and that "should this
Court find some merit in defendants contention that the complaint is
time-barred, the issue regarding the settlement contract should be
remanded to the state courts to determine the validity of said
contract." Id., at 9.[4]

     In sum, plaintiffs do not object to ACS' statute of limitations
defense as to the Section 301 claims and, furthermore, suggest the
Court to remand the case to state court for disposition of the
ancillary contractual issues. Notwithstanding, the Magistrate-Judge
did not consider the complaint as time-barred for any group of
plaintiffs, and would only dismiss the claim as to the Y plaintiffs
on state law nullity of contract grounds.  The Court disagrees.

     Arriaga-Zayas v. International Ladies' Garment Workers' Union-
Puerto Rico Council, 835 F.2d 11, (1st Cir. 1987) controls the case
at bar.  In Arriaga-Zayas, the First Circuit established, citing
DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151,
169-172 (1983), that an "adscititious six month statute of
limitations, derived from § 10(b) of the LMRA, applies to hybrid §
301/fair representation actions," and that such limitations period
starts to accrue when the plaintiff knows, or reasonably should
know, of the acts constituting the union and/or the employer's

_____

     [4] This case was removed to this Court from the PRLRB.  Hence,
there is no state court to which any state law claim related to the
settlement contract could be remanded to.  The Court, nonetheless,
has opted not to exercise supplemental jurisdiction over this claim
under 28 U.S.C. § 1367©)(3).  See infra, at 13.

Civil No.  98-2092 (JAG)                                        10

alleged wrongdoing.  Id., at 13. The First Circuit further stated
that the Supreme Court has made it "crystal clear" that an employee
whose interests have been slighted by his union or employer can
simultaneously tread both administrative and judicial paths.  Id.;
Volkswagen v. Puerto Rico Labor Relations Board, 454 F.2d 58 (1st
Cir. 1972).  However, the appellate Court ruled that the filing of
an unfair labor practice charge with either the NLRB or the PRLRB
does not toll the statute of limitations on a hybrid § 301/fair
representation action arising out of the same nucleus of operative
fact, as those agencies' jurisdiction is concurrent with that of the
district court.  Id., at 14; Estades v. Unión Gastronómica, 593
F.Supp. 778, 782-783 (D.P.R. 1984).

     Therefore, the fundamental question for the Court in this case
is: When did the plaintiffs know or should have known of ACS's
breach of the collective bargaining agreement, and of UITA's breach
of its duty of fair representation?  Various dates are relevant in
determining this:

          1) June to October, 1995- During this period the Y
          plaintiffs signed the releases. (Docket No. 1, Complaint
          ¶ 9; Docket No. 8 at 3; Docket No. 37 at 14). The Y
          plaintiffs allege that both the ACS and the UITA acted in
          conjunction to coerce and deceive the plaintiffs into
          signing the releases.  If they felt coerced and
          intimidated, then Plaintiffs arguably should have known

Civil No.  98-2092 (JAG)                                         11

from that moment that the UITA had breached its duty of
fair representation, and that ACS had breached the
collective bargaining agreement.

2) May 7th, 1997- On this date the First Circuit affirmed
the arbitration award.  All plaintiffs arguably should
have known at this juncture that they were misled by the
UITA into relinquishing their full benefits, since the
First Circuit validated their entitlement to reinstatement
and back pay.

3) August 26th, 1997- On this date, Eliseo Rivera-Cortés,
on behalf of himself and the other plaintiffs, filed
charges before the NLRB and the PRLRB for the same conduct
challenged in the present case.

4) September 30th, 1998- the present action was removed to
this Court.

Construing the facts in the light most favorable to the
plaintiffs, the Court rules that plaintiffs' cause of action accrued
on or before the day they filed charges before the NLRB and the
PRLRB: August 26, 1997. Since the allegations brought before those
administrative entities challenged the same conduct at issue here,
plaintiffs were aware of their Section 301 causes of action at least
on that date.[5]  However, after their initial recourse to the NLRB

_____

    [5] Arriaga-Zayas, 835 F.2d at 13, recognized the date of filing
before the NLRB as the date of accrual for a Section 301(a) case.
See also Simmons v. Howard University, 157 F.3d 914, 916-17 (D.C.

Civil No.  98-2092 (JAG)                                          12

and the PRLRB, plaintiffs did nothing to safeguard their Section 301

cause of action, and chose to rely exclusively on those agencies'

remedies.   The Court notes that on December 19th, 1997, the NLRB

found no merit in plaintiffs' allegations and dismissed the charges,

and that on February 6th, 1998, the PRLRB did the same.  (Docket No.

37, Exhibit B; Docket No. 1, Complaint ¶ 15). Nonetheless, instead

of promptly filing in federal court, the plaintiffs chose to present

a motion for reconsideration before the PRLRB approximately two

months later.   The PRLRB did reconsider, but did not issue a

Complaint until September 11th, 1998.   On September 30, 1998, the

case was removed to the United States District Court for the

District of Puerto Rico.

       Inasmuch as the proceedings before the NLRB and the PRLRB did

not toll the six-month limitations period, Arriaga-Zayas, 835 F.2d

at 14, this case should have been brought before the Court six

months after August 26th, 1997; that is, by February 26th, 1998.[6]

Therefore, the present case is time-barred and brevis disposition is

appropriate.

**CONCLUSION**

       In light of the foregoing, the Court **GRANTS** ACS' Motion for

Summary Judgment, and **DISMISSES** all claims brought under the purview

_____

Cir. 1998); Washington v. Service Employees International Union,
Local 50, 130 F.3d 825, 826 (8th Cir. 1997).

       [6] The case being a removal is of no consequence for this
determination. See Estades, 593 F.Supp. at 780.

Civil No.  98-2092 (JAG)                                      13

of Section 301(a) of the Labor Management Relations Act, 29 U.S.C §

185(a), without prejudice to any state law claim that plaintiffs may

wish to assert in a state court or administrative forum of competent

jurisdiction.  See 28 U.S.C. § 1367(c)(3)(the district courts may

decline to exercise supplemental jurisdiction over a claim under

subsection(a) if...(3) the District Court has dismissed all claims

over which it has original jurisdiction).  Judgment shall enter

accordingly.

        IT IS SO ORDERED.

        In San Juan, Puerto Rico, this 29th day of August, 2005.

                                **S/Jay A. García-Gregory**
                                JAY A. GARCIA-GREGORY
                                United States District Judge